


**U.S. Department of Justice**
*Dwight C. Holton*
*United States Attorney*
*District of Oregon*
*1000 SW Third Avenue, Ste. 600*  (503) 727-1000
*Portland, OR 97204-2902*  Fax: (503) 727-1117

December 14, 2010

David Angeli
Angeli Law Group
121 SW Morrison St., Suite 400
Portland, OR 97204

Re:  *United States v. Mehrdad Yasrebi*   CR 05-413-01-KI
     Plea Agreement Letter

Dear Counsel:

1. **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2. **Charges and elements**: Defendant agrees to waive indictment and plead guilty to an Information to be filed charging defendant with Conspiracy to Defraud the United States in violation of Title 18, United States Code, Section 371. The parties agree that the elements of the offense as alleged are that defendant (1) entered into an agreement (2) to obstruct lawful functions of the Internal Revenue Service and Office of Foreign Assets Control of the Treasury Department (3) by deceitful or dishonest means and (4) that he or a co-conspirator committed at least one overt act in furtherance of the conspiracy.

3. **Penalties**: The maximum sentence is 5 years imprisonment, a fine of $250,000, 3 years of supervised release, and a $100 fee assessment. Defendant agrees to pay the $100 fee assessment by the time of entry of guilty plea or explain to the Court why this cannot be done.

4. **Dismissal/No Prosecution**: The USAO will move at the time of sentencing to dismiss any remaining counts against defendant. The USAO further agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

5. **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Revised 02/03/10

David Angeli
Re: Yasrebi Plea Letter
Page 2

6. **Acceptance of Responsibility**: Defendant must demonstrate to the Court that he fully admits and accepts responsibility under USSG § 3E1.1 for his unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than 16). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

7. **Sentencing Recommendations**: The USAO will recommend that the Court impose a sentence between 24 and 30 months imprisonment based upon the factors set forth in 18 U.S.C. § 3553(a). The government reserves the right to ask for a fine. Defendant may request any sentence that he believes is warranted by the evidence in the case. The parties agree that their respective sentencing memoranda will be filed at least 3 weeks in advance of sentencing, and will describe, *inter alia*, (1) a summary of any evidence the parties intend to introduce or rely upon at the sentencing hearing (outside of that set forth in the presentence report); and (2) any witnesses, including expert witnesses, the parties intend to call or rely upon at the sentencing hearing.

8. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2).

9. **Potential immigration consequences:** Defendant understands that, if he is not a citizen of the United States, his guilty plea to the charged offense may result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Defendant understands that the immigration consequences of this plea would be imposed in a separate proceeding before immigration authorities. The defendant wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea may cause his removal from the United States. The defendant understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral

David Angeli
Re: Yasrebi Plea Letter
Page 3

attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

10.    **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

11.    **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

12.    **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

13.    **Memorialization of Agreement**: No promises, agreements or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

Sincerely,

DWIGHT C. HOLTON
United States Attorney

*[signature]*

DAVID L. ATKINSON
CHARLES F. GORDER, JR.
Assistant United States Attorneys

David Angeli
Re: Yasrebi Plea Letter
Page 4

    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

<u>12/15/10</u>           <u>/s/ Mehrdad Yasrebi</u>
Date                 Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

<u>12/15/10</u>           <u>/s/ David Angeli</u>
Date                 Attorney for Defendant

Revised 02/03/10