UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 05-CR-00413-KI |
| v. | PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION |
| MEHRDAD YASREBI, et al., | |
| Defendants. | |

This matter comes before the Court upon the Government's Stipulated Motion for Protective Order to prevent the unauthorized use, disclosure or dissemination of classified national security information and documents that will be reviewed by or made available to, or are otherwise in the possession of, defense counsel in this case.

Pursuant to the authority granted under section 3 of the Classified Information Procedures Act, 18 U.S.C. App. 3 (2006) ("CIPA"); the Security Procedures established pursuant to Pub. L. 96-456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information (reprinted following CIPA § 9) (hereinafter the "Security Procedures"); Federal Rules of Criminal Procedure 16(d) and 57; the general supervisory authority of the Court; and, in order to protect the national security,

IT IS HEREBY ORDERED:

1. The Court finds that this case will involve classified national security information, the storage, handling, and control of which, by law or regulation, requires special security precautions, and access to which requires the appropriate security clearance and a need-to-know.

2. The purpose of this Protective Order ("Order") is to establish the procedures that

Page 1 -   **PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION**
           *United States v. Mehrdad Yasrebi, et al.,* 05-CR-00413-KI

must be followed by all defense counsel of record, their designated employees, all other counsel involved in this case, translators for the defense, and all other individuals who receive access to classified information or documents in connection with this case.

3. The procedures set forth in this Order, CIPA and the Foreign Intelligence Surveillance Act of 1978, as amended, 50 U.S.C. §§ 1801, *et seq.* ("FISA"), shall apply to all pre-trial, trial, post-trial, and appellate aspects of this case; and may be modified from time to time by further order of the Court acting under Federal Rules of Criminal Procedure 16(d), sections 3 and 9 of CIPA, FISA, and this Court's inherent supervisory authority to ensure a fair and expeditious trial.

Definitions

4. As used herein, the terms "classified national security information and documents," "classified information," "classified documents," and "classified material" refer to:

    A. Any classified document or information that has been classified by any Executive Branch agency in the interest of national security or pursuant to Executive Order 13526, or its predecessor or amended orders, as "CONFIDENTIAL," "SECRET," or "TOP SECRET," or additionally controlled as "SENSITIVE COMPARTMENTED INFORMATION" ("SCI"), or any information contained in such documents;

    B. Any document or information, regardless of its physical form or characteristics, now or formerly in the possession of a private party, that has been derived from a United States Government classified document, information, or material, regardless of whether such document, information, or material has itself subsequently been classified by the Government pursuant to Executive Order 13526, or its predecessor or amended orders, as "CONFIDENTIAL," "SECRET," "TOP SECRET," or additionally controlled as "SCI";

Page 2 -   **PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION**
                *United States v. Mehrdad Yasrebi, et al.,* 05-CR-00413-KI

      C.      Verbal classified information known to the defense counsel;

      D.      Any document or information, including verbal information, which the defense counsel have been notified orally or in writing contains classified information;

      E.      Any information, regardless of place or origin and including "foreign government information" as that term is defined by Executive Order 13526 that could reasonably be believed to contain classified information; and,

      F.      Any information that defense counsel receives as discovery in this case including, but not limited to, any information obtained from an agency that is a member of the United States "Intelligence Community" (as defined in Section 3(4) of the National Security Act of 1947, codified at 50 U.S.C. § 401a(4)), with the exception of items seized or obtained by the Federal Bureau of Investigation during the execution of a search warrant duly authorized under Rule 41 of the Federal Rules of Criminal Procedure, by grand jury subpoena, or by interviews of witnesses as reflected in FBI "302"s shall be presumed to fall within the meaning of classified information, unless and until the Classified Information Security Officer or an authorized attorney for the Government advises otherwise in writing.

