## BERLINER, CORCORAN & ROWE, L.L.P.
1101 17th Street, N.W., Suite 1100
Washington DC 20036-4798

(202) 293-5555                                                    Telefax (202) 293-9035

### MEMORANDUM

**TO:**        Mehrdad Yasrebi
               Child Foundation

**FROM:**      Dan Fisher-Owens
               Wayne Rusch

**DATE:**      February 8, 2007

**SUBJECT:**   Summary of Applicability of Iranian Transactions Regulations to Child
               Sponsorship Program for Children in Iran

---

### I.    Introduction.

This Memorandum summarizes our legal analysis of the applicability of the Iranian Transactions Regulations, 31 C.F.R. Part 560 ("ITR") maintained by the Office of Foreign Assets Control ("OFAC") of the U.S. Department of the Treasury, to the child sponsorship program for Iranian children maintained by Child Foundation ("CF-USA") with the assistance of Rafeh Koudek ("RK"), an Iranian charitable organization. Our advice is based on your description of the program, summarized below.

### II.    Summary of the Program.

Child Foundation (CF-USA) maintains a sponsorship program aimed at supporting poor children in Iran. The prospective sponsors are encouraged to donate on a monthly basis to provide support to a sponsored child. Sponsorship materials contain a notice that sponsor donations may be used to support not only the identified sponsored child, but also other needy children.

U.S. sponsor donations are used by CF-USA to purchase items such as food, clothing, informational materials and medicine outside Iran. Such items are then sent to RK in Iran with instructions to distribute the items to needy children. CF-USA often purchases quantities of food and other items in bulk to provide the maximum quantity of donated food and other products possible. CF-USA sometimes supplements donations received from individual sponsors with donations received as general donations. RK has provided written assurances to CF USA that all donated items received will be used for humanitarian relief purposes. Families provide receipts for anything they receive from

Tab 28
Page 1 of 3

CF288363

Child Foundation
Summary of Applicability of ITR to Child Sponsorship Program for Children in Iran
February 8, 2007
Page 2 of 3

RK. RK also receives receipts from other NGOs for the donated food, clothing and medicine.

Extra donations for sponsored children will be accepted only if donated as a "general donation" and used for food, clothing, informational materials and medicine. CF-USA receives contributions for special occasions, such as birthdays or back to school gifts, and limits the items provided using such funds to food, clothing, or medicine, or informational materials.

RK has entered into Memoranda of Understanding with other Iranian NGOs to exchange excess donated commodities for other items of which the other NGOs have excess quantities. The items for which the CF-USA donated food and other items will be exchanged will be limited to food, medicine, informational materials and clothing. The other NGOs have also provided assurances in the Memoranda of Understanding that all excess items received from CF-USA will be used solely for humanitarian purposes. RK and other Iranian NGOs may provide additional support to CF-USA sponsored children using funds not collected through CF-USA. CF-USA does not direct RK as to how to spend such funds.

RK sends periodic progress reports, new photos, letters, receipts of payments, school transcripts and other documents to verify that CF-USA donations are being spent for the benefit of these needy children. The progress reports also detail the additional support provided to the child by RK or other Iranian NGOs using separate RK funds. Progress reports clearly state the source of the support.

III.    Analysis.

CF-USA meets the definition of a "United States person" for ITR purposes, because it is organized under the laws of the State of Oregon. See 31 C.F.R. 560.314. The principals of CF-USA are also U.S. Persons, because they are U.S. citizens or lawful permanent residents. U.S. Persons are prohibited from engaging in the export, reexport, sale, or supply of goods, technology, or services to Iran. See 31 C.F.R. 560.204. They are also prohibited from engaging in transactions or dealings related to goods, technology, or services intended for export, reexport, sale, or supply to Iran. See 31 C.F.R. 560.206.

However, the provisions of 31 C.F.R. 560.210(b) exempt transactions from the prohibitions of 560.204 and 560.206 if they consist of "donations by United States persons of articles, such as food, clothing, and medicine, intended to be used to relieve human suffering." 31 C.F.R. 560.210(c) also exempts the export of "informational materials" that are fully created and in existence at the time they are exported to Iran. Such materials include "[p]ublications, films, posters, phonograph records, photographs, microfilms, microfiche, tapes, compact disks, CD-ROMs, artworks, and news wire feeds." See 31 C.F.R. 560.315. 31 C.F.R. 560.210(a) also exempts exports of personal communications that do not involve the transfer of anything of value.

Tab 28
Page 2 of 3

CF288364

Child Foundation
Summary of Applicability of ITR to Child Sponsorship Program for Children in Iran
February 8, 2007
Page 3 of 3

The provision by CF-USA of items to RK for distribution to needy children falls within the 31 C.F.R. 560.210 exceptions because you have indicated (1) the donations consist only of food, clothing, medicine, or informational materials; (2) the ultimate recipients have been identified as children suffering from poor economic conditions, such as hunger, lack of proper clothing, and lack of proper medical care; and (3) the items will not be sold to any person in Iran. Consequently, the transfers would qualify as donations of items specified in 31 C.F.R. 560.210(b) intended by CF-USA to be used to relieve human suffering, or would be exempt under 31 C.F.R. 560.210(c).

As indicated above, the exemptions in 31 C.F.R. 560.210(a) and (b) also apply to exports of services to Iran. Assistance by CF-USA personnel, or any other U.S. Persons, to RK would likely be considered a service, but communications or assistance directly related to the distribution of CF-USA's humanitarian donations are permissible without a license under 31 C.F.R. 560.210(a) and/or (b).

31 C.F.R. 560.210(b) specifically exempts U.S. persons from the prohibitions against engaging in transactions relating to Iranian-origin goods. That provision can be reasonably interpreted to authorize exchanges between RK and the cooperating Iranian charities, since the character of the goods obtained in the exchanges would also fall within the scope of the 31 C.F.R. 560.210(b) or (c) exemptions, and all of the items involved will eventually be donated to needy children.

## IV.    Conclusions.

Based on your description and documents provided related to the child sponsorship program, we conclude that the described purchases of bulk commodities outside Iran, their provision to RK, and the distribution of those commodities to children under CF-USA sponsorship is not prohibited by the ITR. We also conclude that the distribution of excess commodities to children not under direct sponsorship by CF-USA or RK is permitted to the extent that the donation of such goods is intended to relieve human suffering. The provision of other types of food, clothing, informational materials or medicine obtained in exchange for excess CF-USA donated items to children under CF-USA sponsorship can be reasonably interpreted to be within the scope of the humanitarian donation exemption.

Tab 28
Page 3 of 3

CF288365