**OFFICE OF FOREIGN ASSETS CONTROL LICENSE DETERMINATION**

Referral #02-102-08                                    June 17, 2002

The U.S. Department of the Treasury's Office of Foreign Assets Control ("OFAC") administers the Iranian Transactions Regulations, 31 C.F.R. Part 560 (the "Regulations"), under the authority, inter alia, of the International Emergency Economic Powers Act, 50 U.S.C. 1701 et seq. (" IEEPA" ), the National Emergencies Act, 50 U.S.C. 1601 et seq., and the International Security and Development Cooperation Act of 1985, 22 U.S.C. 2349aa-9 (" ISDCA" ).  The Regulations prohibit most commercial transactions by U.S. persons, or within the United States (see EO 13059), with the Government of Iran and persons in Iran, unless authorized under OFAC regulations, an OFAC license, or exempt by statute.  Export and re-export prohibitions under the Regulations, as announced by Executive Order 12959 on May 6, 1995, were effective on May 7, 1995, as modified by Executive Order 13059 on August 19, 1997. These prohibitions continue in force.

Section 560.203 of the Regulations prohibits any transaction by any U.S. person or within the United States that evades or avoids, or has the purpose of evading or avoiding, or attempts to violate, any of the prohibitions contained in the Regulations.

Section 560.204 of the Regulations prohibits the unlicensed exportation from the United States to Iran, or an entity owned or controlled by the Government of Iran, of any goods, technology or services.

On September 25, 2000, Child Foundation, Inc. (" CFI" ), 8601 Wilshire Boulevard, Suite 704, Beverly Hills, CA 90211, wrote to OFAC seeking a determination as to the applicability of the Regulations to donations by the CFI to children in Iran.  This correspondence was assigned an internal OFAC correspondence control number (FAC No. IA-185355).  On October 5, 2000, OFAC's Licensing Division notified CFI that OFAC was in receipt of its correspondence.  CFI was advised that filing an application for a license or requesting information about the transaction prohibitions contained in Executive Orders or regulations administered by OFAC does not suspend or excuse compliance with the prohibitions or requirements contained therein.

Exhibit 5
Page 1 of 2

CF292434

- 2 -

On November 28, 2000, CFI's correspondence was reassigned internally within OFAC to the Enforcement Division for review and possible investigation because of information contained in the CFI letter which indicated that the organization may have sent money to Iran without a license.  There was also information in the letter that CFI may have sent money to Afghanistan and Iraq, also the subject of OFAC sanctions.  The logical next step for the Enforcement Division in this case would have been the issuance of a demand for information to CFI pursuant to OFAC's authority under IEEPA, the Regulations and § 501.602 of the Reporting and Procedures Regulations, 31 C.F.R. Part 560.  To date, we have not issued a demand letter to CFI, in part because OFAC's central files record system indicates that a supplemental letter, dated August 9, 2001, was received at OFAC from CFI.  We have been unsuccessful so far in locating that letter within OFAC.  Because of the criminal investigative interest by the U.S. Attorney's Office and U.S. Customs Service in this matter, OFAC Enforcement will not proceed with the issuance of a demand letter.  Attached for your information is a copy of the CFI file.  In the event that we are able to locate the August 9, 2001, supplemental letter, we will forward it to Customs.

For your information, the transfer of money to Iran for the purposes outlined in CFI's September 25, 2000, letter is not exempt under the Regulations and a specific license from OFAC is required.  OFAC has not issued a specific license to CFI.  We checked OFAC's Central Files for the following names but found no licensing or correspondence files pertaining to these individuals:  Mehrdad Yasrebi, Saeedeh Sharif Kazemi, Assad Azemi, Sudabeh Shoja and Dr. Farah Aslani.

Please contact the undersigned at (202) 622-1643 or Enforcement Officer Martin Odenyo at (202) 622-2557 if there are any questions concerning this matter.  Jamal El-Hindi of OFAC's Office of Chief Counsel is also available to assist and answer questions concerning the Regulations.  Please keep us apprised of your investigative progress in this case.

David H. Harmon
Chief, Enforcement Division
Office of Foreign Assets Control

Attachment

Exhibit 5
Page 2 of 2

CF292435