     5.    The words "documents," "information," and "material" shall include but are not limited to all written or printed matter of any kind, formal or informal, including originals, conforming copies and non-conforming copies (whether different from the original by reason of notation made on such copies or otherwise), and further include but are not limited to:

      A.      Papers, correspondence, memoranda, notes, letters, reports, summaries, photographs, maps, charts and graphs, interoffice and intra-office communications, notations of any sort concerning conversations, meetings or other communications, bulletins, teletypes,

telegrams and telefacsimiles, invoices, worksheets and drafts, alterations, modifications, changes, and amendments of any kind to the foregoing;

        B.     Graphic or oral records or representations of any kind, including but not limited to photographs, charts, graphs, microfiche, microfilm, videotapes, sound recordings of any kind, and motion pictures;

        C.     Electronic, mechanical or electric records of any kind, including but not limited to tapes, cassettes, disks, recordings, films, typewriter ribbons, word processing or other computer tapes or disks, and all manner of electronic data processing storage; and

        D.     Information acquired verbally.

6.    "Access to classified information" means having access to, reviewing, reading, learning or otherwise coming to know in any manner any classified information.

7.    "Secure Area" shall mean a physical facility approved by the Classified Information Security Officer for the storage, handling, processing and control of classified information.

8.    All classified documents or material and the information contained therein shall remain classified unless the documents or material bear a clear indication that they have been declassified by the agency or department from which the classified documents, material or information contained therein originated (hereinafter the "Originating Agency").

9.    <u>Classified Information Security Officer</u>.  In accordance with the provisions of CIPA and the Security Procedures, the Court designates Winfield S. "Scooter" Slade , Security Specialist, as the Classified Information Security Officer, and Security Specialists Jennifer H. Campbell, Miguel A. Ferrer, Branden M. Forsgren, Christine E. Gunning, Daniel O. Hartenstine, Joan B. Kennedy, Michael P. Macisso, Maura L. Peterson, Carli V. Rodriguez-Feo, and Harry J.

Page 4 -    **PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION**
                   *United States v. Mehrdad Yasrebi, et al.,* 05-CR-00413-KI

Rucker as alternate classified information security officers for the purpose of providing security arrangements necessary to protect from unauthorized disclosure any classified information to be made available in connection with this case. Defense counsel shall seek guidance from the Classified Information Security Officer with regard to appropriate storage, handling, transmittal, and use of all classified information.

10. <u>Government Attorneys</u>. The Court has been advised that the Government attorneys working on this case (Assistant United States Attorney Charles F. Gorder, Jr, and David L. Atkinson), other appropriately cleared Government attorneys assigned to the above-captioned case, and their respective supervisors (collectively referred to hereinafter as the "Government Attorneys"), have the requisite security clearances to have access to the classified information that relates to this case.

11. <u>Protection of Classified Information</u>. The Court finds that, in order to protect the classified information involved in this case, only the Government Attorneys, appropriately cleared Department of Justice employees, personnel of the Originating Agency, and appropriately cleared defense counsel, cleared employees of defense counsel, or cleared translators employed by defense counsel, shall have access to the classified information in this case. The defendants, defense witnesses and any other person not authorized pursuant to this Order shall not have access to, or otherwise inspect or review, classified documents or information in this case.

    A. No defense counsel, employee of defense counsel or defense translator shall have access to any classified information in this case unless that person has first:

        1. Received permission of the Court, either through this Order (for those named in paragraph 12 below) or by a separate Court order upon showing of a need-to-know;

Page 5 -    **PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION**
                *United States v. Mehrdad Yasrebi, et al.,* 05-CR-00413-KI

        2. Received the necessary security clearance at the appropriate level of classification, through or confirmed by the Classified Information Security Officer; and

        3. Signed the Memorandum of Understanding, in the form attached hereto, agreeing to comply with the terms of this Order.

    B. Defense counsel shall file executed originals of the Memorandum of Understanding with the Court and the Classified Information Security Officer and serve executed originals of such document upon the Government. The execution and filing of the Memorandum of Understanding is a condition precedent for the defense counsel, defense counsel employees, and defense translators to have access to classified information in this case.

    C. The substitution, departure or removal for any reason from this case of counsel for the defendant, or anyone associated with the defense as an employee or otherwise, shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order.

    12. <u>Defense Counsel</u>. Subject to the provisions of paragraph 11, the following attorneys for the defense and their approved employee(s) and translator(s) (collectively referred to hereinafter as "the Defense"), shall be given access to classified information as required by the Government's discovery obligations:

    For Defendant Yasrebi – David H. Angeli, Benjamin N. Souede, Cheryl A. Oakley

    For Defendant Child Foundation – Erin M. Wilson

Any additional person whose assistance the Defense reasonably requires may have access to classified information in this case only after obtaining from the Court -- with prior written notice to the Government -- approval for access to the appropriate level of classification on a

Page 6 -    **PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION**
                *United States v. Mehrdad Yasrebi, et al.,* 05-CR-00413-KI

need-to-know basis, and after satisfying the other requirements described in this Order for access to classified information.

13. <u>Secure Area of Review</u>. The Classified Information Security Officer shall arrange for an appropriately approved Secure Area for use by the Defense. The Classified Information Security Officer shall establish procedures to assure that the Secure Area is accessible to the Defense during normal business hours. Access by the Defense to the Secure Area at other times will require the approval of Classified Information Security Officer, in consultation with the United States Marshals Service and the Court. The Secure Area shall contain a separate working area for the Defense, and will be outfitted with any secure office equipment requested by the Defense that is reasonable and necessary to the preparation of the defendant's defense in this case. The Classified Information Security Officer, in consultation with defense counsel, shall establish procedures to assure that the Secure Area may be maintained and operated in the most efficient manner consistent with the protection of classified information. No documents or other material containing classified information may be removed from the Secure Area unless authorized by the Classified Information Security Officer. The Classified Information Security Officer shall not reveal to the Government the content of any conversations he or she may hear among the Defense, nor reveal the nature of documents being reviewed by them, nor the work generated by them. In addition, the presence of the Classified Information Security Officer shall not operate to waive, limit, or otherwise render inapplicable, the attorney-client or work product privileges.

14. <u>Filings with the Court</u>. Until further order of this Court, any motion, memorandum, or other document filed by the Defense that defense counsel knows, or has reason

Page 7 -   **PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION**
           *United States v. Mehrdad Yasrebi, et al.,* 05-CR-00413-KI

to believe, contains classified information in whole or in part, or any document the proper classification of which defense counsel is unsure, shall be filed under seal with the Court through the Classified Information Security Officer or his designee. Pleadings filed under seal with the Classified Information Security Officer or his designee shall be marked "Filed In Camera and Under Seal with the Classified Information Security Officer" and shall include in the introductory paragraph a statement that the item is being filed under seal pursuant to this Order, but need not be accompanied by a separate motion to seal. The date and time of physical submission to the Classified Information Security Officer or his designee shall be considered as the date and time of court filing. The Classified Information Security Officer shall promptly examine the document and, in consultation with representatives of the appropriate Government agencies, determine whether the document contains classified information. If the Classified Information Security Officer determines that the document contains classified information, he shall ensure that the classified portions of the document, and only those portions, are marked with the appropriate classification marking and that the document remains under seal. All portions of any document filed by the Defense that do not contain classified information shall immediately be unsealed by the Classified Information Security Officer and placed in the public record. The Classified Information Security Officer shall make arrangements for prompt delivery under seal to the Court and counsel for the Government any document to be filed by the Defense that contains classified information. At the time of physical submission to the Classified Information Security Officer or his designee, defense counsel shall file on the public record in the CM/ECF system a notice of filing, which will serve to notify the Court that a

Page 8 -   **PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION**
            United States v. Mehrdad Yasrebi, et al., 05-CR-00413-KI

classified filing has been made. This notice shall contain only the case caption and the unclassified title of the filing.

15. Any document filed by the Government containing classified information shall be filed under seal with the Court through the Classified Information Security Officer or his designee. Pleadings filed under seal with the Classified Information Security Officer or his designee shall be "Filed In Camera and Under Seal with the Classified Information Security Officer" and shall include in the introductory paragraph a statement that the item is being filed under seal pursuant to this Order, but need not be accompanied by a separate motion to seal. The date and time of physical submission to the Classified Information Security Officer or his designee shall be considered the date and time of filing. The Classified Information Security Officer shall make arrangements for prompt delivery under seal to the Court and defense counsel (unless ex-parte) any document to be filed by the Government that contains classified information. At the time of physical submission to the Classified Information Security Officer or his designee, the Government shall file on the public record in the CM/ECF system a notice of filing, which will serve to notify the Court that a classified filing has been made. This notice shall contain only the case caption and the unclassified title of the filing.

16. <u>Sealing of Records</u>. The Classified Information Security Officer shall maintain a separate sealed record for those pleadings containing classified materials, and retain such record for purposes of later proceedings or appeal.

17. <u>Access to Classified Information</u>. The Defense shall have access to classified information only as follows:

Page 9 -    PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION
            United States v. Mehrdad Yasrebi, et al., 05-CR-00413-KI

A. All classified information produced by the Government to the Defense, in discovery or otherwise, and all classified information possessed, created or maintained by the Defense, shall be stored, maintained and used only in the Secure Area established by the Classified Information Security Officer;

B. The Defense shall have free access to the classified information made available to them in the Secure Area, and shall be allowed to take notes and prepare documents with respect to those materials. However, the Defense shall not, except under separate Court order, disclose the classified information, either directly, indirectly, or in any other manner which would disclose the existence of such, to pursue leads or in the defense of the defendant. Counsel for the Government shall be given an opportunity to be heard in response to any request by the Defense for disclosure of classified information to a person not named in this Order or for disclosure of classified information in any manner not authorized in this Order;

C. The Defense shall not copy or reproduce any classified information in any form, except with the approval of the Classified Information Security Officer, or in accordance with the procedures established by the Classified Information Security Officer for the operation of the Secure Area;

D. All documents prepared by the Defense (including, without limitation, pleadings or other documents intended for filing with the Court) that do or may contain classified information, shall be transcribed, recorded, typed, duplicated, copied or otherwise prepared only by persons who have received an appropriate approval for access to classified information, and in the Secure Area on approved word processing equipment, and in accordance with the procedures approved by the Classified Information Security Officer. All such

Page 10 -   **PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION**
            *United States v. Mehrdad Yasrebi, et al.,* 05-CR-00413-KI

documents and any associated materials (such as notes, drafts, copies, typewriter ribbons, magnetic recordings, exhibits, electronic media, etc.) containing classified information shall be maintained in the Secure Area, unless and until the Classified Information Security Officer determines that those documents or associated materials are unclassified in their entirety. None of these materials shall be disclosed to counsel for the Government;

    E.  The Defense shall discuss classified information only within the Secure Area or in another area authorized by the Classified Information Security Officer, and shall not discuss, attempt to discuss, or send classified information over any telephone instrument, office intercommunication system or through any other method of communication that has not been specifically authorized by the Classified Information Security Officer for the transmission of classified information; and,

    F.  <u>Disclosure of Classified Information</u>.  The Defense shall not disclose, without prior approval of the Court, any classified documents or information to any person not authorized pursuant to this Order (including the defendant and defense witnesses), except to the Court, court personnel, the Government Attorneys and representatives of the Originating Agency who have been identified by the Classified Information Security Officer as having the appropriate clearances and the need-to-know that information, and in accordance with the procedures of CIPA and the procedures established by the Classified Information Security Officer.  Counsel for the Government shall be given an opportunity to be heard in response to any request by the Defense for disclosure of classified information to a person not named in this Order.  Any person approved by the Court for disclosure under this paragraph shall be required to obtain the appropriate security clearance, to sign and submit to the Court the Memorandum of

Page 11 -  **PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION**
      *United States v. Mehrdad Yasrebi, et al.,* 05-CR-00413-KI

Understanding appended to this Order, and to comply with all terms and conditions of this Order. If preparation of the Defense requires that classified information be disclosed to persons not named in this Order, then, upon approval by the Court and upon prior notice to the Government, the Classified Information Security Officer shall promptly seek to obtain security clearances for them at the request of defense counsel.

18.   Foreign Intelligence Surveillance Act (FISA). The defendant has rights under the United States Constitution, federal statutes, and the Federal Rules of Criminal Procedure to pre-trial discovery. The Government recognizes its obligation to provide such discovery materials to defense counsel in the most expeditious manner possible, consistent with public safety and the confidentiality of sensitive ongoing investigations. Therefore, to the extent that FISA-obtained or derived information is provided to the defense counsel:

A.   The parties agree that both the Defense and the Government shall have access to such FISA information regardless of prior minimization efforts undertaken by the Government upon initial review of the materials;

B.   The parties agree that any draft transcripts or summaries of translated electronic and paper materials that may be provided are intended only as an aid to the Defense in its trial preparation. These documents shall not be used in any proceeding for any purpose, including cross-examination of any witness, unless otherwise first agreed to in writing by the Government except pursuant to further order of this Court; and

C.   The parties agree, notwithstanding any other provisions of this Order or any subsequent order, that the disclosure and discovery of materials that may be provided to the Court, *in camera* and *ex parte*, pursuant to FISA for legal determinations, including but not

Page 12 -   **PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION**
United States v. Mehrdad Yasrebi, et al., 05-CR-00413-KI

limited to any FISA applications, orders, or materials, shall be governed by the provisions of FISA.

19. Procedures for the use or disclosure of classified information by the Defense shall be governed by sections 5, 6 and 8 of CIPA.

20. To facilitate the Defense's filing of notices required under section 5 of CIPA, the Classified Information Security Officer shall make arrangements with the appropriate agencies for a determination of the classification level, if any, of materials or information, either within the possession of the Defense or about which the Defense has knowledge and which the Defense intends to use in any way at any pre-trial proceeding, deposition or at trial. Nothing submitted by the Defense to the Classified Information Security Officer pursuant to this paragraph shall be made available to counsel for the Government unless so ordered by the Court, or so designated by the Defense. Any and all items that are classified shall be listed in the defendant's CIPA section 5 notice. To the extent that any classified information is the basis of any motion filed by the Defense, such motion shall be preceded by a CIPA section 5 notice.

21. Information in the public domain is ordinarily not classified. However any confirmation, corroboration, or denial of such information that is based on classified information may subject to the provisions of CIPA. Therefore, any attempt by the defendant or defense counsel to elicit such a confirmation, corroboration, or denial at trial, or in connection with any pre-trial or other proceeding in this case, shall be governed by CIPA and all provisions of this or any subsequent Order.

22. <u>Violations of this Order</u>. Unauthorized use or disclosure of classified information may constitute violations of United States criminal laws. In addition, violation of the terms of

Page 13 -   PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION
             United States v. Mehrdad Yasrebi, et al., 05-CR-00413-KI

this Order shall be immediately brought to the attention of the Court, and may result in a charge of contempt of Court and possible referral for criminal prosecution. The Court shall determine whether a breach of this Order has occurred. Any breach of this Order may result in the termination of a person's access to classified information. Persons subject to this Order are advised that direct or indirect unauthorized use, disclosure, retention or negligent handling of information classified at the Secret level reasonably could be expected to cause serious damage and, in the case of information classified at the Top Secret level, exceptionally grave damage, to the national defense or foreign relations of the United States. This Order is to ensure that those authorized by the Order to receive classified information will never divulge the classified information disclosed to them to anyone who is not authorized to receive it, or otherwise use the classified information, without prior written authorization from the Originating Agency and in conformity with this Order.

23.     All classified information to which the Defense has access in this case is now and will remain the property of the United States Government. The defense counsel, defense counsel employees, defense translators, and anyone else who receives classified information pursuant to this Order shall return all such classified information in their possession obtained through discovery from the Government in this case, or for which they are responsible because of access to classified information, upon demand of the Classified Information Security Officer. The notes, summaries and other documents prepared by the Defense that do or may contain classified information shall remain at all times in the custody of the Classified Information Security Officer for the duration of this case. All such notes, summaries and other documents are to be destroyed by the Classified Information Security Officer, in the presence of defense counsel if so

Page 14 -     **PROTECTIVE ORDER PERTAINING TO CLASSIFIED INFORMATION**
              *United States v. Mehrdad Yasrebi, et al.,* 05-CR-00413-KI

requested, either: (a) one year after the judgment in this case is final; or, (b) at the conclusion of litigation of any motion filed pursuant to 28 U.S.C. § 2255 ( if said motion was filed within one year after the judgment became final), whichever is later.

24. Nothing in this Order shall preclude the Government from seeking a further protective order pursuant to CIPA, FISA, Rule 16(d) or other applicable law as to particular items of discovery material. The Court may amend this Protective Order and/or issue additional Protective Orders as needed.

25. A copy of this Order shall be issued forthwith to counsel for the defendant, who shall be responsible for advising the defendant, defense counsel employees and defense translators of the contents of this Order.

SO ORDERED this 26th day of September, 2011.

_____
GARR M. KING
United States District Judge

Presented by:

DWIGHT C. HOLTON
United States Attorney
District of Oregon

s/ Charles F. Gorder, Jr.
CHARLES F. GORDER, JR.
DAVID L. ATKINSON
Assistant United States Attorneys