

**DUBAI MUNICIPALITY**
**PUBLIC HEALTH DEPARTMENT**
**FOOD CONTROL SECTION**
**P.O. BOX : 67 DUBAI / UAE**

ديـــة دبـــي
ارة الصحة العامة
سم رقابـة الأغذيـة
.ب : ٦٧ دبـي / الإمارات العربية المتحدة

شهادة صحية لتصدير مواد غذائية

# EXPORT HEALTH CERTIFICATE

| Certificate Number : | FHCR-25082007-0052 | Certificate Date : 25/08/2007 | |
|---|---|---|---|
| Exporter Name : | RAMAK GENERAL TRADING (L.L.C) | | |
| Exporter Address : | P.O.Box: 286, Tel: 043461555, Fax: 043474820, e-mail: ramak@nixaan.com , Dubai , United Arab Emirates. | | |
| Consignee Name : | MR. HUSSEIN MOHAMMADIAN | | |
| Consignee Address : | I.R.OF IRAN | | |
| Port of Loading : | Hamriyah Port | Port of Discharge : Kish | Transport Method : Sea |
| Invoice No. : | DEX715 | Invioce Date : 23/08/2007 | |

Items :

| | Item Description | Brand | C.O.O | Prod. Date | Exp. Date | PKG Size | No. Of Pkgs | Total Weight/Kg |
|---|---|---|---|---|---|---|---|---|
| 1 | refined pure corn oil | Golden Maize | United Arab Emirates | 02/08/2007 | 01/08/2009 | 6*2Liter. | 21,389 | 232,000 |
| 2 | refined pure corn oil | Golden Maize | United Arab Emirates | 16/08/2007 | 15/08/2009 | 12*750ml. | 2,000 | 18,000 |
| | | | | | | Total : | 23,389 | 250,000 |

It is hereby certified that the food as detailed above mentioned has been inspected and found to be complying with the standards and specifications

Remarks :  G.M.P. NO: 240/1

L/C Condition :  NO

Note : This certificate is valid for 60 days from the day of issue

Receipt Number : 00000003802073                                    Receipt Date : 26/08/2007

For/ Director of Public Health Department

*[stamp]* MUNICIPALITY
إدارة الصحة العامة
Public Health Department
قسم رقابة الأغذية
Food Control Section
شهادة تصدير صحية للأغذية
Food Export Health Certificate

This Certificate Shall Be Void In Case Of Any Alternation Or Omission.

Tab 71.
Page 1 of 2
Page № 1 / 1

CF328096

Just to inform you, per previous conversation, the health certificate was obtained under Hossein Mohamadian's name to ease the process of customs release.

Tab 71
Page 2 of 2



# BBB Wise Giving Alliance

Douglas Bauer - Chair
Rockefeller Philanthropy
Advisors

Ernest B. Gutierrez, Jr.
Vice Chair
The Kresge Foundation

Marcus Owens - Treasurer
Caplin & Drysdale

Virginia M. Esposito - Secretary
National Center for Family
Philanthropy

Thomas M. Bartholomy
BBB/Charlotte

Evelyn Brody
Chicago-Kent College of Law

Michael L. Corey
BT    Ours

John Edie
PricewaterhouseCoopers

John H. Graham IV
American Society of Association
Executives

Cheryl Lamm Gunn
McMaster-Carr Supply Company

Irv Katz
National Human Services
Assembly

James E. McHale
W.K. Kellogg Foundation

David E. Olmstead
Wiggin & Dana

Joseph R. Reynolds
Williams Group

Via Certified Mail
April 10, 2007

Carolyne Haycraft
Assistant Business Manager
Child Foundation
11364 SE Highland Loop,
Clackamas, OR 97015

Dear Ms. Haycraft:

Thank you for your assistance in completing our online questionnaire form and for providing requested materials. We very much appreciate your cooperation with our reporting efforts. At this time, we are preparing an updated report on Child Foundation (CF) in order to respond to public inquiries.

Enclosed for your review and comment is a draft report that outlines our initial findings in relation to the 20 voluntary *Standards for Charity Accountability*. As noted in the attached draft, CF does not meet four of the BBB charity standards addressing governance and fund raising practices (Standards 1, 2, 16, and 18).

We are also unable to verify CF's compliance with Standards 5 and 13. Regarding Standard 5, we need clarification on CF's related party transaction with Bonyad Kudak. We need a detailed explanation in writing as to why $1,311,000 (84% of total support) was wired to the organization for the year ended May 31, 2005.

Furthermore, CF total fund raising expenses for the year ended May 31, 2006 was $21,203 which in our experience appears to be rather low for an organization that uses direct mail, radio, and special events in fundraising. We welcome your clarification on this fund raising expense amount and also would like to request some additional points that came to our attention in reviewing the detailed functional breakdown that appears in your audit report for the year ended May 31, 2006. For example, please let us know why there was no fund raising expense incurred for telephone, postage, occupancy, and salaries/benefits. Please let us know how many paid staff members work in development/fund raising area at CF.

We look forward to receiving any changes and/or additional information that you would like for us to consider in order to amend our evaluative conclusions in the next three weeks (by April 30, 2007). If we do not hear from you by then, we will then make the enclosed report available to inquirers and post it on our website. If you have any questions, feel free to contact me by phone at 703-247-9322, or via e-mail at ruwaifo@cbbb.bbb.org.

Sincerely,

Rebecca Uwaifo
Research Analyst

Enclosures:
Draft Report and *Standards for Charity Accountability*

The name Better Business
Bureau is a registered service
mark of the Council of Better
Business Bureaus, Inc.

4200 Wilson Boulevard • Suite 800 • Arlington, VA 22203 • 703.276.0100 • Fax 703.525.8277 • www.give.org

Tab 72
Page 1 of 1

CF299153

 **CHILD FOUNDATION**

May 1, 2007

BBB Wise Giving Alliance
Rebecca Uwaifo
Research Analyst
4200 Wilson Boulevard
Suite 800
Arlington, VA 22203

Dear Rebecca Uwaifo,

In response to your letter dated April 10, 2007, I am submitting the following information explaining why Standards 5 and 13 for governance and fundraising practices did not appear to meet the requirements of the BBB, Wise Giving Alliance (Exhibit A).

## 1. Explanation: Standard 5
### Child Foundation's party transaction with Bonyad Kudak

Although Child Foundation, USA, works cooperatively with Bonyad Kudak (Child Foundation, Switzerland), Bonyad Kudek is a legally separate organization.

Bonyad Kudek is a Swiss registered federal charity whose mission and purpose is to provide support to children in need with the ultimate goal of encouraging them to remain in school. It also provides emergency relief and aid in the form of food, medical assistance, and clothing to victims of natural disasters. Prior to recent restructuring of the administration of Child Foundation USA's sponsorship programs, Bonyad Kudek had played a greater role in implementing those programs.

In 2005, Child Foundation USA made a donation in the amount of $1,311,000.00 to Bonyad Kudek. The funds transferred in 2005 were used by Bonyad Kudek to support children sponsored under Child Foundation USA's child sponsorship program. This was accounted for as a grant in the 2005 financials because, as mentioned above, while Child Foundation has worked cooperatively with Bonyad Kudek to implement programs, Bonyad Kudek is a legally separate entity.

You will note from Child Foundation's 2006 audited financial reports that a roughly proportional sum, $833,000, was accounted for by Child Foundation USA as a direct project expenditure for the child sponsorship program in fiscal year 2006, as opposed to having no direct expenditures for the sponsorship program in fiscal year 2005. This shift reflects the restructuring of the sponsorship program in 2006 to be administered more directly by Child Foundation USA.

Tab 73
Exhibit A, Page 1 of 1 Page 1 of 1

CF299103





**VERIFIED**
NGO Benchmarking
A voluntary system measuring
Accountability to Stakeholders
and Compliance with Best Practices
www.sgs.com/ngo

*NGO in Special Consultative*
*Status with ECOSOC, UN*

*Date:09/21/2008*          **Refah Koudak Charity Institute**
*No:101/m/467*

## TO: CHILD FOUNDATION,USA

Dear Sir,

This is to confirm that we have received the foodstuff donated by Child Foundation, USA,
since 2007-06-01 till 2008-05-31, as the following list.

*A. Iranshahi*
**Yours sincerely ,**

**A.Iranshahi**
**Manager of Refah Koudak**
**Charity Institute**

| No. | | Invoice Date | Invoice | Amount In AED | Amount In US $ | Volume | Unit | Type of Food |
|-----|---|---|---|---|---|---|---|---|
| 1 | Ramak | 26-08-2007 | DEX715C | 1,237,806 | 334,208 | 23,389 | Kg | Corn Oil |
| 2 | Damavand | 15-10-2007 | DS 888/07 | 411,125 | 111,892 | 115 | Ton | Rice |
| 3 | Damavand | 25-10-2007 | DS 896/07 | 264,000 | 71,843 | 100 | Ton | Lentil |
| 4 | Damavand | 01-11-2007 | DS 901/07 | 508,470 | 137,287 | 31,920 | Kg | Tea |
| 5 | Damavand | 28-11-2007 | DS 914/07 | 411,125 | 111,892 | 115 | Ton | Rice |
| 6 | Damavand | 25-12-2007 | DS 927/07 | 177,374 | 47,891 | 10,125 | Kg | Tea |
| 7 | Damavand | 27-03-2008 | DS 979/07 | 349,641 | 94,403 | 99.792 | Ton | Lentil |
| 8 | Damavand | 27-03-2008 | DS 980/07 | 761,051 | 205,654 | 43,650 | Kg | Tea |
| 9 | Damavand | 27-05-2008 | DS 1023/08 | 213,668 | 58,164 | 182 | Ton | Rice |
| | Total | | | 4,334,260 | 1,173,234 | | | |

#20 Golzar Alley, Golshan St., Khoramshahr Ave.
Tehran 15576-14153, Iran
tel: 9821-8850-2182
fax: 9821-8876-4771

E- mail: iranoffice@childf.org
www.childf.org

Tab 74
Page 1 of 2

CF328121


VERIFIED
NGO Benchmarking
A voluntary system measuring
Accountability to Stakeholders
and Compliance with Best Practices
www.sgs.com/ngo



*NGO in Special Consultative*
*Status with ECOSOC, UN*

Date:09/21/2008    **Refah Koudak Charity Institute**

No:101/m/467

## TO: CHILD FOUNDATION,USA

Dear Sir,

This is to confirm that we have received the foodstuff donated by Child Foundation, USA, since 2007-06-01 till 2008-05-31, as the following list. It should be mentioned that after several months of suspension in importing food materials , there have been some changes in Iran's customs laws and also in customs duty rate and the related discounts in this fiscal year.

*A. Iranshahi*

**Yours sincerely ,**

**A.Iranshahi**

**Manager of  Refah Koudak**

**Charity Institute**

| No. | | Invoice Date | Invoice | Amount In AED | Amount In US $ | Volume | Unit | Type of Food |
|---|---|---|---|---|---|---|---|---|
| 1 | Ramak | 26-08-2007 | DEX715C | 1,237,806 | 334,208 | 23,389 | Kg | Corn Oil |
| 2 | Damavand | 15-10-2007 | DS 888/07 | 411,125 | 111,892 | 115 | Ton | Rice |
| 3 | Damavand | 25-10-2007 | DS 896/07 | 264,000 | 71,843 | 100 | Ton | Lentil |
| 4 | Damavand | 01-11-2007 | DS 901/07 | 508,470 | 137,287 | 31,920 | Kg | Tea |
| 5 | Damavand | 28-11-2007 | DS 914/07 | 411,125 | 111,892 | 115 | Ton | Rice |
| 6 | Damavand | 25-12-2007 | DS 927/07 | 177,374 | 47,891 | 10,125 | Kg | Tea |
| 7 | Damavand | 27-03-2008 | DS 979/08 | 349,641 | 94,403 | 99.792 | Ton | Lentil |
| 8 | Damavand | 27-03-2008 | DS 980/07 | 761,051 | 205,654 | 43,650 | Kg | Tea |
| 9 | Damavand | 27-05-2008 | DS 1023/08 | 213,668 | 58,164 | 182* | Ton | Rice |
| | Total | | | 4,334,260 | 1,173,234 | | | |

\* it is the total

#20 Golzar Alley, Golshan St., Khoramshahr Ave.
Tehran 15576-14153, Iran
tel: 9821-8850-2182
fax: 9821-8876-4771

E- mail: iranoffice@childf.org
www.childf.org

Tab 74
Page 2 of 2

CF328122



**Department of the Treasury**

**Internal Revenue Service**

## Publication 526
(Rev. December 2000)
Cat. No. 15050A

# Charitable Contributions



**Get forms and other information faster and easier by:**

**Computer** • www.irs.gov or **FTP** • ftp.irs.gov

**FAX** • 703-368-9694 (from your fax machine)

## Contents

Introduction ......................................... 1

Organizations That Qualify To Receive Deductible Contributions .............................. 2

Contributions You Can Deduct ........ 3

Contributions You Cannot Deduct ... 5

Contributions of Property ................. 6

When To Deduct ................................. 9

Limits on Deductions ........................ 9

Records To Keep ............................... 12

How To Report .................................... 14

How To Get Tax Help ......................... 14

Index ................................................... 17

## Introduction

This publication explains how to claim a deduction for your charitable contributions. It discusses organizations that are qualified to receive deductible charitable contributions, the types of contributions you can deduct, how much you can deduct, what records to keep, and how to report charitable contributions.

A **charitable contribution** is a donation or gift to, or for the use of, a **qualified organization**. It is voluntary and is made without getting, or expecting to get, anything of equal value.

**Qualified organizations.** Qualified organizations include nonprofit groups that are religious, charitable, educational, scientific, or literary in purpose, or that work to prevent cruelty to children or animals. You will find descriptions of these organizations under *Organizations That Qualify To Receive Deductible Contributions.*

**Form 1040 required.** To deduct a charitable contribution, you must file Form 1040 and itemize deductions on Schedule A. The amount of your deduction may be limited if certain rules and limits explained in this publication apply to you.

**Comments and suggestions.** We welcome your comments about this publication and your suggestions for future editions.

You can e-mail us while visiting our web site at **www.irs.gov/help/email2.html.**

You can write to us at the following address:

Internal Revenue Service
Technical Publications Branch
W:CAR:MP:FP:P
1111 Constitution Ave. NW
Washington, DC 20224

We respond to many letters by telephone. Therefore, it would be helpful if you would include your daytime phone number, includ-

Tab 75
Page 1 of 19

ing the area code, in your correspondence.

## Useful Items
You may want to see:

**Publication**

☐ 78    Cumulative List of Organizations

☐ 561   Determining the Value of Donated
         Property

**Form (and Instructions)**

☐ **Schedule A (Form 1040)** Itemized De-
   ductions

☐ **8283** Noncash Charitable Contributions

See *How To Get Tax Help* near the end of this publication for information about getting these publications and forms.

# Organizations That Qualify To Receive Deductible Contributions

You can deduct your contributions only if you make them to a *qualified organization.* To become a qualified organization, most organizations other than churches and governments, as described below, must apply to the IRS.

**Publication 78.** You can ask any organization whether it is a qualified organization, and most will be able to tell you. Or you can check IRS Publication 78, which lists most qualified organizations. You may find Publication 78 in your local library's reference section. If not, you can call the IRS to find out if an organization is qualified. Call **1–800–829–1040.** (For TTY/TDD help, call **1–800–829–4059.**)

## Types of Qualified Organizations

Generally, only the five following types of organizations can be qualified organizations.

1) *A community chest, corporation, trust, fund, or foundation* organized or created in or under the laws of the United States, any state, the District of Columbia, or any possession of the United States (including Puerto Rico). It must be organized and operated only for one or more of the following purposes.

   a) Religious.

   b) Charitable.

   c) Educational.

   d) Scientific.

   e) Literary.

   f) The prevention of cruelty to children or animals.

   Certain organizations that foster national or international amateur sports competition also qualify.

2) *War veterans' organizations,* including posts, auxiliaries, trusts, or foundations, organized in the United States or any of its possessions.

### Table 1.  Examples of Charitable Contributions—A Quick Check

Use the following lists for a **quick check** of contributions you can or cannot deduct. See the rest of this publication for more information and additional rules and limits that may apply.

| Deductible As Charitable Contributions | Not Deductible As Charitable Contributions |
|---|---|
| Money or property you give to: | Money or property you give to: |
| • Churches, synagogues, temples, mosques, and other religious organizations | • Civic leagues, social and sports clubs, labor unions, and chambers of commerce |
| • Federal, state, and local governments, if your contribution is solely for public purposes (for example, a gift to reduce the public debt) | • Foreign organizations (except certain Canadian, Israeli, and Mexican charities) |
| • Nonprofit schools and hospitals | • Groups that are run for personal profit |
| • Public parks and recreation facilities | • Groups whose purpose is to lobby for law changes |
| • Salvation Army, Red Cross, CARE, Goodwill Industries, United Way, Boy Scouts, Girl Scouts, Boys and Girls Clubs of America, etc. | • Homeowners' associations |
| • War veterans' groups | • Individuals |
| Expenses paid for a student living with you, sponsored by a qualified organization | • Political groups or candidates for public office |
| Out-of-pocket expenses when you serve a qualified organization as a volunteer | Cost of raffle, bingo, or lottery tickets |
| | Dues, fees, or bills paid to country clubs, lodges, fraternal orders, or similar groups |
| | Tuition |
| | Value of your time or services |
| | Value of blood given to a blood bank |

3) *Domestic fraternal societies,* orders, and associations operating under the lodge system.
   **Note.** Your contribution to this type of organization is deductible only if it is to be used solely for charitable, religious, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals.

4) *Certain nonprofit cemetery companies* or corporations.
   **Note.** Your contribution to this type of organization is not deductible if it can be used for the care of a specific lot or mausoleum crypt.

5) *The United States* or any state, the District of Columbia, a U.S. possession (including Puerto Rico), a political subdivision of a state or U.S. possession, or an Indian tribal government or any of its subdivisions that perform substantial government functions.
   **Note.**To be deductible, your contribution to this type of organization must be made solely for public purposes.
   **Example 1.** You contribute cash to your city's police department to be used as a reward for information about a crime. The city police department is a qualified organization, and your contribution is for a public purpose. You can deduct your contribution.
   **Example 2.** You make a voluntary contribution to the social security trust fund, not earmarked for a specific ac-

count. Because the trust fund is part of the U.S. Government, you contributed to a qualified organization. You can deduct your contribution.

**Examples.** The following lists gives some examples of qualified organizations.

• Churches, a convention or association of churches, temples, synagogues, mosques, and other religious organizations.

• Most nonprofit charitable organizations such as the Red Cross and the United Way.

• Most nonprofit educational organizations, including the Girl (and Boy) Scouts of America, colleges, museums, and daycare centers if substantially all the child care provided is to enable individuals (the parents) to be gainfully employed and the services are available to the general public. However, if your contribution is a substitute for tuition or other enrollment fee, it is not deductible as a charitable contribution, as explained later under *Contributions You Cannot Deduct.*

• Nonprofit hospitals and medical research organizations.

• Utility company emergency energy programs, if the utility company is an agent for a charitable organization that assists individuals with emergency energy needs.

Tab 75
Page 2 of 19

- Nonprofit volunteer fire companies.
- Public parks and recreation facilities.
- Civil defense organizations.

**Canadian charities.** You may be able to deduct contributions to certain Canadian charitable organizations covered under an income tax treaty with Canada.

To deduct your contribution to a Canadian charity, you generally must have income from sources in Canada. See Publication 597, *Information on the United States–Canada Income Tax Treaty,* for information on how to figure your deduction.

**Mexican charities.** You may be able to deduct contributions to certain Mexican charitable organizations under an income tax treaty with Mexico.

The organization must meet tests that are essentially the same as the tests that qualify U.S. organizations to receive deductible contributions. The organization may be able to tell you if it meets these tests.

 If not, you can get general information about the tests the organization must meet by writing to:

Internal Revenue Service
International Returns Section
P.O. Box 920
Bensalem, PA 19020–8518.

To deduct your contribution to a Mexican charity, you must have income from sources in Mexico. The limits described in *Limits on Deductions,* later, apply and are figured using your income from Mexican sources. Those limits also apply to all your charitable contributions, as described in that discussion.

**Israeli charities.** You may be able to deduct contributions to certain Israeli charitable organizations under an income tax treaty with Israel. To qualify for the deduction, your contribution must be made to an organization created and recognized as a charitable organization under the laws of Israel. The deduction will be allowed in the amount that would be allowed if the organization was created under the laws of the United States, but is limited to 25% of your adjusted gross income from Israeli sources.

# Contributions You Can Deduct

Generally, you can deduct your contributions of money or property that you make to, or for the use of, a qualified organization. A gift or contribution is "for the use of" a qualified organization when it is held in a legally enforceable trust for the qualified organization or in a similar legal arrangement.

The contributions must be made to a qualified organization and not set aside for use by a specific person.

If you give property to a qualified organization, you generally can deduct the fair market value of the property at the time of the contribution. See *Contributions of Property,* later.

Your deduction for charitable contributions is generally limited to 50% of your adjusted

gross income, but in some cases 20% and 30% limits may apply. See *Limits on Deductions,* later.

The total of your charitable contributions deduction and certain other itemized deductions may be limited. See the instructions for Form 1040 for more information.

*Table 1* in this publication lists some examples of contributions you can deduct and some that you cannot deduct.

## Contributions From Which You Benefit

If you receive a benefit as a result of making a contribution to a qualified organization, you can deduct only the amount of your contribution that is *more than the value of the benefit* you receive. Also see *Contributions From Which You Benefit Cannot Deduct,* later.

If you pay more than fair market value to a qualified organization for merchandise, goods, or services, the amount you pay that is more than the value of the item can be a charitable contribution. For the excess amount to qualify, you must pay it with the intent to make a charitable contribution.

*Example 1.* You pay $65 for a ticket to a dinner-dance at a church. All the proceeds of the function go to the church. The ticket to the dinner-dance has a fair market value of $25. When you buy your ticket, you know that its value is less than your payment. To figure the amount of your charitable contribution, you subtract the value of the benefit you receive ($25) from your total payment ($65). You can deduct $40 as a charitable contribution to the church.

*Example 2.* At a fund-raising auction conducted by a charity, you pay $600 for a week's stay at a beach house. The amount you pay is no more than the fair rental value. You have not made a deductible charitable contribution.

**Athletic events.** If you make a payment to, or for the benefit of, a college or university and, as a result, you receive the right to buy tickets to an athletic event in the athletic stadium of the college or university, you can deduct 80% of the payment as a charitable contribution.

If any part of your payment is for tickets (rather than the right to buy tickets), that part is not deductible. In that case, subtract the price of the tickets from your payment. 80% of the remaining amount is a charitable contribution.

*Example 1.* You pay $300 a year for membership in an athletic scholarship program maintained by a university (a qualified organization). The only benefit of membership is that you have the right to buy one season ticket for a seat in a designated area of the stadium at the university's home football games. You can deduct $240 (80% of $300) as a charitable contribution.

*Example 2.* The facts are the same as in *Example 1* except that your $300 payment included the purchase of one season ticket for the stated ticket price of $120. You must subtract the usual price of a ticket ($120) from your $300 payment. The result is $180. Your deductible charitable contribution is $144 (80% of $180).

**Charity benefit events.** If you pay a qualified organization more than fair market value for the right to attend a charity ball, banquet, show, sporting event, or other benefit event, you can deduct only the amount that is more than the value of the privileges or other benefits you receive.

If there is an established charge for the event, that charge is the value of your benefit. If there is no established charge, your contribution is that part of your payment that is more than the reasonable value of the right to attend the event. Whether you use the tickets or other privileges has no effect on the amount you can deduct. However, if you return the ticket to the qualified organization for resale, you can deduct the entire amount you paid for the ticket.

 *Even if the ticket or other evidence of payment indicates that the payment is a "contribution," this does not mean you can deduct the entire amount. If the ticket shows the price of admission and the amount of the contribution, you can deduct the contribution amount.*

*Example.* You pay $40 to see a special showing of a movie for the benefit of a qualified organization. Printed on the ticket is "Contribution—$40." If the regular price for the movie is $8, your contribution is $32 ($40 payment – $8 regular price).

**Membership fees or dues.** You may be able to deduct membership fees or dues you pay to a qualified organization. However, you can deduct only the amount that is more than the value of the benefits you receive. You cannot deduct dues, fees, or assessments paid to country clubs and other social organizations. They are not qualified organizations.

*Certain membership benefits can be disregarded.* Both you and the organization can disregard certain membership benefits you get in return for an annual payment of *$75 or less* to the qualified organization. You can pay more than $75 to the organization if the organization does not require a larger payment for you to get the benefits. The benefits covered under this rule are:

1) Any rights or privileges, other than those discussed under *Athletic events,* earlier, that you can use frequently while you are a member, such as:

   a) Free or discounted admission to the organization's facilities or events,

   b) Free or discounted parking,

   c) Preferred access to goods or services, and

   d) Discounts on the purchase of goods and services, and

2) Admission, while you are a member, to events that are open only to members of the organization if the organization reasonably projects that the cost per person (excluding any allocated overhead) is not more than a specified amount, which may be adjusted annually for inflation. (This is the amount for low-cost articles given in the annual revenue procedure with inflation adjusted amounts for the current year. You can get this figure from the IRS.)

Tab 75
Page 3 of 19
Page 3

**Token items.** You can deduct your entire payment to a qualified organization as a charitable contribution if both of the following are true.

1) You get a small item or other benefit of token value.

2) The qualified organization correctly determines that the value of the item or benefit you received is not substantial and informs you that you can deduct your payment in full.

The organization determines whether the value of an item or benefit is substantial by using Revenue Procedure 90–12 and 92–49 and the revenue procedure with the inflation adjusted amounts for the current year.

**Written statement.** A qualified organization must give you a written statement if you make a payment to it that is *more than $75* or is partly a contribution and partly for goods or services. The statement must tell you that you can deduct only the amount of your payment that is more than the value of the goods or services you received. It must also give you a good faith estimate of the value of those goods or services.

The organization can give you the statement either when it solicits or when it receives the payment from you.

*Exception.* An organization will not have to give you this statement if one of the following is true.

1) The organization is:

    a) The type of organization described in (5) under *Types of Qualified Organizations,* earlier, or

    b) Formed only for religious purposes, and the only benefit you receive is an intangible religious benefit (such as admission to a religious ceremony) that generally is not sold in commercial transactions outside the donative context.

2) You receive only items whose value is not substantial as described under *Token items,* earlier.

3) You receive only membership benefits that can be disregarded, as described earlier.

## Expenses Paid for Student Living With You

You may be able to deduct some expenses of having a student live with you. You can deduct *qualifying expenses* for a foreign or American student who:

1) Lives in your home under a written agreement between you and a *qualified organization* (defined later) as part of a program of the organization to provide educational opportunities for the student,

2) Is not your dependent or relative, and

3) Is a full-time student in the twelfth or any lower grade at a school in the United States.

**TIP** *You can deduct up to $50 a month for each full calendar month the student lives with you. Any month when conditions (1) through (3) above are met for 15 or more days counts as a full month.*

**Qualified organization.** For these purposes, a qualified organization can be any of the organizations described earlier under *Organizations That Qualify To Receive Deductible Contributions,* except those in (4) and (5). For example, if you are providing a home for a student through a state or local government agency, you cannot deduct your expenses as charitable contributions.

**Qualifying expenses.** Expenses that you may be able to deduct include the cost of books, tuition, food, clothing, transportation, medical and dental care, entertainment, and other amounts you actually spend for the well-being of the student.

**Expenses that do not qualify.** Depreciation on your home, the fair market value of lodging, and similar items are not considered amounts spent by you. In addition, general household expenses, such as taxes, insurance, repairs, etc., do not qualify for the deduction.

*Reimbursed expenses.* If you are compensated or reimbursed for any part of the costs of having a student living with you, you cannot deduct *any* of your costs. However, if you are reimbursed for only an extraordinary or a one-time item, such as a hospital bill or vacation trip, that you paid in advance at the request of the student's parents or the sponsoring organization, you can deduct your expenses for the student for which you were not reimbursed.

*Mutual exchange program.* You cannot deduct the costs of a foreign student living in your home under a mutual exchange program through which your child will live with a family in a foreign country.

**Reporting expenses.** For a list of what you must file with your return if you deduct expenses for a student living with you, see *Reporting expenses for student living with you* under *How To Report,* later.

## Out-of-Pocket Expenses in Giving Services

You may be able to deduct some amounts you pay in giving services to a qualified organization. The amounts must be:

• Unreimbursed,

• Directly connected with the services,

• Expenses you had only because of the services you gave, and

• Not personal, living, or family expenses.

*Table 2* contains questions and answers that apply to some individuals who volunteer their services.

**Underprivileged youths selected by charity.** You can deduct reasonable unreimbursed out-of-pocket expenses you pay to allow underprivileged youths to attend athletic events, movies, or dinners. The youths must be selected by a charitable organization whose goal is to reduce juvenile delinquency. Your own similar expenses in accompanying the youths are not deductible.

**Conventions.** If you are a chosen representative attending a convention of a qualified organization, you can deduct unreimbursed expenses for travel and transportation, including a reasonable amount for meals and

lodging, while away from home overnight in connection with the convention. However, see *Travel,* later.

You cannot deduct personal expenses for sightseeing, fishing parties, theater tickets, or nightclubs. You also cannot deduct travel, meals and lodging, and other expenses for your spouse or children.

You cannot deduct your expenses in attending a church convention if you go only as a member of your church rather than as a chosen representative. You can deduct unreimbursed expenses that are directly connected with giving services for your church during the convention.

**Uniforms.** You can deduct the cost and upkeep of uniforms that are not suitable for everyday use and that you must wear while performing donated services for a charitable organization.

**Foster parents.** You may be able to deduct as a charitable contribution some of the costs of being a foster parent (foster care provider) if you have no profit motive in providing the foster care and are not, in fact, making a profit. A qualified organization must designate the individuals you take into your home for foster care.

You can deduct expenses that meet both of the following requirements.

1) They are unreimbursed out-of-pocket expenses to feed, clothe, and care for the foster child.

2) They must be mainly to benefit the qualified organization.

Unreimbursed expenses that you cannot deduct as charitable contributions may be considered support provided by you in determining whether you can claim the foster child as a dependent. For details, see Publication 501, *Exemptions, Standard Deduction, and Filing Information.*

**Example.** You cared for a foster child because you wanted to adopt her, not to benefit the agency that placed her in your home. Your unreimbursed expenses are not deductible as charitable contributions.

**Church deacon.** You can deduct as a charitable contribution any unreimbursed expenses you have while in a permanent diaconate program established by your church. These expenses include the cost of vestments, books, and transportation required in order to serve in the program as either a deacon candidate or as an ordained deacon.

**Car expenses.** You can deduct unreimbursed out-of-pocket expenses, such as the cost of gas and oil, that are directly related to the use of your car in giving services to a charitable organization. *You cannot deduct* general repair and maintenance expenses, depreciation, registration fees, or the costs of tires or insurance.

If you do not want to deduct your actual expenses, you can use a standard mileage rate to figure your contribution. See the instructions for Schedule A (Form 1040) to find the rate for the year you claim the deduction.

You can deduct parking fees and tolls, whether you use your actual expenses or the standard mileage rate.

You must keep reliable written records of your car expenses. For more information,

Table 2.    Volunteers' Questions and Answers

| \- | \- |
|---|---|
| If you do volunteer work for a **qualified organization**, the following questions and answers may apply to you. All of the rules explained in this publication also apply. See, in particular, *Out-of-Pocket Expenses in Giving Services*. | |
| **Question** | **Answer** |
| I do volunteer work 6 hours a week in the office of a qualified organization. The receptionist is paid $6 an hour to do the same work I do. Can I deduct $36 a week for my time? | No, you cannot deduct the value of your time or services. |
| The office is 30 miles from my home. Can I deduct any of my car expenses for these trips? | Yes, you can deduct the costs of gas and oil that are directly related to getting to and from the place where you are a volunteer. If you do not want to figure your actual costs, you can use the standard mileage rate. See the instructions for Schedule A (Form 1040) for this rate. |
| I volunteer as a Red Cross nurse's aide at a hospital. Can I deduct the cost of uniforms that I must wear? | Yes, you can deduct the cost of buying and cleaning your uniforms if the hospital is a qualified organization, the uniforms are not suitable for everyday use, and you must wear them when volunteering. |
| I pay a baby sitter to watch my children while I do volunteer work for a qualified organization. Can I deduct these costs? | No, you cannot deduct payments for child care expenses as a charitable contribution, even if they are necessary so you can do volunteer work for a qualified organization. (If you have child care expenses so you can work for pay, get Publication 503, *Child and Dependent Care Expenses*.) |

see *Car expenses* under *Records To Keep*, later.

**Travel.** Generally, you can claim a charitable contribution deduction for travel expenses necessarily incurred while you are away from home performing services for a charitable organization only if there is **no significant element of personal pleasure**, recreation, or vacation in the travel. This applies whether you pay the expenses directly or indirectly. You are paying the expenses indirectly if you make a payment to the charitable organization and the organization pays for your travel expenses.

The deduction for travel expenses will not be denied simply because you enjoy providing services to the charitable organization. Even if you enjoy the trip, you can take a charitable contribution deduction for your travel expenses if you are on duty in a genuine and substantial sense throughout the trip. However, if you have only nominal duties, or if for significant parts of the trip you do not have any duties, you cannot deduct your travel expenses.

**Example 1.** You are a troop leader for a tax-exempt youth group and take the group on a camping trip. You are responsible for overseeing the set up of the camp and for providing the adult supervision for other activities during the entire trip. You participate in the activities of the group and really enjoy your time with them. You oversee the breaking of camp and you transport the group home. You can deduct your travel expenses.

**Example 2.** You sail from one island to another and spend 8 hours a day counting whales and other forms of marine life. The project is sponsored by a charitable organization. In most circumstances, you cannot deduct your expenses.

**Example 3.** You work for several hours each morning on an archeological dig sponsored by a charitable organization. The rest of the day is free for recreation and sightseeing. You cannot take a charitable contribution deduction even though you work very hard during those few hours.

**Example 4.** You spend the entire day attending a charitable organization's regional meeting as a chosen representative. In the evening you go to the theater. You can claim your travel expenses as charitable contributions, but you cannot claim the cost of your evening at the theater.

**Daily allowance (per diem).** If you provide services for a charitable organization and receive a daily allowance to cover reasonable travel expenses, including meals and lodging while away from home overnight, you must include in income the amount of the allowance that is more than your deductible travel expenses. You can deduct your necessary travel expenses that are more than the allowance.

**Deductible travel expenses.** These include:

- Air, rail, and bus transportation,
- Out-of-pocket expenses for your car,
- Taxi fares or other costs of transportation between the airport or station and your hotel,
- Lodging costs, and
- The cost of meals.

Because these travel expenses are not business-related, they are not subject to the same limits as business related expenses. For information on business travel expenses, see *Travel Expenses* in Publication 463, *Travel, Entertainment, Gift, and Car Expenses*.

# Contributions You Cannot Deduct

There are some contributions that you cannot deduct. There are others that you can deduct only part of.

You cannot deduct as a charitable contribution:

1) A contribution to a specific **individual**,

2) A contribution to a **nonqualified organization**,

3) The part of a contribution from which you receive or expect to **receive a benefit**,

4) The **value of your time or services**,

5) Your **personal expenses**,

6) **Appraisal fees**, or

7) Certain contributions of **partial interests in property**.

Detailed discussions of these items follow.

## Contributions to Individuals

You cannot deduct contributions to specific individuals, including:

- Contributions to fraternal societies made for the purpose of paying medical or burial expenses of deceased members.

- Contributions to individuals who are needy or worthy. This includes contributions to a qualified organization if you indicate that your contribution is for a specific person. But you can deduct a contribution that you give to a qualified organization that in turn helps needy or worthy individuals if you do not indicate that your contribution is for a specific person.

    **Example.** You can deduct contributions earmarked for flood relief, hurricane relief, or other disaster relief to a qualified organization. However, you cannot deduct contributions earmarked for relief of a particular individual or family.

- Payments to a member of the clergy that can be spent as he or she wishes, such as for personal expenses.

- Expenses you paid for another person who provided services to a qualified organization.

    **Example.** Your son does missionary work. You pay his expenses. You cannot claim a deduction for your son's unreimbursed expenses related to his contribution of services.

- Payments to a hospital that are for a specific patient's care or for services for a specific patient. You cannot deduct these payments even if the hospital is

Tab 75    Page 5 of 19
Page 5 of 19

operated by a city, state, or other qual-
ified organization.

## Contributions to Nonqualified Organizations

You cannot deduct contributions to organiza-
tions that are not qualified to receive tax-
deductible contributions, including the follow-
ing organizations.

1) **Certain state bar associations** if:

   a) The state bar is not a political sub-
      division of a state,

   b) The bar has private, as well as
      public, purposes, such as promot-
      ing the professional interests of
      members, and

   c) Your contribution is unrestricted
      and can be used for private pur-
      poses.

2) **Chambers of commerce** and other
   business leagues or organizations.

3) **Civic leagues and associations.**

4) **Communist organizations.**

5) **Country clubs** and other social clubs.

6) **Foreign organizations** other than:

   a) A U.S. organization that transfers
      funds to a charitable foreign organ-
      ization if the U.S. organization con-
      trols the use of the funds or if the
      foreign organization is only an ad-
      ministrative arm of the U.S. organ-
      ization, or

   b) Certain Canadian, Israeli, or
      Mexican charitable organizations.
      See Canadian charities, Mexican
      charities, and Israeli charities under
      Organizations That Qualify To Re-
      ceive Deductible Contributions,
      earlier.

7) **Homeowners' associations.**

8) **Labor unions.** But you may be able to
   deduct union dues as a miscellaneous
   itemized deduction, subject to the
   2%-of-adjusted-gross-income limit, on
   Schedule A (Form 1040). See Publica-
   tion 529, Miscellaneous Deductions.

9) **Political organizations and candi-
   dates.**

## Contributions From Which You Benefit

If you receive or expect to receive a financial
or economic benefit as a result of making a
contribution to a qualified organization, you
cannot deduct the part of the contribution that
represents the value of the benefit you re-
ceive. See Contributions From Which You
Benefit under Contributions You Can Deduct,
earlier. These contributions include:

- Contributions for **lobbying**. This includes
  amounts that you earmark for use in, or
  in connection with, influencing specific
  legislation.

- Contributions to a **retirement home** that
  are clearly for room, board, maintenance,
  or admittance. Also, if the amount of your
  contribution depends on the type or size

of apartment you will occupy, it is not a
charitable contribution.

- Costs of **raffles, bingo, lottery, etc.** You
  cannot deduct as a charitable contribution
  amounts you pay to buy raffle or lottery
  tickets or to play bingo or other games
  of chance. For information on how to re-
  port gambling winnings and losses, see
  Deductions Not Subject to the 2% Limit
  in Publication 529.

- Dues to **fraternal orders** and similar
  groups. However, see Membership fees
  or dues under Contributions From Which
  You Benefit, earlier.

- **Tuition,** or amounts you pay instead of
  tuition, even if you pay them for children
  to attend parochial schools or qualifying
  nonprofit day-care centers. You also
  cannot deduct any fixed amount you may
  be required to pay in addition to the tui-
  tion fee to enroll in a private school, even
  if it is designated as a "donation."

- **Contributions connected with split-
  dollar insurance arrangements.** You
  cannot deduct any part of a contribution
  to a charitable organization if, in con-
  nection with the contribution, the organ-
  ization directly or indirectly pays, has
  paid, or is expected to pay any premium
  on any life insurance, annuity, or endow-
  ment contract for which you, any member
  of your family or any other person chosen
  by you (other than a qualified charitable
  organization) is a beneficiary.

  **Example.** You donate money to a
  charitable organization. The charity uses
  the money to purchase a cash value life
  insurance policy. The beneficiaries under
  the insurance policy include members of
  your family. Even though the charity may
  eventually get some benefit out of the
  insurance policy, you cannot deduct any
  part of the donation.

## Value of Time or Services

You cannot deduct the value of your time or
services, including:

- **Blood donations** to the Red Cross or
  to blood banks, and

- **The value of income lost** while you work
  as an unpaid volunteer for a qualified or-
  ganization.

## Personal Expenses

You cannot deduct personal, living, or family
expenses, such as the following items.

- **The cost of meals** you eat while you
  perform services for a qualified organ-
  ization, unless it is necessary for you to
  be away from home overnight while per-
  forming the services.

- **Adoption expenses,** including fees paid
  to an adoption agency and the costs of
  keeping a child in your home before
  adoption is final. However, you may be
  able to claim a tax credit for these ex-
  penses. Also, you may be able to exclude
  from your gross income amounts paid or
  reimbursed by your employer for your
  adoption expenses. See Publication 968,
  Tax Benefits for Adoption, for more in-
  formation. You also may be able to claim
  an exemption for the child. See Adoption
  in Publication 501 for more information.

## Appraisal Fees

Fees that you pay to find the fair market value
of donated property are not deductible as
contributions. You can claim them, subject to
the 2%-of-adjusted-gross-income limit, as a
miscellaneous itemized deduction on Sched-
ule A (Form 1040). See Deductions Subject
to the 2% Limit in Publication 529 for more
information.

## Partial Interest in Property

Generally, you cannot deduct a contribution
of less than your entire interest in property.
For details, see Partial interest in property
under Contributions of Property, later.

# Contributions of Property

If you contribute property to a qualified or-
ganization, the amount of your charitable
contribution is generally the **fair market value**
of the property at the time of the contribution.
However, if the property has increased in
value, you may have to make some adjust-
ments to the amount of your deduction. See
Giving Property That Has Increased in
Value, later.

For information about the records you
must keep and the information you must fur-
nish with your return if you donate property,
see Records To Keep and How To Report,
later.

## Contributions Subject to Special Rules

Special rules apply if you contributed:

- Property subject to a debt,

- A partial interest in property,

- A future interest in tangible personal
  property, or

- Inventory from your business.

  These special rules are described next.

**Property subject to a debt.** If you contribute
property subject to a debt (such as a mort-
gage), you must reduce the fair market value
of the property by:

1) Any allowable deduction for interest that
   you paid (or will pay) attributable to any
   period after the contribution, and

2) If the property is a bond, the lesser of:

   a) Any allowable deduction for interest
      you paid (or will pay) to buy or carry
      the bond that is attributable to any
      period before the contribution, or

   b) The interest, including bond dis-
      count, receivable on the bond that
      is attributable to any period before
      the contribution, and that is not
      includible in your income due to
      your accounting method.

This prevents a double deduction of the same
amount as investment interest and also as a
charitable contribution.

If the debt is assumed by the recipient (or
another person), you must also reduce the

fair market value of the property by the amount of the outstanding debt.

If you sold the property to a qualified organization at a bargain price, the amount of the debt is also treated as an amount realized on the sale or exchange of property. For more information, see *Bargain Sales* under *Giving Property That Has Increased in Value*, later.

**Partial interest in property.** Generally, you cannot deduct a charitable contribution (not made by a transfer in trust) of less than your entire interest in property. A contribution of the right to use property is a contribution of less than your entire interest in that property and is not deductible.

*Example 1.* You own a 10-story office building and donate rent-free use of the top floor to a charitable organization. Since you still own the building, you have contributed a partial interest in the property and cannot take a deduction for the contribution.

*Example 2.* Mandy White owns a vacation home at the beach that she sometimes rents to others. For a fund-raising auction at her church, she donated the right to use the vacation home for one week. At the auction, the church received and accepted a bid from Lauren Green equal to the fair rental value of the home for one week. Mandy cannot claim a deduction because of the partial interest rule just discussed.

*Note.* Lauren cannot claim a deduction either because she received a benefit equal to the amount of her payment. See *Contributions From Which You Benefit*, earlier.

*Exceptions.* You can deduct a charitable contribution of a partial interest in property only if that interest represents one of the following listed items.

1) A remainder interest in your personal home or farm. A remainder interest is one that passes to a beneficiary after the end of an earlier interest in the property.
   *Example.* You keep the right to live in your home during your lifetime and give your church a remainder interest that begins upon your death.

2) An undivided part of your entire interest. This must consist of a part of every substantial interest or right you own in the property and must last as long as your interest in the property lasts.
   *Example.* You contribute voting stock to a qualified organization but keep the right to vote the stock. The right to vote is a substantial right in the stock. You have not contributed an undivided part of your entire interest and cannot deduct your contribution.

3) A partial interest that would be deductible if transferred in trust.

4) A qualified conservation contribution (defined under *Qualified conservation contribution* in Publication 561).

For information about how to figure the value of a contribution of a partial interest in property, see *Partial Interest in Property Not in Trust* in Publication 561.

**Future interest in tangible personal property.** You can deduct the value of a charitable contribution of a future interest in tangible personal property only after all intervening

interests in and rights to the actual possession or enjoyment of the property have either expired or been turned over to someone other than yourself, a related person, or a related organization.

Related persons include your spouse, children, grandchildren, brothers, sisters, and parents. Related organizations may include a partnership or corporation that you have an interest in, or an estate or trust that you have a connection with.

*Tangible personal property.* This is any property, other than land or buildings, that can be seen or touched. It includes furniture, books, jewelry, paintings, and cars.

*Future interest.* This is any interest that is to begin at some future time, regardless of whether it is designated as a future interest under state law.

*Example.* You own an antique car that you contribute to a museum. You give up ownership, but retain the right to keep the car in your garage with your personal collection. Since you keep an interest in the property, you cannot deduct the contribution. If you turn the car over to the museum in a later year, giving up all rights to its use, possession, and enjoyment, you can take a deduction for the contribution in that later year.

**Inventory.** If you contribute inventory (property that you sell in the course of your business), the amount you can claim as a contribution deduction is the smaller of its fair market value on the day you contributed it or its basis. The basis of donated inventory is any cost incurred for the inventory in an earlier year that you would otherwise include in your opening inventory for the year of the contribution. You must remove the amount of your contribution deduction from your opening inventory. It is not part of the cost of goods sold.

If the cost of donated inventory is not included in your opening inventory, the inventory's basis is zero and you cannot claim a charitable contribution deduction. Treat the inventory's cost as you would ordinarily treat it under your method of accounting. For example, include the purchase price of inventory bought and donated in the same year in the cost of goods sold for that year.

## Determining Fair Market Value

This section discusses general guidelines for determining the fair market value of various types of donated property. Publication 561 contains a more complete discussion.

Fair market value is the price at which property would change hands between a willing buyer and a willing seller, neither having to buy or sell, and both having reasonable knowledge of all the relevant facts.

**Used clothing.** The fair market value of used clothing and other personal items is usually far less than the price you paid for them. There are no fixed formulas or methods for finding the value of items of clothing.

You should claim as the value the price that buyers of used items actually pay in used clothing stores, such as consignment or thrift shops.

**Household goods.** The fair market value of used household goods, such as furniture, appliances, and linens, is usually much lower than the price paid when new. These items

may have little or no market value because they are in a worn condition, out of style, or no longer useful. For these reasons, formulas (such as using a percentage of the cost to buy a new replacement item) are not acceptable in determining value.

You should support your valuation with photographs, canceled checks, receipts from your purchase of the items, or other evidence. Magazine or newspaper articles and photographs that describe the items and statements by the recipients of the items are also useful. Do not include any of this evidence with your tax return.

If the property is valuable because it is old or unique, see the discussion under *Paintings, Antiques, and Other Objects of Art* in Publication 561.

**Cars, boats, and aircraft.** If you contribute a car, boat, or aircraft to a charitable organization, you must determine its fair market value.

Certain commercial firms and trade organizations publish guides, commonly called "blue books," containing complete dealer sale prices or dealer average prices for recent model years. The guides may be published monthly or seasonally, and for different regions of the country. These guides also provide estimates for adjusting for unusual equipment, unusual mileage, and physical condition. The prices are not "official" and these publications are not considered an appraisal of any specific donated property. But they do provide clues for making an appraisal and suggest relative prices for comparison with current sales and offerings in your area.

These publications are sometimes available from public libraries or from the loan officer at a bank, credit union, or finance company.

Except for inexpensive small boats, the valuation of boats should be based on an appraisal by a marine surveyor because the physical condition is critical to the value.

*Example.* You donate your car to a local high school for use by students studying automobile repair. Your credit union told you that the "blue book" value of the car is $1,600. However, your car needs extensive repairs and, after some checking, you find that you could sell it for $750. You can deduct $750, the *true* fair market value of the car, as a charitable contribution.

**Large quantities.** If you contribute a large number of the same item, fair market value is the price at which comparable numbers of the item are being sold.

*Example.* You purchase 500 bibles for $1,000. The person who sells them to you says the retail value of these bibles is $3,000. If you contribute the bibles to a qualified organization, you can claim a deduction only for the price at which similar numbers of the same bible are currently being sold. Your charitable contribution is $1,000, unless you can show that similar numbers of that bible were selling at a different price at the time of the contribution.

## Giving Property That Has Decreased in Value

If you contribute property with a fair market value that is less than your basis in it, your deduction is limited to its fair market value. You cannot claim a deduction for the differ-

Tab 75
Page 7 of 19
Page 7

ence between the property's basis and its fair market value.

Your **basis** in property is generally what you paid for it. If you need more information about basis, get Publication 551, *Basis of Assets.* You may want to get Publication 551 if you contribute property that you:

- Received as a gift or inheritance,
- Used in a trade, business, or activity conducted for profit, or
- Claimed a casualty loss deduction for.

Common examples of property that decreases in value include clothing, furniture, appliances, and cars.

## Giving Property That Has Increased in Value

If you contribute property with a fair market value that is more than your basis in it, you may have to **reduce the fair market value** by the amount of appreciation (increase in value) when you figure your deduction.

Your basis in property is generally what you paid for it. If you need more information about basis, get Publication 551.

Different rules apply to figuring your deduction, depending on whether the property is:

1) Ordinary income property, or

2) Capital gain property.

## Ordinary Income Property

Property is ordinary income property if its sale at fair market value on the date it was contributed would have resulted in ordinary income or in short-term capital gain. Examples of ordinary income property are inventory, works of art created by the donor, manuscripts prepared by the donor, and capital assets (defined later, under *Capital Gain Property*) held 1 year or less.

**Property used in a trade or business.** Property used in a trade or business is considered ordinary income property to the extent of any gain that would have been treated as ordinary income because of depreciation had the property been sold at its fair market value at the time of contribution. See chapter 3 of Publication 544, *Sales and Other Dispositions of Assets,* for the kinds of property to which this rule applies.

**Amount of deduction.** The amount you can deduct for a contribution of ordinary income property is its fair market value **less** the amount that would be ordinary income or short-term capital gain if you sold the property for its fair market value. Generally, this rule limits the deduction to your basis in the property.

**Example.** You donate stock that you held for 5 months to your church. The fair market value of the stock on the day you donate it is $1,000, but you paid only $800 (your basis). Because the $200 of appreciation would be short-term capital gain if you sold the stock, your deduction is limited to $800 (fair market value less the appreciation).

**Exception.** Do not reduce your charitable contribution if you include the ordinary or capital gain income in your gross income in the same year as the contribution. See *Ordinary or capital gain income included in gross*

*income* under *Capital Gain Property,* next, if you need more information.

## Capital Gain Property

Property is capital gain property if its sale at fair market value on the date of the contribution would have resulted in long-term capital gain. Capital gain property includes capital assets held more than 1 year.

**Capital assets.** Capital assets include most items of property that you own and use for personal purposes or investment. Examples of capital assets are stocks, bonds, jewelry, coin or stamp collections, and cars or furniture used for personal purposes.

For purposes of figuring your charitable contribution, capital assets also include certain real property and depreciable property used in your trade or business and, generally, held more than 1 year. (You may have to treat this property as partly ordinary income property and partly capital gain property.)

**Real property.** Real property is land and generally anything that is built on, growing on, or attached to land.

**Depreciable property.** Depreciable property is property used in business or held for the production of income and for which a depreciation deduction is allowed.

For more information about what is a capital asset, see chapter 2 of Publication 544.

**Amount of deduction – general rule.** When figuring your deduction for a gift of capital gain property, you usually can use the **fair market value** of the gift.

**Exceptions.** However, in certain situations, you must **reduce the fair market value** by any amount that would have been long-term capital gain if you had sold the property for its fair market value. Generally, this means reducing the fair market value to the property's cost or other basis. You must do this *if:*

1) The property (other than qualified appreciated stock) is contributed to certain private nonoperating foundations,

2) The contributed property is tangible personal property that is put to an unrelated use by the charity, or

3) You choose the 50% limit instead of the 30% limit, discussed later.

**Contributions to private nonoperating foundations.** The reduced deduction applies to contributions to all private nonoperating foundations other than those qualifying for the 50% limit, discussed later.

However, the reduced deduction does not apply to contributions of qualified appreciated stock. Qualified appreciated stock is any stock in a corporation that is capital gain property and for which market quotations are readily available on an established securities market on the day of the contribution. But stock in a corporation does not count as qualified appreciated stock to the extent you and your family contributed more than 10% of the value of all the outstanding stock in the corporation.

**Contributions of tangible personal property.** The term tangible personal property means any property, other than land or buildings, that can be seen or touched. It includes furniture, books, jewelry, paintings, and cars.

The term **unrelated use** means a use that is unrelated to the exempt purpose or function of the charitable organization. For a governmental unit, it means the use of the contributed property for other than exclusively public purposes.

**Example.** If a painting contributed to an educational institution is used by that organization for educational purposes by being placed in its library for display and study by art students, the use is not an unrelated use. But if the painting is sold and the proceeds are used by the organization for educational purposes, the use is an unrelated use.

**Ordinary or capital gain income included in gross income.** You do not reduce your charitable contribution if you include the ordinary or capital gain income in your gross income in the same year as the contribution. This may happen when you transfer installment or discount obligations or when you assign income to a charitable organization. If you contribute an obligation received in a sale of property that is reported under the installment method, see Publication 537, *Installment Sales.*

**Example.** You donate an installment note to a qualified organization. The note has a fair market value of $10,000 and a basis to you of $7,000. As a result of the donation, you have a short-term capital gain of $3,000 ($10,000 − $7,000), which you include in your income for the year. Your charitable contribution is $10,000.

## Bargain Sales

A bargain sale of property to a qualified organization (a sale or exchange for less than the property's fair market value) is partly a charitable contribution and partly a sale or exchange.

**Part that is a sale or exchange.** The part of the bargain sale that is a sale or exchange may result in a taxable gain. For more information on determining the amount of any taxable gain, see *Bargain sales to charity* in chapter 1 of Publication 544.

**Part that is a charitable contribution.** Figure the amount of your charitable contribution in three steps.

**Step 1.** Subtract the amount you received for the property from the property's fair market value at the time of sale. This gives you the fair market value of the contributed part.

**Step 2.** Find the adjusted basis of the contributed part. It equals:

$$\text{Adjusted basis of entire property} \times \frac{\text{Fair market value of contributed part}}{\text{Fair market value of entire property}}$$

**Step 3.** Determine whether the amount of your charitable contribution is the fair market value of the contributed part (which you found in *Step 1*) or the adjusted basis of the contributed part (which you found in *Step 2*). Generally, if the property sold was capital gain property, your charitable contribution is the fair market value of the contributed part. If it was ordinary income property, your charitable contribution is the adjusted basis of the contributed part. See the ordinary income property and capital gain property rules (discussed earlier) for more information.

**Example.** You sell ordinary income property with a fair market value of $10,000 to a church for $2,000. Your basis is $4,000 and your adjusted gross income is $20,000. You make no other contributions during the year. The fair market value of the contributed part of the property is $8,000 ($10,000 − $2,000). The adjusted basis of the contributed part is $3,200 ($4,000 × [$8,000 ÷ $10,000]). Because the property is ordinary income property, your charitable contribution deduction is limited to the adjusted basis of the contributed part. You can deduct $3,200.

## Penalty

You may be liable for a penalty if you overstate the value or adjusted basis of donated property.

**20% penalty.** The penalty is 20% of the amount by which you underpaid your tax because of the overstatement, if:

1) The value or adjusted basis claimed on your return is 200% or more of the correct amount, and

2) You underpaid your tax by more than $5,000 because of the overstatement.

**40% penalty.** The penalty is 40%, rather than 20%, if:

1) The value or adjusted basis claimed on your return is 400% or more of the correct amount, and

2) You underpaid your tax by more than $5,000 because of the overstatement.

## When To Deduct

You can deduct your contributions only in the year you actually make them in cash or other property (or in a succeeding carryover year, as explained under *How To Figure Your Deduction When Limits Apply,* later). This applies whether you use the cash or an accrual method of accounting.

**Time of making contribution.** Usually, you make a contribution at the time of its unconditional delivery.

**Checks.** A check that you mail to a charity is considered delivered on the date you mail it.

**Credit card.** Contributions charged on your bank credit card are deductible in the year you make the charge.

**Pay-by-phone account.** If you use a pay-by-phone account, the date you make a contribution is the date the financial institution pays the amount. This date should be shown on the statement the financial institution sends to you.

**Stock certificate.** The gift to a charity of a properly endorsed stock certificate is completed on the date of mailing or other delivery to the charity or to the charity's agent. However, if you give a stock certificate to your agent or to the issuing corporation for transfer to the name of the charity, your gift is not completed until the date the stock is transferred on the books of the corporation.

**Promissory note.** If you issue and deliver a promissory note to a charitable organization as a contribution, it is not a contribution until you make the note payments.

**Option.** If you grant an option to buy real property at a bargain price to a charitable organization, you cannot take a deduction until the organization exercises the option.

**Borrowed funds.** If you make a contribution with borrowed funds, you can deduct the contribution in the year you make it, regardless of when you repay the loan.

**Conditional gift.** If your contribution is a conditional gift that depends on a future act or event that may not take place, you cannot take a deduction. But if there is only a negligible chance that the act or event will not take place, you can take a deduction.

If your contribution would be undone by a later act or event, you cannot take a deduction. But if there is only a negligible chance that the act or event will take place, you can take a deduction.

**Example 1.** You donate cash to a local school board, which is a political subdivision of a state, to help build a school gym. The school board will refund the money to you if it does not collect enough to build the gym. You cannot deduct your gift as a charitable contribution until there is no chance of a refund.

**Example 2.** You donate land to a city for as long as the city uses it for a public park. The city does plan to use the land for a park, and there is no chance (or only a negligible chance) of the land being used for any different purpose. You can deduct your charitable contribution.

## Limits on Deductions

If your total contributions for the year are 20% or less of your adjusted gross income, you do not need to read this section. The limits discussed here do not apply to you.

The amount of your deduction may be limited to either **20%, 30%, or 50%** of your adjusted gross income, depending on the type of property you give and the type of organization you give it to. These limits are described below.

If your contributions are more than any of the limits that apply, see *Carryovers* under *How To Figure Your Deduction When Limits Apply,* later.

**Out-of-pocket expenses.** Amounts you spend performing services for a charitable organization, which qualify as charitable contributions, are subject to the limit of the organization. For example, the 50% limit applies to amounts you spend on behalf of a church, a 50% limit organization. These amounts are considered a contribution *to* a qualified organization.

## 50% Limit

The 50% limit applies to the total of all charitable contributions you make during the year. This means that your deduction for charitable contributions cannot be more than 50% of your adjusted gross income for the year.

**Only limit for 50% organizations.** The 50% limit is the only limit that applies to organizations listed below under *50% Limit Organizations.* But there is one exception.

**Exception.** The 30% limit also applies to these gifts if they are gifts of capital gain property for which you figure your deduction

using fair market value without reduction for appreciation. (See *30% Limit* later.)

## 50% Limit Organizations

You can ask any organization whether it is a 50% limit organization, and most will be able to tell you. Or you may check IRS Publication 78 (described earlier).

Only the following types of organizations are 50% limit organizations.

1) Churches, and conventions or associations of churches.

2) Educational organizations with a regular faculty and curriculum that normally have a regularly enrolled student body attending classes on site.

3) Hospitals and certain medical research organizations associated with these hospitals.

4) Organizations that are operated only to receive, hold, invest, and administer property and to make expenditures to or for the benefit of state and municipal colleges and universities and that normally receive substantial support from the United States or any state or their political subdivisions, or from the general public.

5) The United States or any state, the District of Columbia, a U.S. possession (including Puerto Rico), a political subdivision of a state or U.S. possession, or an Indian tribal government or any of its subdivisions that perform substantial government functions.

6) Corporations, trusts, or community chests, funds, or foundations organized and operated only for charitable, religious, educational, scientific, or literary purposes, or to prevent cruelty to children or animals, or to foster certain national or international amateur sports competition. These organizations must be "publicly supported," which means they normally must receive a substantial part of their support, other than income from their exempt activities, from direct or indirect contributions from the general public or from governmental units.

7) Organizations that may not qualify as "publicly supported" under (6) but that meet other tests showing they respond to the needs of the general public, not a limited number of donors or other persons. They must normally receive more than one-third of their support either from organizations described in (1) through (6), or from persons other than "disqualified persons."

8) Most organizations operated or controlled by, and operated for the benefit of, those organizations described in (1) through (7).

9) Private operating foundations.

10) Private nonoperating foundations that make qualifying distributions of 100% of contributions within 2½ months following the year they receive the contribution. A deduction for charitable contributions to any of these private nonoperating foundations must be supported by evidence from the foundation confirming that it made the qualifying distributions timely. Attach a copy of this supporting data to your tax return.

Tab 75
Page 9 of 19

11) A private foundation whose contributions are pooled into a common fund, if the foundation would be described in (8) above but for the right of substantial contributors to name the public charities that receive contributions from the fund. The foundation must distribute the common fund's income within 2½ months following the tax year in which it was realized and must distribute the corpus not later than 1 year after the donor's death (or after the death of the donor's surviving spouse if the spouse can name the recipients of the corpus).

## 30% Limit

The 30% limit applies to the following gifts.

- Gifts of capital gain property to 50% capital gain organizations. (For other gifts of capital gain property, see *20% Limit,* next.) However, the 30% limit does not apply when you choose to reduce the fair market value of the property by the amount that would have been long-term capital gain if you had sold the property. Instead, only the 50% limit applies. See *Capital Gain Property,* earlier, and *Capital gain property election* under *How To Figure Your Deduction When Limits Apply,* later.

- Gifts (other than gifts of capital gain property – see *20% Limit,* next) **for the use of** any organization.

- Gifts (other than gifts of capital gain property – see *20% Limit,* next) to all qualified organizations other than 50% limit organizations.  This includes gifts to veterans' organizations, fraternal societies, nonprofit cemeteries, and certain private nonoperating foundations.

**Student living with you.** Amounts you spend on behalf of a student living with you are subject to the 30% limit. These amounts are considered a contribution **for the use of** a qualified organization.

## 20% Limit

The 20% limit applies to all gifts of capital gain property to or for the use of qualified organizations (other than gifts of capital gain property to 50% limit organizations).

## How To Figure Your Deduction When Limits Apply

If your contributions are subject to more than one of the limits just discussed, you can deduct them as follows.

1) Contributions subject only to the **50% limit,** up to 50% of your adjusted gross income.

2) Contributions subject to the **30% limit,** up to the **lesser** of:

 a) 30% of adjusted gross income, or

 b) 50% of adjusted gross income **minus** your contributions to 50% limit organizations, **including** contributions of capital gain property subject to the 30% limit.

3) Contributions of **capital gain property** subject to the **30% limit,** up to the **lesser** of:

 a) 30% of adjusted gross income, or

 b) 50% of adjusted gross income **minus** your other contributions to 50% limit organizations.

4) Contributions subject to the **20% limit,** up to the **lesser** of:

 a) 20% of adjusted gross income,

 b) 30% of adjusted gross income **minus** your contributions subject to the 30% limit,

 c) 30% of adjusted gross income **minus** your contributions of capital gain property subject to the 30% limit, or

 d) 50% of adjusted gross income **minus** the total of your contributions to 50% limit organizations and your contributions subject to the 30% limit.

If more than one of the limits described above limit your deduction for charitable contributions, you may want to use the worksheet in *Table 4* on page 16 to figure your deduction and your carryover.

**Example.** Your adjusted gross income is $50,000. During the year, you gave your church $2,000 cash and land with a fair market value of $28,000 and a basis of $22,000. You held the land for investment purposes. You do not choose to reduce the fair market value of the land by the appreciation in value. You also gave $5,000 cash to a private foundation to which the 30% limit applies.

The $2,000 cash donated to the church is considered first and is fully deductible. Your contribution to the private foundation is considered next. Because your contributions to 50% limit organizations ($2,000 + $28,000) are more than $25,000 (50% of $50,000), your contribution to the private foundation is not deductible for the year. It can be carried over to later years. See *Carryovers,* later. The gift of land is considered next. Your deduction for the land is limited to $15,000 (30% × $50,000). The unused part of the gift of land ($13,000) can be carried over. For this year, your deduction is limited to $17,000 ($2,000 + $15,000).

A *Filled-In Worksheet for Limit on Deductions* in *Table 3* on page 11 shows this computation in detail.

**Capital gain property election.** You may choose the 50% limit for gifts of capital gain property to 50% limit organizations instead of the 30% limit that would otherwise apply. If you make this choice, you must reduce the fair market value of the property contributed by the appreciation in value that would have been long-term capital gain if the property had been sold.

This choice applies to all capital gain property contributed to 50% limit organizations during a tax year. It also applies to carryovers of this kind of contribution from an earlier tax year. For details, see *Carryover of capital gain property,* later.

You must make the choice on your original return or on an amended return filed by the due date for filing the original return.

**Example.** In the previous example, if you choose to have the 50% limit apply to the land (the 30% capital gain property) given to your church, you must reduce the fair market value of the property by the appreciation in value.

Therefore, the amount of your charitable contribution for the land would be its basis to you of $22,000. You add this amount to the $2,000 cash contributed to the church. You can now deduct $1,000 of the amount donated to the private foundation because your contributions to 50% limit organizations ($2,000 + $22,000) are $1,000 less than the 50%-of-adjusted-gross-income limit. Your total deduction for the year is $25,000 ($2,000 cash to your church, $22,000 for property donated to your church, and $1,000 cash to the private foundation). You can carry over to later years the part of your contribution to the private foundation that you could not deduct ($4,000).

## Carryovers

You can carry over your contributions that you are not able to deduct in the current year because they exceed your adjusted-gross-income limits. You can deduct the excess in each of the next 5 years until it is used up, but not beyond that time. Your total contributions deduction for the year to which you carry your contributions cannot exceed 50% of your adjusted gross income for that year.

Contributions you carry over are subject to the same percentage limits in the year to which they are carried. For example, contributions subject to the 20% limit in the year in which they are made are 20% limit contributions in the year to which they are carried.

For each category of contributions, you deduct carryover contributions only after deducting all allowable contributions in that category for the current year. If you have carryovers from 2 or more prior years, use the carryover from the earlier year first.

**Example 1.** Last year, you contributed $11,000 to a 50% limit organization, but because of the limit you deducted only $10,000 and carried over $1,000 to this year. This year your adjusted gross income is $20,000 and you contribute $9,500 to a 50% limit organization. You can deduct $10,000 (50% of $20,000) this year. Consequently, in addition to your contribution of $9,500 for this year, you can deduct $500 of your carryover contribution from last year. You can carry over the $500 balance of your carryover from last year to next year.

**Example 2.** This year your adjusted gross income is $24,000. You make cash contributions of $6,000 to which the 50% limit applies and $3,000 to which the 30% limit applies. You have a contribution carryover from last year of $5,000 for capital gain property contributed to a 50% limit organization and subject to the 30% limit for contributions of capital gain property.

Your contribution deduction for this year is limited to $12,000 (50% of $24,000). Your 50% limit contributions of $6,000 are fully deductible.

The deduction for your 30% limit contributions of $3,000 is limited to $1,000. This is the lesser of:

1) $7,200 (30% of $24,000), or

2) $1,000 ($12,000 minus $11,000).

(The $12,000 amount is 50% of $24,000, your adjusted gross income. The $11,000 amount is the sum of your current and carryover contributions to 50% limit organizations, $6,000 + $5,000.)

The deduction for your $5,000 carryover is subject to the 30% limit for contributions of

Table 3.   Filled-In Worksheet for Limit on Deductions

> Who can use this worksheet. You can use this worksheet if you made charitable contributions during the year, and one or more of the limits described in this publication under *Limits on Deductions* apply to you. You cannot use this worksheet if you have a carryover of a charitable contribution from an earlier year.
>
> General instructions:
> - The terms used in this worksheet are explained earlier in this publication.
> - If your answer to any line is less than zero, enter zero.
> - For contributions of property, enter the property's fair market value unless you elected (or were required) to reduce the fair market value as explained under *Giving Property That Has Increased in Value.* In that case, enter the reduced amount.

**Step 1. List your charitable contributions made during the year.**

| | | |
|---|---|---|
| 1. Enter your contributions to 50% limit organizations. (Include contributions of capital gain property if you reduced the property's fair market value. Do not include contributions of capital gain property deducted at fair market value.) | 1 | 2,000 |
| 2. Enter your contributions to 50% limit organizations of capital gain property deducted at fair market value | 2 | 28,000 |
| 3. Enter your contributions (other than of capital gain property) to qualified organizations that are not 50% limit organizations | 3 | 5,000 |
| 4. Enter your contributions "for the use of" any qualified organization. (But do not enter here any amount that must be entered on line 6.) | 4 | -0- |
| 5. Add lines 3 and 4 | 5 | 5,000 |
| 6. Enter your contributions of capital gain property to or for the use of any qualified organization. (But do not enter here any amount entered on line 1 or 2.) | 6 | -0- |

**Step 2. Figure your deduction for the year and your carryover to the next year.**

| | | | Deduct this year | Carryover to next year |
|---|---|---|---|---|
| 7. Enter your adjusted gross income | 7 | | 50,000 | |
| 8. Multiply line 7 by 0.5. This is your 50% limit | 8 | | 25,000 | |
| ***Contributions to 50% limit organizations*** | | | | |
| 9. Enter the smaller of line 1 or line 8 | 9 | | 2,000 | |
| 10. Subtract line 9 from line 1 | 10 | | | -0- |
| 11. Subtract line 9 from line 8 | 11 | 23,000 | | |
| ***Contributions not to 50% limit organizations*** | | | | |
| 12. Add lines 1 and 2 | 12 | 30,000 | | |
| 13. Multiply line 7 by 0.3. This is your 30% limit | 13 | 15,000 | | |
| 14. Subtract line 12 from line 8 | 14 | -0- | | |
| 15. Enter the smallest of line 5, 13, or 14 | 15 | | -0- | |
| 16. Subtract line 15 from line 5 | 16 | | | 5,000 |
| 17. Subtract line 15 from line 13 | 17 | 15,000 | | |
| ***Contributions of capital gain property to 50% limit organizations*** | | | | |
| 18. Enter the smallest of line 2, 11, or 13 | 18 | | 15,000 | |
| 19. Subtract line 18 from line 2 | 19 | | | 13,000 |
| 20. Subtract line 15 from line 14 | 20 | -0- | | |
| 21. Subtract line 18 from line 13 | 21 | -0- | | |
| ***Contributions of capital gain property not to 50% limit organizations*** | | | | |
| 22. Multiply line 7 by 0.2. This is your 20% limit | 22 | 10,000 | | |
| 23. Enter the smallest of line 6, 17, 20, 21, or 22 | 23 | | -0- | |
| 24. Subtract line 23 from line 6 | 24 | | | -0- |

**Step 3. Summarize your deductions and carryovers.**

| | | | |
|---|---|---|---|
| 25. Add lines 9, 15, 18, and 23. Enter the total here and on Schedule A (Form 1040) | 25 | 17,000 | |
| 26. Add lines 10, 16, 19, and 24. Enter the total here. Carry it forward to Schedule A next year | 26 | | 18,000 |

Tab 75
Page 11 of 19
Page 11

capital gain property. This means it is limited to the smaller of:

1) $7,200 (your 30% limit), or

2) $6,000 ($12,000, your 50% limit, minus $6,000, the amount of your cash contributions to 50% limit organizations this year).

Since your $5,000 carryover is less than both $7,200 and $6,000, you can deduct it in full.

Your deduction is $12,000 ($6,000 + $1,000 + $5,000). You carry over the $2,000 balance of your 30% limit contributions for this year to next year.

**Carryover of capital gain property.** If you carry over contributions of capital gain property subject to the 30% limit and you choose in the next year to use the 50% limit and take appreciation into account, you must refigure the carryover. You reduce the fair market value of the property by the appreciation and reduce that result by the amount actually deducted in the previous year.

*Example.* Last year your adjusted gross income was $50,000 and you contributed capital gain property valued at $27,000 to a 50% limit organization and did not choose to use the 50% limit. Your basis in the property was $20,000. Your deduction was limited to $15,000 (30% of $50,000), and you carried over $12,000. This year your adjusted gross income is $60,000 and you contribute capital gain property valued at $25,000 to a 50% limit organization. Your basis in the property is $24,000 and you choose to use the 50% limit. You must refigure your carryover as if you had taken appreciation into account last year as well as this year. Because the amount of your contribution last year would have been $20,000 (the property's basis) instead of the $15,000 you actually deducted, your refigured carryover is $5,000 ($20,000 − $15,000). Your total deduction this year is $29,000 (your $24,000 current contribution plus your $5,000 carryover).

**Additional rules for carryovers.** Special rules exist for computing carryovers if you:

• Were married in some years but not others,

• Had different spouses in different years,

• Change from a separate return to a joint return in a later year,

• Change from a joint return to a separate return in a later year,

• Had a net operating loss,

• Claim the standard deduction in a carryover year, or

• Become a widow or widower.

Because of their complexity and the limited number of taxpayers to whom these additional rules apply, they are not discussed in this publication. If you need to compute a carryover and you are in one of these situations, you may want to consult with a tax practitioner.

# Records To Keep

You must keep records to prove the amount of the cash and noncash contributions you make during the year. The kind of records you

must keep depends on the amount of your contributions and whether they are cash or noncash contributions.

**Note.** An organization generally must give you a written statement if it receives a payment from you that is more than $75 and is partly a contribution and partly for goods or services. (See *Contributions From Which You Benefit* under *Contributions You Can Deduct,* earlier.) Keep the statement for your records. It may satisfy all or part of the recordkeeping requirements explained in the following discussions.

## Cash Contributions

Cash contributions include those paid by cash, check, credit card, or payroll deduction. They also include your out-of-pocket expenses when donating your services.

For a contribution made in cash, the records you must keep depend on whether the contribution is:

1) Less than $250, or

2) $250 or more.

**Amount of contribution.** In figuring whether your contribution is $250 or more, do not combine separate contributions. For example, if you gave your church $25 each week, your weekly payments do not have to be combined. Each payment is a separate contribution.

If contributions are made by payroll deduction, the deduction from each paycheck is treated as a separate contribution.

If you made a payment that is partly for goods and services, as described earlier under *Contributions From Which You Benefit,* your contribution is the amount of the payment that is more than the value of the goods and services.

### Contributions of Less Than $250

For each cash contribution that is less than $250, you must keep one of the following.

1) A canceled check, *or* a legible and readable account statement that shows:

   a) If payment was by check — the check number, amount, date posted, and to whom paid,

   b) If payment was by electronic funds transfer — the amount, date posted, and to whom paid, or

   c) If payment was charged to a credit card — the amount, transaction date, and to whom paid.

2) A receipt (or a letter or other written communication) from the charitable organization showing the name of the organization, the date of the contribution, and the amount of the contribution.

3) Other reliable written records that include the information described in (2). Records may be considered reliable if they were made at or near the time of the contribution, were regularly kept by you, or if, in the case of small donations, you have buttons, emblems, or other tokens, that are regularly given to persons making small cash contributions.

**Car expenses.** If you claim expenses directly related to use of your car in giving services to a qualified organization, you must keep

reliable written records of your expenses. Whether your records are considered reliable depends on all the facts and circumstances. Generally, they may be considered reliable if you made them regularly and at or near the time you had the expenses.

Your records must show the name of the organization you were serving and the date each time you used your car for a charitable purpose. If you use the standard mileage rate, your records must show the miles you drove your car for the charitable purpose. If you deduct your actual expenses, your records must show the costs of operating the car that are directly related to a charitable purpose.

See *Car expenses* under *Out-of-Pocket Expenses in Giving Services,* earlier, for the expenses you can deduct.

### Contributions of $250 or More

You can claim a deduction for a contribution of $250 or more only if you have an acknowledgment of your contribution from the qualified organization or certain payroll deduction records.

If you made more than one contribution of $250 or more, you must have either a separate acknowledgement for each or one acknowledgment that shows your total contributions.

**Acknowledgement.** The acknowledgment must meet these tests.

1) It must be written.

2) It must include:

   a) The amount of cash you contributed,

   b) Whether the qualified organization gave you any goods or services as a result of your contribution (other than certain token items and membership benefits), and

   c) A description and good faith estimate of the value of any goods or services described in (b). If the only benefit you received was an intangible religious benefit (such as admission to a religious ceremony) that generally is not sold in a commercial transaction outside the donative context, the acknowledgement must say so and does not need to describe or estimate the value of the benefit.

3) You must get it on or before the earlier of:

   a) The date you file your return for the year you make the contribution, or

   b) The due date, including extensions, for filing the return.

**Payroll deductions.** If you make a contribution by payroll deduction, you do not need an acknowledgment from the qualified organization. But if your employer deducted $250 or more from a single paycheck, you must:

1) A pay stub, Form W–2, or other document furnished by your employer that proves the amount withheld, and

2) A pledge card or other document from the qualified organization that states the organization does not provide goods or services in return for any contribution made to it by payroll deduction.

**Out-of-pocket expenses.** If you render services to a qualified organization and have unreimbursed out-of-pocket expenses related to those services, you can satisfy the written acknowledgement requirement just discussed if:

1) You have adequate records to prove the amount of the expenses, and

2) By the required date, you get an acknowledgement from the qualified organization that contains:

   a) A description of the services you provided,

   b) A statement of whether or not the organization provided you any goods or services to reimburse you for the expenses you incurred,

   c) A description and a good faith estimate of the value of any goods or services (other than intangible religious benefits) provided to reimburse you, and

   d) A statement of any intangible religious benefits provided to you.

## Noncash Contributions

For a contribution not made in cash, the records you must keep depend on whether your deduction for the contribution is:

1) Less than $250,

2) At least $250 but not more than $500,

3) Over $500 but not more than $5,000, or

4) Over $5,000.

**Amount of contribution.** In figuring whether your contribution is $250 or more, do not combine separate contributions. If you get goods or services in return, as described earlier in *Contributions From Which You Benefit*, reduce your contribution by the value of those goods or services. If you figure your deduction by reducing the fair market value of the donated property by its appreciation, as described earlier in *Giving Property That Has Increased in Value*, your contribution is the reduced amount.

### Deductions of Less Than $250

If you make any noncash contribution, you must get and keep a receipt from the charitable organization showing:

1) The name of the charitable organization,

2) The date and location of the charitable contribution, and

3) A reasonably detailed description of the property.

A letter or other written communication from the charitable organization acknowledging receipt of the contribution and containing the information in (1), (2), and (3) will serve as a receipt.

You are not required to have a receipt where it is impractical to get one (for example, if you leave property at a charity's unattended drop site).

**Additional records.** You must also keep reliable written records for each item of donated property. Your written records must include the following information.

1) The name and address of the organization to which you contributed.

2) The date and location of the contribution.

3) A description of the property in detail reasonable under the circumstances. For a security, keep the name of the issuer, the type of security, and whether it is regularly traded on a stock exchange or in an over-the-counter market.

4) The fair market value of the property at the time of the contribution and how you figured the fair market value. If it was determined by appraisal, you should also keep a signed copy of the appraisal.

5) The cost or other basis of the property if you must reduce its fair market value by appreciation. Your records should also include the amount of the reduction and how you figured it. If you claim the 50% limit instead of the special 30% limit on certain capital gain property (discussed under *Capital gain property election*, earlier), you must keep a record showing the years for which you made the choice, contributions for the current year to which the choice applies, and carryovers from preceding years to which the choice applies.

6) The amount you claim as a deduction for the tax year as a result of the contribution, if you contribute less than your entire interest in the property during the tax year. Your records must include the amount you claimed as a deduction in any earlier years for contributions of other interests in this property. They must also include the name and address of each organization to which you contributed the other interests, the place where any such tangible property is located or kept, and the name of any person in possession of the property, other than the organization to which you contributed.

7) The terms of any conditions attached to the gift of property.

### Deductions of At Least $250 But Not More Than $500

If you claim a deduction of at least $250 but not more than $500 for a noncash charitable contribution, you must get and keep an acknowledgement of your contribution from the qualified organization. If you made more than one contribution of $250 or more, you must have either a separate acknowledgement for each or one acknowledgement that shows your total contributions.

The acknowledgement must contain the information in items (1) through (3) listed under *Deductions of Less Than $250*, earlier, and your written records must include the information listed in that discussion under *Additional records*.

The acknowledgement must also meet these tests.

1) It must be written.

2) It must include:

   a) A description (but not necessarily the value) of any property you contributed,

   b) Whether the qualified organization gave you any goods or services as a result of your contribution (other

than certain token items and membership benefits), and

   c) A description and good faith estimate of the value of any goods or services described in (b). If the only benefit you received was an intangible religious benefit (such as admission to a religious ceremony) that generally is not sold in a commercial transaction outside the donative context, the acknowledgement must say so and does not need to describe or estimate the value of the benefit.

3) You must get the acknowledgement on or before the earlier of:

   a) The date you file your return for the year you make the contribution, or

   b) The due date, including extensions, for filing the return.

### Deductions Over $500 But Not Over $5,000

If you claim a deduction over $500 but not over $5,000 for a noncash charitable contribution, you must have the acknowledgement and written records described under *Deductions of At Least $250 But Not More Than $500*. Your records must also include:

1) How you got the property, for example, by purchase, gift, bequest, inheritance, or exchange.

2) The approximate date you got the property or, if created, produced, or manufactured by or for you, the approximate date the property was substantially completed.

3) The cost or other basis, and any adjustments to the basis, of property held less than 12 months and, if available, the cost or other basis of property held 12 months or more. This requirement, however, does not apply to publicly traded securities.

If you are not able to provide information on either the date you got the property or the cost basis of the property and you have a reasonable cause for not being able to provide this information, attach a statement of explanation to your return.

### Deductions Over $5,000

If you claim a deduction of over $5,000 for a charitable contribution of one property item or a group of similar property items, you must have the acknowledgement and the written records described under *Deductions Over $500 But Not Over $5,000*. In figuring whether your deduction is over $5,000, combine your claimed deductions for all similar items donated to any charitable organization during the year.

Generally, you must also obtain a qualified written appraisal of the donated property from a qualified appraiser. See *Deductions of More Than $5,000* in Publication 561 for more information.

**Qualified conservation contribution.** If the gift was a "qualified conservation contribution," your records must also include the fair market value of the underlying property before and after the gift and the conservation purpose furthered by the gift. See *Qualified conservation contribution* in Publication 561 for more information.

Tab 75
Page 13 of 19
Page 13

# How To Report

Report your charitable contributions on Schedule A of Form 1040.

If you made noncash contributions, you may also be required to fill out parts of Form 8283. See *Noncash contributions*, later.

**Reporting expenses for student living with you.** If you claim amounts paid for a student who lives with you, as described earlier under *Expenses Paid for Student Living With You*, you must submit with your return:

1)  A copy of your agreement with the organization sponsoring the student placed in your household,

2)  A summary of the various items you paid to maintain the student, and

3)  A statement that gives:

    a)  The date the student became a member of your household,

    b)  The dates of his or her full-time attendance at school, and

    c)  The name and location of the school.

**Noncash contributions.** If your *total* deduction for all noncash contributions for the year is *over $500,* you must complete Section A of **Form 8283,** and attach it to your Form 1040. However, do not complete Section A for items you must report on Section B. See *Deduction over $5,000 for one item,* next, for the items you must report on Section B.

The Internal Revenue Service can disallow your deduction for noncash charitable contributions if it is more than $500 and you do not submit a required Form 8283 with your return.

**Deduction over $5,000 for one item.** You must complete Section B of Form 8283 for each item or group of items for which you claim a deduction of over $5,000. (However, if you contributed certain publicly traded securities, complete Section A instead.) In figuring whether your deduction is over $5,000, combine the claimed deductions for all similar items donated to any charitable organization during the year. The organization that received the property must complete and sign Part IV of Section B.

**Form 8282.** If an organization, within 2 years after the date of receipt of a contribution of property for which it was required to sign a Form 8283, sells, exchanges, or otherwise disposes of the property, the organization must file an information return with the Internal Revenue Service on Form 8282, *Donee Information Return,* and send you a copy of the form. However, if you have informed the organization that the appraised value of the donated item, or a specific item within a group of similar items, is $500 or less, the organization is not required to make a report on its sale of that item. For this purpose, all shares of nonpublicly traded stock or securities, or items that form a set, are considered to be one item.

# How To Get Tax Help

You can get help with unresolved tax issues, order free publications and forms, ask tax questions, and get more information from the IRS in several ways. By selecting the method that is best for you, you will have quick and easy access to tax help.

**Contacting your Taxpayer Advocate.** If you have attempted to deal with an IRS problem unsuccessfully, you should contact your Taxpayer Advocate.

The Taxpayer Advocate represents your interests and concerns within the IRS by protecting your rights and resolving problems that have not been fixed through normal channels. While Taxpayer Advocates cannot change the tax law or make a technical tax decision, they can clear up problems that resulted from previous contacts and ensure that your case is given a complete and impartial review.

To contact your Taxpayer Advocate:

*   Call the Taxpayer Advocate at **1–877–777–4778.**

*   Call the IRS at **1–800–829–1040.**

*   Call, write, or fax the Taxpayer Advocate office in your area.

*   Call **1–800–829–4059** if you are a TTY/TDD user.

For more information, see Publication 1546, *The Taxpayer Advocate Service of the IRS.*

**Free tax services.** To find out what services are available, get Publication 910, *Guide to Free Tax Services.* It contains a list of free tax publications and an index of tax topics. It also describes other free tax information services, including tax education and assistance programs and a list of TeleTax topics.

 **Personal computer.** With your personal computer and modem, you can access the IRS on the Internet at **www.irs.gov.** While visiting our web site, you can select:

*   *Frequently Asked Tax Questions* (located under *Taxpayer Help & Ed*) to find answers to questions you may have.

*   *Forms & Pubs* to download forms and publications or search for forms and publications by topic or keyword.

*   *Fill-in Forms* (located under *Forms & Pubs*) to enter information while the form is displayed and then print the completed form.

*   *Tax Info For You* to view Internal Revenue Bulletins published in the last few years.

*   *Tax Regs in English* to search regulations and the Internal Revenue Code (under *United States Code (USC)*).

*   *Digital Dispatch* and *IRS Local News Net* (both located under *Tax Info For Business*) to receive our electronic newsletters on hot tax issues and news.

*   *Small Business Corner* (located under *Tax Info For Business*) to get information

on starting and operating a small business.

You can also reach us with your computer using File Transfer Protocol at ftp.irs.gov.

 **TaxFax Service.** Using the phone attached to your fax machine, you can receive forms and instructions by calling **703–368–9694.** Follow the directions from the prompts. When you order forms, enter the catalog number for the form you need. The items you request will be faxed to you.

**Phone.** Many services are available by phone.

*   *Ordering forms, instructions, and publications.* Call **1–800–829–3676** to order current and prior year forms, instructions, and publications.

*   *Asking tax questions.* Call the IRS with your tax questions at **1–800–829–1040.**

*   *TTY/TDD equipment.* If you have access to TTY/TDD equipment, call **1–800–829–4059** to ask tax questions or to order forms and publications.

*   *TeleTax topics.* Call **1–800–829–4477** to listen to pre-recorded messages covering various tax topics.

**Evaluating the quality of our telephone services.** To ensure that IRS representatives give accurate, courteous, and professional answers, we evaluate the quality of our telephone services in several ways.

*   A second IRS representative sometimes monitors live telephone calls. That person only evaluates the IRS assistor and does not keep a record of any taxpayer's name or tax identification number.

*   We sometimes record telephone calls to evaluate IRS assistors objectively. We hold these recordings no longer than one week and use them only to measure the quality of assistance.

*   We value our customers' opinions. Throughout this year, we will be surveying our customers for their opinions on our service.

**Walk-in.** You can walk in to many post offices, libraries, and IRS offices to pick up certain forms, instructions, and publications. Also, some libraries and IRS offices have:

*   An extensive collection of products available to print from a CD-ROM or photocopy from reproducible proofs.

*   The Internal Revenue Code, regulations, Internal Revenue Bulletins, and Cumulative Bulletins available for research purposes.

Tab 75
Page 14 of 19

**Mail.** You can send your order for forms, instructions, and publications to the Distribution Center nearest to you and receive a response within 10 workdays after your request is received. Find the address that applies to your part of the country.

- **Western part of U.S.:**
  Western Area Distribution Center
  Rancho Cordova, CA 95743–0001

- **Central part of U.S.:**
  Central Area Distribution Center
  P.O. Box 8903
  Bloomington, IL 61702–8903

- **Eastern part of U.S. and foreign addresses:**
  Eastern Area Distribution Center
  P.O. Box 85074
  Richmond, VA 23261–5074

 **CD-ROM.** You can order IRS Publication 1796, *Federal Tax Products on CD-ROM,* and obtain:

- Current tax forms, instructions, and publications.

- Prior-year tax forms, instructions, and publications.

- Popular tax forms which may be filed in electronically, printed out for submission, and saved for recordkeeping.

- Internal Revenue Bulletins.

The CD-ROM can be purchased from National Technical Information Service (NTIS) by calling **1–877–233–6767** or on the Internet at **www.irs.gov/cdorders.** The first release is available in mid-December and the final release is available in late January.

IRS Publication 3207, *The Small Business Resource Guide,* is an interactive CD-ROM that contains information important to small businesses. It is available in mid-February. You can get one free copy by calling **1–800–829–3676.**

Tab 75
Page 15 of 19
Page 15

## Table 4.  Worksheet for Limit on Deductions

Who can use this worksheet. You can use this worksheet if you made charitable contributions during the year, and one or more of the limits described in this publication under *Limits on Deductions* apply to you. You cannot use this worksheet if you have a carryover of a charitable contribution from an earlier year.

General instructions:
- The terms used in this worksheet are explained earlier in this publication.
- If your answer to any line is less than zero, enter zero.
- For contributions of property, enter the property's fair market value unless you elected (or were required) to reduce the fair market value as explained under *Giving Property That Has Increased in Value*. In that case, enter the reduced amount.

Step 1. List your charitable contributions made during the year.

1. Enter your contributions to 50% limit organizations. (Include contributions of capital gain property if you reduced the property's fair market value. Do not include contributions of capital gain property deducted at fair market value.) . . . . . . . . . . . . . . . . . . . . . . . . **1**
2. Enter your contributions to 50% limit organizations of capital gain property deducted at fair market value . **2**
3. Enter your contributions (other than of capital gain property) to qualified organizations that are not 50% limit organizations . . . . . . . . . . . . . . . . . **3**
4. Enter your contributions "for the use of" any qualified organization. (But do not enter here any amount that must be entered on line 6.) . . . . . . . . . . . . **4**
5. Add lines 3 and 4 . . . . . . . . . . . . . . . **5**
6. Enter your contributions of capital gain property to or for the use of any qualified organization. (But do not enter here any amount entered on line 1 or 2.) . . . . . . **6**

Step 2. Figure your deduction for the year and your carryover to the next year.

7. Enter your adjusted gross income . . . . . . . . . . . . . . . **7**
8. Multiply line 7 by 0.5. This is your 50% limit . . . . . . . . . . . . . **8**

|  | Deduct this year | Carryover to next year |
|---|---|---|
| **Contributions to 50% limit organizations** | | |
| 9. Enter the smaller of line 1 or line 8 . . . . . . . **9** | | |
| 10. Subtract line 9 from line 1 . . . . . . . . **10** | | |
| 11. Subtract line 9 from line 8 . . . . . . . . **11** | | |
| **Contributions not to 50% limit organizations** | | |
| 12. Add lines 1 and 2 . . . . . . . . **12** | | |
| 13. Multiply line 7 by 0.3. This is your 30% limit . . . . **13** | | |
| 14. Subtract line 12 from line 8 . . . . . . . **14** | | |
| 15. Enter the smallest of line 5, 13, or 14 . . . . . **15** | | |
| 16. Subtract line 15 from line 5 . . . . . . . **16** | | |
| 17. Subtract line 15 from line 13 . . . . . . **17** | | |
| **Contributions of capital gain property to 50% limit organizations** | | |
| 18. Enter the smallest of line 2, 11, or 13 . . . . . **18** | | |
| 19. Subtract line 18 from line 2 . . . . . . . **19** | | |
| 20. Subtract line 15 from line 14 . . . . . . **20** | | |
| 21. Subtract line 18 from line 13 . . . . . . **21** | | |
| **Contributions of capital gain property not to 50% limit organizations** | | |
| 22. Multiply line 7 by 0.2. This is your 20% limit . . . . **22** | | |
| 23. Enter the smallest of line 6, 17, 20, 21, or 22 . . . **23** | | |
| 24. Subtract line 23 from line 6 . . . . . . . **24** | | |

Step 3. Summarize your deductions and carryovers.

25. Add lines 9, 15, 18, and 23. Enter the total here and on Schedule A (Form 1040) . . **25**
26. Add lines 10, 16, 19, and 24. Enter the total here. Carry it forward to Schedule A next year . . . . . . . . . . . . . . . . . . **26**

# Index

**A**
Acknowledgement ......................... 12
Adoption expenses ....................... 6
Appraisal fees ........................... 6
Assistance *(See Tax help)*
Athletic events ........................... 3

**B**
Bar association ........................... 6
Bargain sales ............................. 8
Benefits received from contribu-
  tion .................................... 3, 6
Blood donated ............................ 6
Boats, fair market value ............. 7

**C**
Capital gain property ................... 8
Car expenses ......................... 4, 12
Cars, fair market value ............... 7
Cash contributions, records to
  keep .................................. 12
Charitable contribution, defined .. 1
Charity benefit events ................. 3
Church deacon ........................... 4
Clothing, fair market value of ...... 7
Comments ................................ 1
Contributions from which you
  benefit .............................. 3, 6
Contributions of property ........... 6
Conventions .............................. 4

**D**
Deduction limits ......................... 9

**F**
Fair market value ....................... 7

Foreign organizations:
  Canadian ............................... 3
  Israeli .................................. 3
  Mexican ................................ 3
  Other ................................... 6
Form:
  8282 ................................... 14
  8283 ................................... 14
Foster parents ........................... 4
Free tax services ....................... 14
Future interests in property ........ 7

**H**
Help *(See Tax help)*
Household goods, fair market value
  of ...................................... 7
How to report:
  Noncash contributions ............ 14
  Student living with you .......... 14

**I**
Inventory ................................. 7

**L**
Legislation, influencing .............. 6
Limits on deductions ................. 9

**M**
Meals ...................................... 6
Membership fees or dues ............ 3
More information *(See Tax help)*

**N**
Noncash contributions:

How to report ......................... 14
Records to keep ...................... 13
Nondeductible contributions ....... 5
Nonqualified organizations ......... 6

**O**
Ordinary income property .......... 8
Organizations:
  Foreign ................................ 6
  Nonqualified ......................... 6
  Qualified .............................. 2
Out-of-pocket expenses ......... 4, 9

**P**
Partial interests in property ........ 7
Penalty, valuation overstatement .. 9
Property:
  Bargain sales ........................ 8
  Basis ................................... 8
  Capital gain .......................... 8
  Capital gain election ............. 10
  Contributions of ..................... 7
  Decreased in value .................. 7
  Fair market value .................... 7
  Future interests ...................... 7
  Increased in value ................... 8
  Inventory .............................. 7
  Ordinary income ..................... 8
  Partial interests ...................... 7
  Subject to debt ...................... 6
  Unrelated use ......................... 8
Publication 78 .......................... 2
Publications *(See Tax help)*

**Q**
Qualified organizations ............... 2

**R**
Raffle or bingo ......................... 6
Records to keep ....................... 12
Reporting ............................... 14
Retirement home ....................... 6

**S**
Services, value of ...................... 6
Split-dollar insurance
  arrangements ......................... 6
Student:
  Exchange program ................... 4
  Living with you ................. 4, 10
Suggestions .............................. 1

**T**
Tax help ................................. 14
Taxpayer Advocate .................... 14
Time, value of .......................... 6
Token items ............................. 3
Travel expenses ........................ 5
TTY/TDD information ................. 14
Tuition ................................... 6

**U**
Underprivileged youths .............. 4
Uniforms ................................. 4

**V**
Volunteers ............................... 4

**W**
When to deduct ........................ 9 ∎

Tab 75
Page 17 of 19
Page 17

## Tax Publications for Individual Taxpayers

See *How To Get Tax Help* for a variety of ways to get publications, including by computer, phone, and mail.

**General Guides**

- 1 Your Rights as a Taxpayer
- 17 Your Federal Income Tax (For Individuals)
- 334 Tax Guide for Small Business (For Individuals Who Use Schedule C or C-EZ)
- 509 Tax Calendars for 2001
- 553 Highlights of 2000 Tax Changes
- 910 Guide to Free Tax Services

**Specialized Publications**

- 3 Armed Forces' Tax Guide
- 225 Farmer's Tax Guide
- 378 Fuel Tax Credits and Refunds
- 463 Travel, Entertainment, Gift, and Car Expenses
- 501 Exemptions, Standard Deduction, and Filing Information
- 502 Medical and Dental Expenses
- 503 Child and Dependent Care Expenses
- 504 Divorced or Separated Individuals
- 505 Tax Withholding and Estimated Tax
- 508 Tax Benefits for Work-Related Education
- 514 Foreign Tax Credit for Individuals
- 516 U.S. Government Civilian Employees Stationed Abroad
- 517 Social Security and Other Information for Members of the Clergy and Religious Workers
- 519 U.S. Tax Guide for Aliens
- 520 Scholarships and Fellowships
- 521 Moving Expenses
- 523 Selling Your Home
- 524 Credit for the Elderly or the Disabled
- 525 Taxable and Nontaxable Income
- 526 Charitable Contributions
- 527 Residential Rental Property
- 529 Miscellaneous Deductions
- 530 Tax Information for First-Time Homeowners
- 531 Reporting Tip Income
- 533 Self-Employment Tax
- 534 Depreciating Property Placed in Service Before 1987
- 537 Installment Sales
- 541 Partnerships
- 544 Sales and Other Dispositions of Assets
- 547 Casualties, Disasters, and Thefts (Business and Nonbusiness)
- 550 Investment Income and Expenses
- 551 Basis of Assets
- 552 Recordkeeping for Individuals
- 554 Older Americans' Tax Guide
- 555 Community Property
- 556 Examination of Returns, Appeal Rights, and Claims for Refund
- 559 Survivors, Executors, and Administrators
- 561 Determining the Value of Donated Property
- 564 Mutual Fund Distributions
- 570 Tax Guide for Individuals With Income From U.S. Possessions
- 575 Pension and Annuity Income
- 584 Casualty, Disaster, and Theft Loss Workbook (Personal-Use Property)
- 587 Business Use of Your Home (Including Use by Day-Care Providers)
- 590 Individual Retirement Arrangements (IRAs) (Including Roth IRAs and Education IRAs)
- 593 Tax Highlights for U.S. Citizens and Residents Going Abroad
- 594 The IRS Collection Process
- 595 Tax Highlights for Commercial Fishermen
- 596 Earned Income Credit (EIC)
- 721 Tax Guide to U.S. Civil Service Retirement Benefits
- 901 U.S. Tax Treaties
- 907 Tax Highlights for Persons with Disabilities
- 908 Bankruptcy Tax Guide
- 911 Direct Sellers
- 915 Social Security and Equivalent Railroad Retirement Benefits
- 919 How Do I Adjust My Tax Withholding?
- 925 Passive Activity and At-Risk Rules
- 926 Household Employer's Tax Guide
- 929 Tax Rules for Children and Dependents
- 936 Home Mortgage Interest Deduction
- 946 How To Depreciate Property
- 947 Practice Before the IRS and Power of Attorney
- 950 Introduction to Estate and Gift Taxes
- 967 IRS Will Figure Your Tax
- 968 Tax Benefits for Adoption
- 970 Tax Benefits for Higher Education
- 971 Innocent Spouse Relief
- 972 Child Tax Credit
- 1542 Per Diem Rates
- 1544 Reporting Cash Payments of Over $10,000
- 1546 The Taxpayer Advocate Service of the IRS

**Spanish Language Publications**

- 1SP Derechos del Contribuyente
- 579SP Cómo Preparar la Declaración de Impuesto Federal
- 594SP Comprendiendo el Proceso de Cobro
- 596SP Crédito por Ingreso del Trabajo
- 850 English-Spanish Glossary of Words and Phrases Used in Publications Issued by the Internal Revenue Service
- 1544SP Informe de Pagos en Efectivo en Exceso de $10,000 (Recibidos en una Ocupación o Negocio)

## Commonly Used Tax Forms

See *How To Get Tax Help* for a variety of ways to get forms, including by computer, fax, phone, and mail. For fax orders only, use the catalog number when ordering.

| Form Number and Title | Catalog Number | Form Number and Title | Catalog Number |
|---|---|---|---|
| 1040   U.S. Individual Income Tax Return | 11320 | 2106   Employee Business Expenses | 11700 |
| Sch A & B   Itemized Deductions & Interest and Ordinary Dividends | 11330 | 2106-EZ   Unreimbursed Employee Business Expenses | 20604 |
| Sch C   Profit or Loss From Business | 11334 | 2210   Underpayment of Estimated Tax by Individuals, Estates, and Trusts | 11744 |
| Sch C-EZ   Net Profit From Business | 14374 | | |
| Sch D   Capital Gains and Losses | 11338 | 2441   Child and Dependent Care Expenses | 11862 |
| Sch D-1   Continuation Sheet for Schedule D | 10424 | 2848   Power of Attorney and Declaration of Representative | 11980 |
| Sch E   Supplemental Income and Loss | 11344 | | |
| Sch EIC   Earned Income Credit | 13339 | 3903   Moving Expenses | 12490 |
| Sch F   Profit or Loss From Farming | 11346 | 4562   Depreciation and Amortization | 12906 |
| Sch H   Household Employment Taxes | 12187 | 4868   Application for Automatic Extension of Time To File U.S. Individual Income Tax Return | 13141 |
| Sch J   Farm Income Averaging | 25513 | | |
| Sch R   Credit for the Elderly or the Disabled | 11359 | 4952   Investment Interest Expense Deduction | 13177 |
| Sch SE   Self-Employment Tax | 11358 | 5329   Additional Taxes Attributable to IRAs, Other Qualified Retirement Plans, Annuities, Modified Endowment Contracts, and MSAs | 13329 |
| 1040A   U.S. Individual Income Tax Return | 11327 | | |
| Sch 1   Interest and Ordinary Dividends for Form 1040A Filers | 12075 | | |
| | | 6251   Alternative Minimum Tax–Individuals | 13600 |
| Sch 2   Child and Dependent Care Expenses for Form 1040A Filers | 10749 | 8283   Noncash Charitable Contributions | 62299 |
| | | 8582   Passive Activity Loss Limitations | 63704 |
| Sch 3   Credit for the Elderly or the Disabled for Form 1040A Filers | 12064 | 8606   Nondeductible IRAs | 63966 |
| | | 8812   Additional Child Tax Credit | 10644 |
| 1040EZ   Income Tax Return for Single and Joint Filers With No Dependents | 11329 | 8822   Change of Address | 12081 |
| | | 8829   Expenses for Business Use of Your Home | 13232 |
| 1040-ES   Estimated Tax for Individuals | 11340 | 8863   Education Credits | 25379 |
| 1040X   Amended U.S. Individual Income Tax Return | 11360 | | |

## Tax Publications for Business Taxpayers

See *How To Get Tax Help* for a variety of ways to get publications, including by computer, phone, and mail.

### General Guides

| | |
|---|---|
| 1 | Your Rights as a Taxpayer |
| 17 | Your Federal Income Tax (For Individuals) |
| 334 | Tax Guide for Small Business (For Individuals Who Use Schedule C or C-EZ) |
| 509 | Tax Calendars for 2001 |
| 553 | Highlights of 2000 Tax Changes |
| 910 | Guide to Free Tax Services |

### Employer's Guides

| | |
|---|---|
| 15 | Circular E, Employer's Tax Guide |
| 15-A | Employer's Supplemental Tax Guide |
| 15-B | Employer's Tax Guide to Fringe Benefits |
| 51 | Circular A, Agricultural Employer's Tax Guide |
| 80 | Circular SS, Federal Tax Guide For Employers in the U.S. Virgin Islands, Guam, American Samoa, and the Commonwealth of the Northern Mariana Islands |
| 179 | Circular PR Guía Contributiva Federal Para Patronos Puertorriqueños |
| 926 | Household Employer's Tax Guide |

### Specialized Publications

| | |
|---|---|
| 225 | Farmer's Tax Guide |
| 378 | Fuel Tax Credits and Refunds |
| 463 | Travel, Entertainment, Gift, and Car Expenses |

| | |
|---|---|
| 505 | Tax Withholding and Estimated Tax |
| 510 | Excise Taxes for 2001 |
| 515 | Withholding of Tax on Nonresident Aliens and Foreign Corporations |
| 517 | Social Security and Other Information for Members of the Clergy and Religious Workers |
| 527 | Residential Rental Property |
| 533 | Self-Employment Tax |
| 534 | Depreciating Property Placed in Service Before 1987 |
| 535 | Business Expenses |
| 536 | Net Operating Losses (NOLs) for Individuals, Estates, and Trusts |
| 537 | Installment Sales |
| 538 | Accounting Periods and Methods |
| 541 | Partnerships |
| 542 | Corporations |
| 544 | Sales and Other Dispositions of Assets |
| 551 | Basis of Assets |
| 556 | Examination of Returns, Appeal Rights, and Claims for Refund |
| 560 | Retirement Plans for Small Business (SEP, SIMPLE, and Qualified Plans) |
| 561 | Determining the Value of Donated Property |
| 583 | Starting a Business and Keeping Records |
| 587 | Business Use of Your Home (Including Use by Day-Care Providers) |
| 594 | The IRS Collection Process |
| 595 | Tax Highlights for Commercial Fishermen |

| | |
|---|---|
| 597 | Information on the United States-Canada Income Tax Treaty |
| 598 | Tax on Unrelated Business Income of Exempt Organizations |
| 686 | Certification for Reduced Tax Rates in Tax Treaty Countries |
| 901 | U.S. Tax Treaties |
| 908 | Bankruptcy Tax Guide |
| 911 | Direct Sellers |
| 925 | Passive Activity and At-Risk Rules |
| 946 | How To Depreciate Property |
| 947 | Practice Before the IRS and Power of Attorney |
| 954 | Tax Incentives for Empowerment Zones and Other Distressed Communities |
| 1544 | Reporting Cash Payments of Over $10,000 |
| 1546 | The Taxpayer Advocate Service of the IRS |

### Spanish Language Publications

| | |
|---|---|
| 1SP | Derechos del Contribuyente |
| 579SP | Cómo Preparar la Declaración de Impuesto Federal |
| 594SP | Comprendiendo el Proceso de Cobro |
| 850 | English-Spanish Glossary of Words and Phrases Used in Publications Issued by the Internal Revenue Service |
| 1544SP | Informe de Pagos en Efectivo en Exceso de $10,000 (Recibidos en una Ocupación o Negocio) |

## Commonly Used Tax Forms

See *How To Get Tax Help* for a variety of ways to get forms, including by computer, fax, phone, and mail. Items with an asterisk are available by fax. For these orders only, use the catalog number when ordering.

| Form Number and Title | Catalog Number |
|---|---|
| W-2 Wage and Tax Statement | 10134 |
| W-4 Employee's Withholding Allowance Certificate* | 10220 |
| 940 Employer's Annual Federal Unemployment (FUTA) Tax Return* | 11234 |
| 940-EZ Employer's Annual Federal Unemployment (FUTA) Tax Return* | 10983 |
| 941 Employer's Quarterly Federal Tax Return | 17001 |
| 1040 U.S. Individual Income Tax Return* | 11320 |
| Sch A & B Itemized Deductions & Interest and Ordinary Dividends* | 11330 |
| Sch C Profit or Loss From Business* | 11334 |
| Sch C-EZ Net Profit From Business* | 14374 |
| Sch D Capital Gains and Losses* | 11338 |
| Sch D-1 Continuation Sheet for Schedule D | 10424 |
| Sch E Supplemental Income and Loss* | 11344 |
| Sch F Profit or Loss From Farming* | 11346 |
| Sch H Household Employment Taxes* | 12187 |
| Sch J Farm Income Averaging* | 25513 |
| Sch R Credit for the Elderly or the Disabled* | 11359 |
| Sch SE Self-Employment Tax* | 11358 |
| 1040-ES Estimated Tax for Individuals* | 11340 |
| 1040X Amended U.S. Individual Income Tax Return* | 11360 |
| 1065 U.S. Return of Partnership Income | 11390 |
| Sch D Capital Gains and Losses | 11393 |
| Sch K-1 Partner's Share of Income, Credits, Deductions, etc. | 11394 |
| 1120 U.S. Corporation Income Tax Return | 11450 |
| 1120-A U.S. Corporation Short-Form Income Tax Return | 11456 |

| Form Number and Title | Catalog Number |
|---|---|
| 1120S U.S. Income Tax Return for an S Corporation | 11510 |
| Sch D Capital Gains and Losses and Built-In Gains | 11516 |
| Sch K-1 Shareholder's Share of Income, Credits, Deductions, etc. | 11520 |
| 2106 Employee Business Expenses* | 11700 |
| 2106-EZ Unreimbursed Employee Business Expenses* | 20604 |
| 2210 Underpayment of Estimated Tax by Individuals, Estates, and Trusts* | 11744 |
| 2441 Child and Dependent Care Expenses* | 11862 |
| 2848 Power of Attorney and Declaration of Representative* | 11980 |
| 3800 General Business Credit | 12392 |
| 3903 Moving Expenses* | 12490 |
| 4562 Depreciation and Amortization* | 12906 |
| 4797 Sales of Business Property* | 13086 |
| 4868 Application for Automatic Extension of Time To File U.S. Individual Income Tax Return* | 13141 |
| 5329 Additional Taxes Attributable to IRAs, Other Qualified Retirement Plans, Annuities, Modified Endowment Contracts, and MSAs* | 13329 |
| 6252 Installment Sale Income* | 13601 |
| 8283 Noncash Charitable Contributions* | 62299 |
| 8300 Report of Cash Payments Over $10,000 Received in a Trade or Business* | 62133 |
| 8582 Passive Activity Loss Limitations* | 63704 |
| 8606 Nondeductible IRAs* | 63966 |
| 8822 Change of Address* | 12081 |
| 8829 Expenses for Business Use of Your Home* | 13232 |

Tab 75
Page 19 of 19
Page 19



Department
of the
Treasury

**Internal
Revenue
Service**

**Publication 526**
(Rev. December 2003)
Cat. No. 15050A

# Charitable Contributions

# Contents

Introduction . . . . . . . . . . . . . . . . . . . .    1

Organizations That Qualify To
  Receive Deductible Contributions . .    2

Contributions You Can Deduct . . . . . . .    3

Contributions You Cannot Deduct . . . . .    5

Contributions of Property . . . . . . . . . . .    6

When To Deduct . . . . . . . . . . . . . . . .    9

Limits on Deductions . . . . . . . . . . . . .    9

Records To Keep . . . . . . . . . . . . . . . .    12

How To Report . . . . . . . . . . . . . . . . . .    14

How To Get Tax Help . . . . . . . . . . . . .    15

Index . . . . . . . . . . . . . . . . . . . . . . . . .    18

# Introduction

This publication explains how to claim a deduction for your charitable contributions. It discusses organizations that are qualified to receive deductible charitable contributions, the types of contributions you can deduct, how much you can deduct, what records to keep, and how to report charitable contributions.

A **charitable contribution** is a donation or gift to, or for the use of, a **qualified organization.** It is voluntary and is made without getting, or expecting to get, anything of equal value.

**Qualified organizations.** Qualified organizations include nonprofit groups that are religious, charitable, educational, scientific, or literary in purpose, or that work to prevent cruelty to children or animals. You will find descriptions of these organizations under *Organizations That Qualify To Receive Deductible Contributions.*

**Form 1040 required.** To deduct a charitable contribution, you must file Form 1040 and itemize deductions on Schedule A. The amount of your deduction may be limited if certain rules and limits explained in this publication apply to you.

**Comments and suggestions.** We welcome your comments about this publication and your suggestions for future editions.

You can e-mail us at *taxforms@irs.gov.* Please put "Publications Comment" on the subject line.

You can write to us at the following address:

Internal Revenue Service
Individual Forms and Publications Branch
SE:W:CAR:MP:T:I
1111 Constitution Ave. NW
Washington, DC 20224

We respond to many letters by telephone. Therefore, it would be helpful if you would include your daytime phone number, including the area code, in your correspondence.



**Get forms and other information
faster and easier by:**

**Internet** • www.irs.gov    or    **FTP** • ftp.irs.gov

**FAX** • 703–368–9694 (from your fax machine)

Tab 76
Page 1 of 19

## Useful Items

You may want to see:

**Publication**

❏ 78   Cumulative List of Organizations

❏ 561   Determining the Value of Donated Property

**Form (and Instructions)**

❏ **Schedule A (Form 1040)** Itemized Deductions

❏ 8283 Noncash Charitable Contributions

See *How To Get Tax Help* near the end of this publication for information about getting these publications and forms.

---

# Organizations That Qualify To Receive Deductible Contributions

You can deduct your contributions only if you make them to a *qualified organization.* To become a qualified organization, most organizations other than churches and governments, as described below, must apply to the IRS.

**Publication 78.** You can ask any organization whether it is a qualified organization, and most will be able to tell you. Or you can check IRS Publication 78, which lists most qualified organizations. You may find Publication 78 in your local library's reference section. Or you can find it on the Internet at www.irs.gov. You can also call the IRS to find out if an organization is qualified. Call **1-877-829-5500.** (For TTY/TDD help, call **1-800-829-4059.**)

## Types of Qualified Organizations

Generally, only the five following types of organizations can be qualified organizations.

1) *A community chest, corporation, trust, fund, or foundation* organized or created in or under the laws of the United States, any state, the District of Columbia, or any possession of the United States (including Puerto Rico). It must be organized and operated only for one or more of the following purposes.

   a) Religious.

   b) Charitable.

   c) Educational.

   d) Scientific.

   e) Literary.

   f) The prevention of cruelty to children or animals.

   Certain organizations that foster national or international amateur sports competition also qualify.

Table 1.   **Examples of Charitable Contributions—A Quick Check**

Use the following lists for a quick check of contributions you can or cannot deduct. See the rest of this publication for more information and additional rules and limits that may apply.

| **Deductible As Charitable Contributions** | **Not Deductible As Charitable Contributions** |
|---|---|
| Money or property you give to: | Money or property you give to: |
| • Churches, synagogues, temples, mosques, and other religious organizations | • Civic leagues, social and sports clubs, labor unions, and chambers of commerce |
| • Federal, state, and local governments, if your contribution is solely for public purposes (for example, a gift to reduce the public debt) | • Foreign organizations (except certain Canadian, Israeli, and Mexican charities) |
| • Nonprofit schools and hospitals | • Groups that are run for personal profit |
| • Public parks and recreation facilities | • Groups whose purpose is to lobby for law changes |
| • Salvation Army, Red Cross, CARE, Goodwill Industries, United Way, Boy Scouts, Girl Scouts, Boys and Girls Clubs of America, etc. | • Homeowners' associations |
| | • Individuals |
| • War veterans' groups | • Political groups or candidates for public office |
| Expenses paid for a student living with you, sponsored by a qualified organization | Cost of raffle, bingo, or lottery tickets |
| Out-of-pocket expenses when you serve a qualified organization as a volunteer | Dues, fees, or bills paid to country clubs, lodges, fraternal orders, or similar groups |
| | Tuition |
| | Value of your time or services |
| | Value of blood given to a blood bank |

2) *War veterans' organizations,* including posts, auxiliaries, trusts, or foundations, organized in the United States or any of its possessions.

3) *Domestic fraternal societies,* orders, and associations operating under the lodge system.

   *Note.* Your contribution to this type of organization is deductible only if it is to be used solely for charitable, religious, scientific, literary, or educational purposes, or for the prevention of cruelty to children or animals.

4) *Certain nonprofit cemetery companies* or corporations.

   *Note.* Your contribution to this type of organization is not deductible if it can be used for the care of a specific lot or mausoleum crypt.

5) *The United States* or any state, the District of Columbia, a U.S. possession (including Puerto Rico), a political subdivision of a state or U.S. possession, or an Indian tribal government or any of its subdivisions that perform substantial government functions.

   *Note.* To be deductible, your contribution to this type of organization must be made solely for public purposes.

   *Example 1.* You contribute cash to your city's police department to be used as a reward for information about a crime. The city police department is a qualified organi-

zation, and your contribution is for a public purpose. You can deduct your contribution.

   *Example 2.* You make a voluntary contribution to the social security trust fund, not earmarked for a specific account. Because the trust fund is part of the U.S. Government, you contributed to a qualified organization. You can deduct your contribution.

**Examples.** The following list gives some examples of qualified organizations.

• Churches, a convention or association of churches, temples, synagogues, mosques, and other religious organizations.

• Most nonprofit charitable organizations such as the Red Cross and the United Way.

• Most nonprofit educational organizations, including the Boy (and Girl) Scouts of America, colleges, museums, and day-care centers if substantially all the child care provided is to enable individuals (the parents) to be gainfully employed and the services are available to the general public. However, if your contribution is a substitute for tuition or other enrollment fee, it is not deductible as a charitable contribution, as explained later under *Contributions You Cannot Deduct.*

• Nonprofit hospitals and medical research organizations.

- Utility company emergency energy programs, if the utility company is an agent for a charitable organization that assists individuals with emergency energy needs.

- Nonprofit volunteer fire companies.

- Public parks and recreation facilities.

- Civil defense organizations.

**Canadian charities.** You may be able to deduct contributions to certain Canadian charitable organizations covered under an income tax treaty with Canada.

To deduct your contribution to a Canadian charity, you generally must have income from sources in Canada. See Publication 597, *Information on the United States–Canada Income Tax Treaty*, for information on how to figure your deduction.

**Mexican charities.** You may be able to deduct contributions to certain Mexican charitable organizations under an income tax treaty with Mexico.

The organization must meet tests that are essentially the same as the tests that qualify U.S. organizations to receive deductible contributions. The organization may be able to tell you if it meets these tests.



If not, you can get general information about the tests the organization must meet by writing to the:

Internal Revenue Service
International Returns Section
P.O. Box 920
Bensalem, PA 19020–8518.

To deduct your contribution to a Mexican charity, you must have income from sources in Mexico. The limits described in *Limits on Deductions*, later, apply and are figured using your income from Mexican sources. Those limits also apply to all your charitable contributions, as described in that discussion.

**Israeli charities.** You may be able to deduct contributions to certain Israeli charitable organizations under an income tax treaty with Israel. To qualify for the deduction, your contribution must be made to an organization created and recognized as a charitable organization under the laws of Israel. The deduction will be allowed in the amount that would be allowed if the organization was created under the laws of the United States, but is limited to 25% of your adjusted gross income from Israeli sources.

# Contributions You Can Deduct

Generally, you can deduct your contributions of money or property that you make to, or for the use of, a qualified organization. A gift or contribution is "for the use of" a qualified organization when it is held in a legally enforceable trust for the qualified organization or in a similar legal arrangement.

The contributions must be made to a qualified organization and not set aside for use by a specific person.

If you give property to a qualified organization, you generally can deduct the fair market value of the property at the time of the contribution. See *Contributions of Property*, later.

Your deduction for charitable contributions is generally limited to 50% of your adjusted gross income, but in some cases 20% and 30% limits may apply. See *Limits on Deductions*, later.

The total of your charitable contributions deduction and certain other itemized deductions may be limited. See the instructions for Form 1040 for more information.

*Table 1* in this publication lists some examples of contributions you can deduct and some that you cannot deduct.

## Contributions From Which You Benefit

If you receive a benefit as a result of making a contribution to a qualified organization, you can deduct only the amount of your contribution that is *more than the value of the benefit* you receive. Also see *Contributions From Which You Benefit* under *Contributions You Cannot Deduct*, later.

If you pay more than fair market value to a qualified organization for merchandise, goods, or services, the amount you pay that is more than the value of the item can be a charitable contribution. For the excess amount to qualify, you must pay it with the intent to make a charitable contribution.

*Example 1.* You pay $65 for a ticket to a dinner-dance at a church. All the proceeds of the function go to the church. The ticket to the dinner-dance has a fair market value of $25. When you buy your ticket, you know that its value is less than your payment. To figure the amount of your charitable contribution, you subtract the value of the benefit you receive ($25) from your total payment ($65). You can deduct $40 as a charitable contribution to the church.

*Example 2.* At a fund-raising auction conducted by a charity, you pay $600 for a week's stay at a beach house. The amount you pay is no more than the fair rental value. You have not made a deductible charitable contribution.

**Athletic events.** If you make a payment to, or for the benefit of, a college or university and, as a result, you receive the right to buy tickets to an athletic event in the athletic stadium of the college or university, you can deduct 80% of the payment as a charitable contribution.

If any part of your payment is for tickets (rather than the right to buy tickets), that part is not deductible. In that case, subtract the price of the tickets from your payment. 80% of the remaining amount is a charitable contribution.

*Example 1.* You pay $300 a year for membership in an athletic scholarship program maintained by a university (a qualified organization). The only benefit of membership is that you have the right to buy one season ticket for a seat in a designated area of the stadium at the university's home football games. You can deduct $240 (80% of $300) as a charitable contribution.

*Example 2.* The facts are the same as in *Example 1* except that your $300 payment included the purchase of one season ticket for the stated ticket price of $120. You must subtract the usual price of a ticket ($120) from your $300 payment. The result is $180. Your deductible charitable contribution is $144 (80% of $180).

**Charity benefit events.** If you pay a qualified organization more than fair market value for the right to attend a charity ball, banquet, show, sporting event, or other benefit event, you can deduct only the amount that is more than the value of the privileges or other benefits you receive.

If there is an established charge for the event, that charge is the value of your benefit. If there is no established charge, your contribution is that part of your payment that is more than the reasonable value of the right to attend the event. Whether you use the tickets or other privileges has no effect on the amount you can deduct. However, if you return the ticket to the qualified organization for resale, you can deduct the entire amount you paid for the ticket.



*Even if the ticket or other evidence of payment indicates that the payment is a "contribution," this does not mean you can deduct the entire amount. If the ticket shows the price of admission and the amount of the contribution, you can deduct the contribution amount.*

*Example.* You pay $40 to see a special showing of a movie for the benefit of a qualified organization. Printed on the ticket is "Contribution—$40." If the regular price for the movie is $8, your contribution is $32 ($40 payment – $8 regular price).

**Membership fees or dues.** You may be able to deduct membership fees or dues you pay to a qualified organization. However, you can deduct only the amount that is more than the value of the benefits you receive. You cannot deduct dues, fees, or assessments paid to country clubs and other social organizations. They are not qualified organizations.

*Certain membership benefits can be disregarded.* Both you and the organization can disregard certain membership benefits you get in return for an annual payment of *$75 or less* to the qualified organization. You can pay more than $75 to the organization if the organization does not require a larger payment for you to get the benefits. The benefits covered under this rule are:

1) Any rights or privileges, other than those discussed under *Athletic events*, earlier, that you can use frequently while you are a member, such as:

   a) Free or discounted admission to the organization's facilities or events,

   b) Free or discounted parking,

   c) Preferred access to goods or services, and

   d) Discounts on the purchase of goods and services, and

2) Admission, while you are a member, to events that are open only to members of the organization if the organization reasonably projects that the cost per person (excluding any allocated overhead) is not

Tab 76    Page 3
Page 3 of 19

more than a specified amount, which may be adjusted annually for inflation. (This is the amount for low-cost articles given in the annual revenue procedure with inflation adjusted amounts for the current year. You can get this figure from the IRS.)

**Token items.** You can deduct your entire payment to a qualified organization as a charitable contribution if both of the following are true.

1) You get a small item or other benefit of token value.

2) The qualified organization correctly determines that the value of the item or benefit you received is not substantial and informs you that you can deduct your payment in full.

The organization determines whether the value of an item or benefit is substantial by using Revenue Procedures 90–12 and 92–49 and the revenue procedure with the inflation adjusted amounts for the current year.

**Written statement.** A qualified organization must give you a written statement if you make a payment to it that is *more than $75* and is partly a contribution and partly for goods or services. The statement must tell you that you can deduct only the amount of your payment that is more than the value of the goods or services you received. It must also give you a good faith estimate of the value of those goods or services.

The organization can give you the statement either when it solicits or when it receives the payment from you.

*Exception.* An organization will not have to give you this statement if one of the following is true.

1) The organization is:

   a) The type of organization described in (5) under *Types of Qualified Organizations,* earlier, or

   b) Formed only for religious purposes, and the only benefit you receive is an intangible religious benefit (such as admission to a religious ceremony) that generally is not sold in commercial transactions outside the donative context.

2) You receive only items whose value is not substantial as described under *Token items,* earlier.

3) You receive only membership benefits that can be disregarded, as described earlier.

## Expenses Paid for Student Living With You

You may be able to deduct some expenses of having a student live with you. You can deduct *qualifying expenses* for a foreign or American student who:

1) Lives in your home under a written agreement between you and a *qualified organization* (defined later) as part of a program of the organization to provide educational opportunities for the student,

2) Is not your dependent or relative, and

3) Is a full-time student in the twelfth or any lower grade at a school in the United States.

 *You can deduct up to $50 a month for each full calendar month the student lives with you. Any month when conditions (1) through (3) above are met for 15 or more days counts as a full month.*

**Qualified organization.** For these purposes, a qualified organization can be any of the organizations described earlier under *Organizations That Qualify To Receive Deductible Contributions,* except those in (4) and (5). For example, if you are providing a home for a student through a state or local government agency, you cannot deduct your expenses as charitable contributions.

**Qualifying expenses.** Expenses that you may be able to deduct include the cost of books, tuition, food, clothing, transportation, medical and dental care, entertainment, and other amounts you actually spend for the well-being of the student.

**Expenses that do not qualify.** Depreciation on your home, the fair market value of lodging, and similar items are not considered amounts spent by you. In addition, general household expenses, such as taxes, insurance, repairs, etc., do not qualify for the deduction.

*Reimbursed expenses.* If you are compensated or reimbursed for any part of the costs of having a student living with you, you cannot deduct *any* of your costs. However, if you are reimbursed for only an extraordinary or a one-time item, such as a hospital bill or vacation trip, that you paid in advance at the request of the student's parents or the sponsoring organization, you can deduct your expenses for the student for which you were not reimbursed.

*Mutual exchange program.* You cannot deduct the costs of a foreign student living in your home under a mutual exchange program through which your child will live with a family in a foreign country.

**Reporting expenses.** For a list of what you must file with your return if you deduct expenses for a student living with you, see *Reporting expenses for student living with you* under *How To Report,* later.

## Out-of-Pocket Expenses in Giving Services

You may be able to deduct some amounts you pay in giving services to a qualified organization. The amounts must be:

- Unreimbursed,

- Directly connected with the services,

- Expenses you had only because of the services you gave, and

- Not personal, living, or family expenses.

*Table 2* contains questions and answers that apply to some individuals who volunteer their services.

**Underprivileged youths selected by charity.** You can deduct reasonable unreimbursed out-of-pocket expenses you pay to allow underprivileged youths to attend athletic events, movies, or dinners. The youths must be selected by a charitable organization whose goal is to reduce juvenile delinquency. Your own similar expenses in accompanying the youths are not deductible.

**Conventions.** If you are a chosen representative attending a convention of a qualified organization, you can deduct unreimbursed expenses for travel and transportation, including a reasonable amount for meals and lodging, while away from home overnight in connection with the convention. However, see *Travel,* later.

You cannot deduct personal expenses for sightseeing, fishing parties, theater tickets, or nightclubs. You also cannot deduct travel, meals and lodging, and other expenses for your spouse or children.

You cannot deduct your expenses in attending a church convention if you go only as a member of your church rather than as a chosen representative. You can deduct unreimbursed expenses that are directly connected with giving services for your church during the convention.

**Uniforms.** You can deduct the cost and upkeep of uniforms that are not suitable for everyday use and that you must wear while performing donated services for a charitable organization.

**Foster parents.** You may be able to deduct as a charitable contribution some of the costs of being a foster parent (foster care provider) if you have no profit motive in providing the foster care and are not, in fact, making a profit. A qualified organization must designate the individuals you take into your home for foster care.

You can deduct expenses that meet both of the following requirements.

1) They are unreimbursed out-of-pocket expenses to feed, clothe, and care for the foster child.

2) They must be mainly to benefit the qualified organization.

Unreimbursed expenses that you cannot deduct as charitable contributions may be considered support provided by you in determining whether you can claim the foster child as a dependent. For details, see Publication 501, *Exemptions, Standard Deduction, and Filing Information.*

*Example.* You cared for a foster child because you wanted to adopt her, not to benefit the agency that placed her in your home. Your unreimbursed expenses are not deductible as charitable contributions.

**Church deacon.** You can deduct as a charitable contribution any unreimbursed expenses you have while in a permanent diaconate program established by your church. These expenses include the cost of vestments, books, and transportation required in order to serve in the program as either a deacon candidate or as an ordained deacon.

**Car expenses.** You can deduct unreimbursed out-of-pocket expenses, such as the cost of gas and oil, that are directly related to the use of your car in giving services to a charitable organiza-

Table 2.  **Volunteers' Questions and Answers**

If you do volunteer work for a *qualified organization,* the following questions and answers may apply to you. All of the rules explained in this publication also apply. See, in particular, *Out-of-Pocket Expenses in Giving Services.*

| Question | Answer |
|---|---|
| I do volunteer work 6 hours a week in the office of a qualified organization. The receptionist is paid $6 an hour to do the same work I do. Can I deduct $36 a week for my time? | No, you cannot deduct the value of your time or services. |
| The office is 30 miles from my home. Can I deduct any of my car expenses for these trips? | Yes, you can deduct the costs of gas and oil that are directly related to getting to and from the place where you are a volunteer. If you do not want to figure your actual costs, you can deduct 14 cents for each mile. |
| I volunteer as a Red Cross nurse's aide at a hospital. Can I deduct the cost of uniforms that I must wear? | Yes, you can deduct the cost of buying and cleaning your uniforms if the hospital is a qualified organization, the uniforms are not suitable for everyday use, and you must wear them when volunteering. |
| I pay a baby sitter to watch my children while I do volunteer work for a qualified organization. Can I deduct these costs? | No, you cannot deduct payments for child care expenses as a charitable contribution, even if they are necessary so you can do volunteer work for a qualified organization. (If you have child care expenses so you can work for pay, get Publication 503, *Child and Dependent Care Expenses.*) |

tion. **You cannot deduct** general repair and maintenance expenses, depreciation, registration fees, or the costs of tires or insurance.

If you do not want to deduct your actual expenses, you can use a standard mileage rate of *14 cents a mile* to figure your contribution.

You can deduct parking fees and tolls, whether you use your actual expenses or the standard mileage rate.

You must keep reliable written records of your car expenses. For more information, see *Car expenses* under *Records To Keep,* later.

**Travel.**  Generally, you can claim a charitable contribution deduction for travel expenses necessarily incurred while you are away from home performing services for a charitable organization only if there is **no significant element of personal pleasure,** recreation, or vacation in the travel. This applies whether you pay the expenses directly or indirectly. You are paying the expenses indirectly if you make a payment to the charitable organization and the organization pays for your travel expenses.

The deduction for travel expenses will not be denied simply because you enjoy providing services to the charitable organization. Even if you enjoy the trip, you can take a charitable contribution deduction for your travel expenses if you are on duty in a genuine and substantial sense throughout the trip. However, if you have only nominal duties, or if for significant parts of the trip you do not have any duties, you cannot deduct your travel expenses.

**Example 1.**  You are a troop leader for a tax-exempt youth group and you help take the group on a camping trip. You are responsible for overseeing the set up of the camp and for providing adult supervision for other activities during the entire trip. You participate in the activities of the group and really enjoy your time with them. You oversee the breaking of camp and you help transport the group home. You can deduct your travel expenses.

**Example 2.**  You sail from one island to another and spend 8 hours a day counting whales and other forms of marine life. The project is sponsored by a charitable organization. In most circumstances, you cannot deduct your expenses.

**Example 3.**  You work for several hours each morning on an archeological dig sponsored by a charitable organization. The rest of the day is free for recreation and sightseeing. You cannot take a charitable contribution deduction even though you work very hard during those few hours.

**Example 4.**  You spend the entire day attending a charitable organization's regional meeting as a chosen representative. In the evening you go to the theater. You can claim your travel expenses as charitable contributions, but you cannot claim the cost of your evening at the theater.

**Daily allowance (per diem).**  If you provide services for a charitable organization and receive a daily allowance to cover reasonable travel expenses, including meals and lodging while away from home overnight, you must include in income the amount of the allowance that is more than your deductible travel expenses. You can deduct your necessary travel expenses that are more than the allowance.

**Deductible travel expenses.**  These include:

- Air, rail, and bus transportation,
- Out-of-pocket expenses for your car,
- Taxi fares or other costs of transportation between the airport or station and your hotel,
- Lodging costs, and
- The cost of meals.

Because these travel expenses are not business-related, they are not subject to the same limits as business related expenses. For information on business travel expenses, see *Travel Expenses* in Publication 463, *Travel, Entertainment, Gift, and Car Expenses.*

# Contributions You Cannot Deduct

There are some contributions you cannot deduct. There are others you can deduct only part of.

You cannot deduct as a charitable contribution:

1) A contribution to a specific *individual,*
2) A contribution to a *nonqualified organization,*
3) The part of a contribution from which you receive or expect to *receive a benefit,*
4) The *value of your time or services,*
5) Your *personal expenses,*
6) *Appraisal fees,* or
7) Certain contributions of *partial interests in property.*

Detailed discussions of these items follow.

## Contributions to Individuals

You cannot deduct contributions to specific individuals, including:

- Contributions to fraternal societies made for the purpose of paying medical or burial expenses of deceased members.
- Contributions to individuals who are needy or worthy. This includes contributions to a qualified organization if you indicate that your contribution is for a specific person. But you can deduct a contribution that you give to a qualified organization that in turn helps needy or worthy individuals if you do not indicate that your contribution is for a specific person.

  *Example.*  You can deduct contributions earmarked for flood relief, hurricane relief, or other disaster relief to a qualified organization. However, you cannot deduct contributions earmarked for relief of a particular individual or family.

Tab 76   Page 5
Page 5 of 19

- Payments to a member of the clergy that can be spent as he or she wishes, such as for personal expenses.

- Expenses you paid for another person who provided services to a qualified organization.
  **Example.** Your son does missionary work. You pay his expenses. You cannot claim a deduction for your son's unreimbursed expenses related to his contribution of services.

- Payments to a hospital that are for a specific patient's care or for services for a specific patient. You cannot deduct these payments even if the hospital is operated by a city, state, or other qualified organization.

## Contributions to Nonqualified Organizations

You cannot deduct contributions to organizations that are not qualified to receive tax-deductible contributions, including the following.

1) *Certain state bar associations* if:

   a) The state bar is not a political subdivision of a state,

   b) The bar has private, as well as public, purposes, such as promoting the professional interests of members, and

   c) Your contribution is unrestricted and can be used for private purposes.

2) *Chambers of commerce* and other business leagues or organizations.

3) *Civic leagues and associations.*

4) *Communist organizations.*

5) *Country clubs* and other social clubs.

6) *Foreign organizations* other than:

   a) A U.S. organization that transfers funds to a charitable foreign organization if the U.S. organization controls the use of the funds or if the foreign organization is only an administrative arm of the U.S. organization, or

   b) Certain Canadian, Israeli, or Mexican charitable organizations. See *Canadian charities, Mexican charities,* and *Israeli charities* under *Organizations That Qualify To Receive Deductible Contributions,* earlier.

7) *Homeowners' associations.*

8) *Labor unions.* But you may be able to deduct union dues as a miscellaneous itemized deduction, subject to the 2%-of-adjusted-gross-income limit, on Schedule A (Form 1040). See Publication 529, *Miscellaneous Deductions.*

9) *Political organizations and candidates.*

## Contributions From Which You Benefit

If you receive or expect to receive a financial or economic benefit as a result of making a contribution to a qualified organization, you cannot deduct the part of the contribution that represents the value of the benefit you receive. See *Contributions From Which You Benefit* under *Contributions You Can Deduct,* earlier. These contributions include:

- Contributions for *lobbying.* This includes amounts that you earmark for use in, or in connection with, influencing specific legislation.

- Contributions to a *retirement home* that are clearly for room, board, maintenance, or admittance. Also, if the amount of your contribution depends on the type or size of apartment you will occupy, it is not a charitable contribution.

- Costs of *raffles, bingo, lottery, etc.* You cannot deduct as a charitable contribution amounts you pay to buy raffle or lottery tickets or to play bingo or other games of chance. For information on how to report gambling winnings and losses, see *Deductions Not Subject to the 2% Limit* in Publication 529.

- Dues to *fraternal orders* and similar groups. However, see *Membership fees or dues* under *Contributions From Which You Benefit,* earlier.

- *Tuition,* or amounts you pay instead of tuition, even if you pay them for children to attend parochial schools or qualifying nonprofit day-care centers. You also cannot deduct any fixed amount you may be required to pay in addition to the tuition fee to enroll in a private school, even if it is designated as a "donation."

- *Contributions connected with split-dollar insurance arrangements.* You cannot deduct any part of a contribution to a charitable organization if, in connection with the contribution, the organization directly or indirectly pays, has paid, or is expected to pay any premium on any life insurance, annuity, or endowment contract for which you, any member of your family or any other person chosen by you (other than a qualified charitable organization) is a beneficiary.
  **Example.** You donate money to a charitable organization. The charity uses the money to purchase a cash value life insurance policy. The beneficiaries under the insurance policy include members of your family. Even though the charity may eventually get some benefit out of the insurance policy, you cannot deduct any part of the donation.

## Value of Time or Services

You cannot deduct the value of your time or services, including:

- *Blood donations* to the Red Cross or to blood banks, and

- *The value of income lost* while you work as an unpaid volunteer for a qualified organization.

## Personal Expenses

You cannot deduct personal, living, or family expenses, such as the following items.

- *The cost of meals* you eat while you perform services for a qualified organization, unless it is necessary for you to be away from home overnight while performing the services.

- *Adoption expenses,* including fees paid to an adoption agency and the costs of keeping a child in your home before adoption is final. However, you may be able to claim a tax credit for these expenses. Also, you may be able to exclude from your gross income amounts paid or reimbursed by your employer for your adoption expenses. See Publication 968, *Tax Benefits for Adoption,* for more information. You also may be able to claim an exemption for the child. See *Adoption* in Publication 501 for more information.

## Appraisal Fees

Fees that you pay to find the fair market value of donated property are not deductible as contributions. You can claim them, subject to the 2%-of-adjusted-gross-income limit, as a miscellaneous itemized deduction on Schedule A (Form 1040). See *Deductions Subject to the 2% Limit* in Publication 529 for more information.

## Partial Interest in Property

Generally, you cannot deduct a contribution of less than your entire interest in property. For details, see *Partial interest in property* under *Contributions of Property,* later.

# Contributions of Property

If you contribute property to a qualified organization, the amount of your charitable contribution is generally the *fair market value* of the property at the time of the contribution. However, if the property has increased in value, you may have to make some adjustments to the amount of your deduction. See *Giving Property That Has Increased in Value,* later.

For information about the records you must keep and the information you must furnish with your return if you donate property, see *Records To Keep* and *How To Report,* later.

## Contributions Subject to Special Rules

Special rules apply if you contributed:

- Property subject to a debt,

- A partial interest in property,

Tab 76
Page 6 of 19

- A future interest in tangible personal property, or
- Inventory from your business.

These special rules are described next.

**Property subject to a debt.** If you contribute property subject to a debt (such as a mortgage), you must reduce the fair market value of the property by:

1) Any allowable deduction for interest that you paid (or will pay) attributable to any period after the contribution, and

2) If the property is a bond, the lesser of:

   a) Any allowable deduction for interest you paid (or will pay) to buy or carry the bond that is attributable to any period before the contribution, or

   b) The interest, including bond discount, receivable on the bond that is attributable to any period before the contribution, and that is not includible in your income due to your accounting method.

This prevents a double deduction of the same amount as investment interest and also as a charitable contribution.

If the debt is assumed by the recipient (or another person), you must also reduce the fair market value of the property by the amount of the outstanding debt.

If you sold the property to a qualified organization at a bargain price, the amount of the debt is also treated as an amount realized on the sale or exchange of property. For more information, see *Bargain Sales* under *Giving Property That Has Increased in Value*, later.

**Partial interest in property.** Generally, you cannot deduct a charitable contribution (not made by a transfer in trust) of less than your entire interest in property.

**Right to use property.** A contribution of the right to use property is a contribution of less than your entire interest in that property and is not deductible.

**Example 1.** You own a 10-story office building and donate rent-free use of the top floor to a charitable organization. Since you still own the building, you have contributed a partial interest in the property and cannot take a deduction for the contribution.

**Example 2.** Mandy White owns a vacation home at the beach that she sometimes rents to others. For a fund-raising auction at her church, she donated the right to use the vacation home for 1 week. At the auction, the church received and accepted a bid from Lauren Green equal to the fair rental value of the home for 1 week. Mandy cannot claim a deduction because of the partial interest rule. Lauren cannot claim a deduction either, because she received a benefit equal to the amount of her payment. See *Contributions From Which You Benefit*, earlier.

**Exceptions.** You can deduct a charitable contribution of a partial interest in property only if that interest represents one of the following listed items.

1) A remainder interest in your personal home or farm. A remainder interest is one that passes to a beneficiary after the end of an earlier interest in the property.

   **Example.** You keep the right to live in your home during your lifetime and give your church a remainder interest that begins upon your death.

2) An undivided part of your entire interest. This must consist of a part of every substantial interest or right you own in the property and must last as long as your interest in the property lasts.

   **Example.** You contribute voting stock to a qualified organization but keep the right to vote the stock. The right to vote is a substantial right in the stock. You have not contributed an undivided part of your entire interest and cannot deduct your contribution.

3) A partial interest that would be deductible if transferred in trust.

4) A qualified conservation contribution (defined under *Qualified conservation contribution* in Publication 561).

For information about how to figure the value of a contribution of a partial interest in property, see *Partial Interest in Property Not in Trust* in Publication 561.

**Future interest in tangible personal property.** You can deduct the value of a charitable contribution of a future interest in tangible personal property only after all intervening interests in and rights to the actual possession or enjoyment of the property have either expired or been turned over to someone other than yourself, a related person, or a related organization.

Related persons include your spouse, children, grandchildren, brothers, sisters, and parents. Related organizations may include a partnership or corporation that you have an interest in, or an estate or trust that you have a connection with.

**Tangible personal property.** This is any property, other than land or buildings, that can be seen or touched. It includes furniture, books, jewelry, paintings, and cars.

**Future interest.** This is any interest that is to begin at some future time, regardless of whether it is designated as a future interest under state law.

**Example.** You own an antique car that you contribute to a museum. You give up ownership, but retain the right to keep the car in your garage with your personal collection. Since you keep an interest in the property, you cannot deduct the contribution. If you turn the car over to the museum in a later year, giving up all rights to its use, possession, and enjoyment, you can take a deduction for the contribution in that later year.

**Inventory.** If you contribute inventory (property that you sell in the course of your business), the amount you can claim as a contribution deduction is the smaller of its fair market value on the day you contributed it or its basis. The basis of donated inventory is any cost incurred for the inventory in an earlier year that you would otherwise include in your opening inventory for the year of the contribution. You must remove the

amount of your contribution deduction from your opening inventory. It is not part of the cost of goods sold.

If the cost of donated inventory is not included in your opening inventory, the inventory's basis is zero and you cannot claim a charitable contribution deduction. Treat the inventory's cost as you would ordinarily treat it under your method of accounting. For example, include the purchase price of inventory bought and donated in the same year in the cost of goods sold for that year.

# Determining Fair Market Value

This section discusses general guidelines for determining the fair market value of various types of donated property. Publication 561 contains a more complete discussion.

Fair market value is the price at which property would change hands between a willing buyer and a willing seller, neither having to buy or sell, and both having reasonable knowledge of all the relevant facts.

**Used clothing.** The fair market value of used clothing and other personal items is usually far less than the price you paid for them. There are no fixed formulas or methods for finding the value of items of clothing.

You should claim as the value the price that buyers of used items actually pay in used clothing stores, such as consignment or thrift shops.

**Household goods.** The fair market value of used household goods, such as furniture, appliances, and linens, is usually much lower than the price paid when new. These items may have little or no market value because they are in a worn condition, out of style, or no longer useful. For these reasons, formulas (such as using a percentage of the cost to buy a new replacement item) are not acceptable in determining value.

You should support your valuation with photographs, canceled checks, receipts from your purchase of the items, or other evidence. Magazine or newspaper articles and photographs that describe the items and statements by the recipients of the items are also useful. Do not include any of this evidence with your tax return.

If the property is valuable because it is old or unique, see the discussion under *Paintings, Antiques, and Other Objects of Art* in Publication 561.

**Cars, boats, and aircraft.** If you contribute a car, boat, or aircraft to a charitable organization, you must determine its fair market value.

Certain commercial firms and trade organizations publish used car pricing guides, commonly called "blue books," containing complete dealer sale prices or dealer average prices for recent model years. The guides may be published monthly or seasonally, and for different regions of the country. These guides also provide estimates for adjusting for unusual equipment, unusual mileage, and physical condition. The prices are not "official" and these publications are not considered an appraisal of any specific donated property. But they do provide clues for making an appraisal and suggest relative prices for comparison with current sales and offerings in your area.

These publications are sometimes available from public libraries, or from the loan officer at a

Tab 76 Page 7

Page 7 of 19

bank, credit union, or finance company. You can also find used car pricing information on the Internet.

Except for inexpensive small boats, the valuation of boats should be based on an appraisal by a marine surveyor because the physical condition is critical to the value.

**Example.** You donate your car to a local high school for use by students studying automobile repair. Your credit union told you that the "blue book" value of the car is $1,600. However, your car needs extensive repairs and, after some checking, you find that you could sell it for $750. You can deduct $750, the *true* fair market value of the car, as a charitable contribution.

**Large quantities.** If you contribute a large number of the same item, fair market value is the price at which comparable numbers of the item are being sold.

**Example.** You purchase 500 bibles for $1,000. The person who sells them to you says the retail value of these bibles is $3,000. If you contribute the bibles to a qualified organization, you can claim a deduction only for the price at which similar numbers of the same bible are currently being sold. Your charitable contribution is $1,000, unless you can show that similar numbers of that bible were selling at a different price at the time of the contribution.

## Giving Property That Has Decreased in Value

If you contribute property with a fair market value that is less than your basis in it, your deduction is limited to its fair market value. You cannot claim a deduction for the difference between the property's basis and its fair market value.

Your **basis** in property is generally what you paid for it. If you need more information about basis, get Publication 551, *Basis of Assets.* You may want to get Publication 551 if you contribute property that you:

- Received as a gift or inheritance,
- Used in a trade, business, or activity conducted for profit, or
- Claimed a casualty loss deduction for.

Common examples of property that decreases in value include clothing, furniture, appliances, and cars.

## Giving Property That Has Increased in Value

If you contribute property with a fair market value that is more than your basis in it, you may have to **reduce the fair market value** by the amount of appreciation (increase in value) when you figure your deduction.

Your basis in property is generally what you paid for it. If you need more information about basis, get Publication 551.

Different rules apply to figuring your deduction, depending on whether the property is:

1) Ordinary income property, or
2) Capital gain property.

## Ordinary Income Property

Property is ordinary income property if its sale at fair market value on the date it was contributed would have resulted in ordinary income or in short-term capital gain. Examples of ordinary income property are inventory, works of art created by the donor, and capital assets (defined later, under *Capital Gain Property*) held 1 year or less.

**Property used in a trade or business.** Property used in a trade or business is considered ordinary income property to the extent of any gain that would have been treated as ordinary income because of depreciation had the property been sold at its fair market value at the time of contribution. See chapter 3 of Publication 544, *Sales and Other Dispositions of Assets,* for the kinds of property to which this rule applies.

**Amount of deduction.** The amount you can deduct for a contribution of ordinary income property is its fair market value *less* the amount that would be ordinary income or short-term capital gain if you sold the property for its fair market value. Generally, this rule limits the deduction to your basis in the property.

**Example.** You donate stock that you held for 5 months to your church. The fair market value of the stock on the day you donate it is $1,000, but you paid only $800 (your basis). Because the $200 of appreciation would be short-term capital gain if you sold the stock, your deduction is limited to $800 (fair market value less the appreciation).

**Exception.** Do not reduce your charitable contribution if you include the ordinary or capital gain income in your gross income in the same year as the contribution. See *Ordinary or capital gain income included in gross income* under *Capital Gain Property,* next, if you need more information.

## Capital Gain Property

Property is capital gain property if its sale at fair market value on the date of the contribution would have resulted in long-term capital gain. Capital gain property includes capital assets held more than 1 year.

**Capital assets.** Capital assets include most items of property that you own and use for personal purposes or investment. Examples of capital assets are stocks, bonds, jewelry, coin or stamp collections, and cars or furniture used for personal purposes.

For purposes of figuring your charitable contribution, capital assets also include certain real property and depreciable property used in your trade or business and, generally, held more than 1 year. (You may have to treat this property as partly ordinary income property and partly capital gain property.)

**Real property.** Real property is land and generally anything that is built on, growing on, or attached to land.

**Depreciable property.** Depreciable property is property used in business or held for the production of income and for which a depreciation deduction is allowed.

For more information about what is a capital asset, see chapter 2 of Publication 544.

**Amount of deduction – general rule.** When figuring your deduction for a gift of capital gain property, you usually can use the **fair market value** of the gift.

**Exceptions.** However, in certain situations, you must **reduce the fair market value** by any amount that would have been long-term capital gain if you had sold the property for its fair market value. Generally, this means reducing the fair market value to the property's cost or other basis. You must do this **if:**

1) The property (other than qualified appreciated stock) is contributed to certain private nonoperating foundations,
2) The contributed property is tangible personal property that is put to an unrelated use by the charity, or
3) You choose the 50% limit instead of the 30% limit, discussed later.

**Contributions to private nonoperating foundations.** The reduced deduction applies to contributions to all private nonoperating foundations other than those qualifying for the 50% limit, discussed later.

However, the reduced deduction does not apply to contributions of qualified appreciated stock. Qualified appreciated stock is any stock in a corporation that is capital gain property and for which market quotations are readily available on an established securities market on the day of the contribution. But stock in a corporation does not count as qualified appreciated stock to the extent you and your family contributed more than 10% of the value of all the outstanding stock in the corporation.

**Contributions of tangible personal property.** The term tangible personal property means any property, other than land or buildings, that can be seen or touched. It includes furniture, books, jewelry, paintings, and cars.

The term **unrelated use** means a use that is unrelated to the exempt purpose or function of the charitable organization. For a governmental unit, it means the use of the contributed property for other than exclusively public purposes.

**Example.** If a painting contributed to an educational institution is used by that organization for educational purposes by being placed in its library for display and study by art students, the use is not an unrelated use. But if the painting is sold and the proceeds are used by the organization for educational purposes, the use is an unrelated use.

**Ordinary or capital gain income included in gross income.** You do not reduce your charitable contribution if you include the ordinary or capital gain income in your gross income in the same year as the contribution. This may happen when you transfer installment or discount obligations or when you assign income to a charitable organization. If you contribute an obligation received in a sale of property that is reported under the installment method, see Publication 537, *Installment Sales.*

**Example.** You donate an installment note to a qualified organization. The note has a fair

market value of $10,000 and a basis to you of $7,000. As a result of the donation, you have a short-term capital gain of $3,000 ($10,000 − $7,000), which you include in your income for the year. Your charitable contribution is $10,000.

## Bargain Sales

A bargain sale of property to a qualified organization (a sale or exchange for less than the property's fair market value) is partly a charitable contribution and partly a sale or exchange.

**Part that is a sale or exchange.** The part of the bargain sale that is a sale or exchange may result in a taxable gain. For more information on determining the amount of any taxable gain, see *Bargain sales to charity* in chapter 1 of Publication 544.

**Part that is a charitable contribution.** Figure the amount of your charitable contribution in three steps.

**Step 1.** Subtract the amount you received for the property from the property's fair market value at the time of sale. This gives you the fair market value of the contributed part.

**Step 2.** Find the adjusted basis of the contributed part. It equals:

$$\text{Adjusted basis of entire property} \times \frac{\text{Fair market value of contributed part}}{\text{Fair market value of entire property}}$$

**Step 3.** Determine whether the amount of your charitable contribution is the fair market value of the contributed part (which you found in *Step 1*) or the adjusted basis of the contributed part (which you found in *Step 2*). Generally, if the property sold was capital gain property, your charitable contribution is the fair market value of the contributed part. If it was ordinary income property, your charitable contribution is the adjusted basis of the contributed part. See the ordinary income property and capital gain property rules (discussed earlier) for more information.

**Example.** You sell ordinary income property with a fair market value of $10,000 to a church for $2,000. Your basis is $4,000 and your adjusted gross income is $20,000. You make no other contributions during the year. The fair market value of the contributed part of the property is $8,000 ($10,000 − $2,000). The adjusted basis of the contributed part is $3,200 ($4,000 × ($8,000 ÷ $10,000)). Because the property is ordinary income property, your charitable contribution deduction is limited to the adjusted basis of the contributed part. You can deduct $3,200.

## Penalty

You may be liable for a penalty if you overstate the value or adjusted basis of donated property.

**20% penalty.** The penalty is 20% of the amount by which you underpaid your tax because of the overstatement, if:

1) The value or adjusted basis claimed on your return is 200% or more of the correct amount, and

2) You underpaid your tax by more than $5,000 because of the overstatement.

**40% penalty.** The penalty is 40%, rather than 20%, if:

1) The value or adjusted basis claimed on your return is 400% or more of the correct amount, and

2) You underpaid your tax by more than $5,000 because of the overstatement.

# When To Deduct

You can deduct your contributions only in the year you actually make them in cash or other property (or in a succeeding carryover year, as explained under *How To Figure Your Deduction When Limits Apply*, later). This applies whether you use the cash or an accrual method of accounting.

**Time of making contribution.** Usually, you make a contribution at the time of its unconditional delivery.

**Checks.** A check that you mail to a charity is considered delivered on the date you mail it.

**Credit card.** Contributions charged on your bank credit card are deductible in the year you make the charge.

**Pay-by-phone account.** If you use a pay-by-phone account, the date you make a contribution is the date the financial institution pays the amount. This date should be shown on the statement the financial institution sends to you.

**Stock certificate.** The gift to a charity of a properly endorsed stock certificate is completed on the date of mailing or other delivery to the charity or to the charity's agent. However, if you give a stock certificate to your agent or to the issuing corporation for transfer to the name of the charity, your gift is not completed until the date the stock is transferred on the books of the corporation.

**Promissory note.** If you issue and deliver a promissory note to a charitable organization as a contribution, it is not a contribution until you make the note payments.

**Option.** If you grant an option to buy real property at a bargain price to a charitable organization, you cannot take a deduction until the organization exercises the option.

**Borrowed funds.** If you make a contribution with borrowed funds, you can deduct the contribution in the year you make it, regardless of when you repay the loan.

**Conditional gift.** If your contribution is a conditional gift that depends on a future act or event that may not take place, you cannot take a deduction. But if there is only a negligible chance that the act or event will not take place, you can take a deduction.

If your contribution would be undone by a later act or event, you cannot take a deduction. But if there is only a negligible chance the act or event will take place, you can take a deduction.

**Example 1.** You donate cash to a local school board, which is a political subdivision of a state, to help build a school gym. The school board will refund the money to you if it does not collect enough to build the gym. You cannot deduct your gift as a charitable contribution until there is no chance of a refund.

**Example 2.** You donate land to a city for as long as the city uses it for a public park. The city does plan to use the land for a park, and there is no chance (or only a negligible chance) of the land being used for any different purpose. You can deduct your charitable contribution.

# Limits on Deductions

If your total contributions for the year are 20% or less of your adjusted gross income, you do not need to read this section. The limits discussed here do not apply to you.

The amount of your deduction is limited to **50%** of your adjusted gross income, and may be limited to **30%** or **20%** of your adjusted gross income, depending on the type of property you give and the type of organization you give it to. These limits are described below.

If your contributions are more than any of the limits that apply, see *Carryovers* under *How To Figure Your Deduction When Limits Apply*, later.

**Out-of-pocket expenses.** Amounts you spend performing services for a charitable organization, which qualify as charitable contributions, are subject to the limit of the organization. For example, the 50% limit applies to amounts you spend on behalf of a church, a 50% limit organization. These amounts are considered a contribution *to* a qualified organization.

## 50% Limit

The 50% limit applies to the total of all charitable contributions you make during the year. This means that your deduction for charitable contributions cannot be more than 50% of your adjusted gross income for the year.

**Only limit for 50% organizations.** The 50% limit is the only limit that applies to gifts *to* organizations listed below under *50% Limit Organizations*. But there is one exception.

**Exception.** A 30% limit also applies to these gifts if they are gifts of capital gain property for which you figure your deduction using fair market value without reduction for appreciation. (See *Special 30% Limit for Capital Gain Property*, later.)

## 50% Limit Organizations

You can ask any organization whether it is a 50% limit organization, and most will be able to tell you. Or you may check IRS Publication 78 (described earlier).

Only the following types of organizations are 50% limit organizations.

Tab 76   Page 9
Page 9 of 19

1) Churches, and conventions or associations of churches.

2) Educational organizations with a regular faculty and curriculum that normally have a regularly enrolled student body attending classes on site.

3) Hospitals and certain medical research organizations associated with these hospitals.

4) Organizations that are operated only to receive, hold, invest, and administer property and to make expenditures to or for the benefit of state and municipal colleges and universities and that normally receive substantial support from the United States or any state or their political subdivisions, or from the general public.

5) The United States or any state, the District of Columbia, a U.S. possession (including Puerto Rico), a political subdivision of a state or U.S. possession, or an Indian tribal government or any of its subdivisions that perform substantial government functions.

6) Corporations, trusts, or community chests, funds, or foundations organized and operated only for charitable, religious, educational, scientific, or literary purposes, or to prevent cruelty to children or animals, or to foster certain national or international amateur sports competition. These organizations must be "publicly supported," which means they normally must receive a substantial part of their support, other than income from their exempt activities, from direct or indirect contributions from the general public or from governmental units.

7) Organizations that may not qualify as "publicly supported" under (6) but that meet other tests showing their respond to the needs of the general public, not a limited number of donors or other persons. They must normally receive more than one-third of their support either from organizations described in (1) through (6), or from persons other than "disqualified persons."

8) Most organizations operated or controlled by, and operated for the benefit of, those organizations described in (1) through (7).

9) Private operating foundations.

10) Private nonoperating foundations that make qualifying distributions of 100% of contributions within 2½ months following the year they receive the contribution. A deduction for charitable contributions to any of these private nonoperating foundations must be supported by evidence from the foundation confirming that it made the qualifying distributions timely. Attach a copy of this supporting data to your tax return.

11) A private foundation whose contributions are pooled into a common fund, if the foundation would be described in (8) above but for the right of substantial contributors to name the public charities that receive contributions from the fund. The foundation must distribute the common

fund's income within 2½ months following the tax year in which it was realized and must distribute the corpus not later than 1 year after the donor's death (or after the death of the donor's surviving spouse if the spouse can name the recipients of the corpus).

## 30% Limit

A 30% limit applies to the following gifts.

- Gifts to all qualified organizations other than 50% limit organizations. This includes gifts to veterans' organizations, fraternal societies, nonprofit cemeteries, and certain private nonoperating foundations.

- Gifts *for the use of* any organization.

However, if these gifts are of capital gain property, they are subject to the 20% limit, described later, rather than the 30% limit.

**Student living with you.**  Amounts you spend on behalf of a student living with you are subject to the 30% limit. These amounts are considered a contribution *for the use of* a qualified organization.

## Special 30% Limit for Capital Gain Property

A special 30% limit applies to gifts of capital gain property to 50% limit organizations. (For gifts of capital gain property to other organizations, see *20% Limit,* next.) However, the special 30% limit does not apply when you choose to reduce the fair market value of the property by the amount that would have been long-term capital gain if you had sold the property. Instead, only the 50% limit applies. See *Capital Gain Property,* earlier, and *Capital gain property election* under *How To Figure Your Deduction When Limits Apply,* later.

**Two separate 30% limits.**  This special 30% limit for capital gain property is separate from the other 30% limit. Therefore, the deduction of a contribution subject to one 30% limit does not reduce the amount you can deduct for contributions subject to the other 30% limit. However, the total you deduct cannot be more than 50% of your adjusted gross income.

*Example.*  Your adjusted gross income is $50,000. During the year, you gave capital gain property with a fair market value of $15,000 to a 50% limit organization. You do not choose to reduce the property's fair market value by its appreciation in value. You also gave $10,000 cash to a qualified organization that is not a 50% limit organization. The $15,000 gift of property is subject to the special 30% limit. The $10,000 cash gift is subject to the other 30% limit. Both gifts are fully deductible because neither is more than the 30% limit that applies ($15,000 in each case) and together they are not more than the 50% limit ($25,000).

## 20% Limit

The 20% limit applies to all gifts of capital gain property to or for the use of qualified organizations (other than gifts of capital gain property to 50% limit organizations).

## How To Figure Your Deduction When Limits Apply

If your contributions are subject to more than one of the limits just discussed, you can deduct them as follows.

1) Contributions subject only to the *50% limit,* up to 50% of your adjusted gross income.

2) Contributions subject to the *30% limit,* up to the *lesser* of:

   a) 30% of adjusted gross income, or

   b) 50% of adjusted gross income *minus* your contributions to 50% limit organizations, *including* contributions of capital gain property subject to the special 30% limit.

3) Contributions of *capital gain property* subject to the *special 30% limit,* up to the *lesser* of:

   a) 30% of adjusted gross income, or

   b) 50% of adjusted gross income *minus* your other contributions to 50% limit organizations.

4) Contributions subject to the *20% limit,* up to the *lesser* of:

   a) 20% of adjusted gross income,

   b) 30% of adjusted gross income *minus* your contributions subject to the 30% limit,

   c) 30% of adjusted gross income *minus* your contributions of capital gain property subject to the special 30% limit, or

   d) 50% of adjusted gross income *minus* the total of your contributions to 50% limit organizations and your contributions subject to the 30% limit.

If more than one of the limits described above limit your deduction for charitable contributions, you may want to use the worksheet in *Table 4* on page 17 to figure your deduction and your carryover.

*Example.*  Your adjusted gross income is $50,000. During the year, you gave your church $2,000 cash and land with a fair market value of $28,000 and a basis of $22,000. You held the land for investment purposes. You do not choose to reduce the fair market value of the land by the appreciation in value. You also gave $5,000 cash to a private foundation to which the 30% limit applies.

The $2,000 cash donated to the church is considered first and is fully deductible. Your contribution to the private foundation is considered next. Because your contributions to 50% limit organizations ($2,000 + $28,000) are more than $25,000 (50% of $50,000), your contribution to the private foundation is not deductible for the year. It can be carried over to later years. See *Carryovers,* later. The gift of land is considered next. Your deduction for the land is limited to $15,000 (30% × $50,000). The unused part of the gift of land ($13,000) can be carried over.



**Table 3.   Filled-In Worksheet for Limit on Deductions**

---

**Who can use this worksheet.** You can use this worksheet if you made charitable contributions during the year, and one or more of the limits described in this publication under *Limits on Deductions* apply to you. You cannot use this worksheet if you have a carryover of a charitable contribution from an earlier year.

**General instructions:**
- The terms used in this worksheet are explained earlier in this publication.
- If your answer to any line is less than zero, enter zero.
- For contributions of property, enter the property's fair market value unless you elected (or were required) to reduce the fair market value as explained under *Giving Property That Has Increased in Value*. In that case, enter the reduced amount.

---

**Step 1. List your charitable contributions made during the year.**

| | | |
|---|---|---|
| 1. | Enter your contributions to 50% limit organizations. (Include contributions of capital gain property if you reduced the property's fair market value. Do not include contributions of capital gain property deducted at fair market value.) . . . . . . . . . . . . . . . . . | **1** 2,000 |
| 2. | Enter your contributions to 50% limit organizations of capital gain property deducted at fair market value | **2** 28,000 |
| 3. | Enter your contributions (other than of capital gain property) to qualified organizations that are not 50% limit organizations | **3** 5,000 |
| 4. | Enter your contributions "for the use of" any qualified organization. (But do not enter here any amount that must be entered on line 6.) . . . . . . . . . . . . . . . . . | **4** -0- |
| 5. | Add lines 3 and 4. . . . . . . . . . . . . . . . . . | **5** 5,000 |
| 6. | Enter your contributions of capital gain property to or for the use of any qualified organization. (But do not enter here any amount entered on line 1 or 2.) . . . . . . . . . . . | **6** -0- |

**Step 2. Figure your deduction for the year and your carryover to the next year.**

| | | | Deduct this year | Carryover to next year |
|---|---|---|---|---|
| 7. | Enter your adjusted gross income . . . . . . . . . . . | **7** 50,000 | | |
| 8. | Multiply line 7 by 0.5. This is your 50% limit . . . . . . . . . | **8** 25,000 | | |
| | ***Contributions to 50% limit organizations*** | | | |
| 9. | Enter the smaller of line 1 or line 8. . . . . . . . . . | **9** | 2,000 | |
| 10. | Subtract line 9 from line 1 . . . . . . . . . . . | **10** | | -0- |
| 11. | Subtract line 9 from line 8 . . . . . . . . . . . | **11** 23,000 | | |
| | ***Contributions not to 50% limit organizations*** | | | |
| 12. | Add lines 1 and 2 . . . . . . . . . . . . | **12** 30,000 | | |
| 13. | Multiply line 7 by 0.3. This is your 30% limit . . . . . . | **13** 15,000 | | |
| 14. | Subtract line 12 from line 8 . . . . . . . . . | **14** -0- | | |
| 15. | Enter the smallest of line 5, 13, or 14 . . . . . . . | **15** | -0- | |
| 16. | Subtract line 15 from line 5 . . . . . . . . . | **16** | | 5,000 |
| 17. | Subtract line 15 from line 13 . . . . . . . . | **17** 15,000 | | |
| | ***Contributions of capital gain property to 50% limit organizations*** | | | |
| 18. | Enter the smallest of line 2, 11, or 13 . . . . . . . | **18** | 15,000 | |
| 19. | Subtract line 18 from line 2 . . . . . . . . . | **19** | | 13,000 |
| 20. | Subtract line 15 from line 14 . . . . . . . . . | **20** -0- | | |
| 21. | Subtract line 18 from line 13 . . . . . . . . | **21** -0- | | |
| | ***Contributions of capital gain property not to 50% limit organizations*** | | | |
| 22. | Multiply line 7 by 0.2. This is your 20% limit . . . . . . | **22** 10,000 | | |
| 23. | Enter the smallest of line 6, 17, 20, 21, or 22 . . . . . . | **23** | -0- | |
| 24. | Subtract line 23 from line 6 . . . . . . . . . | **24** | | -0- |

**Step 3. Summarize your deductions and carryovers.**

| | | | |
|---|---|---|---|
| 25. | Add lines 9, 15, 18, and 23. Enter the total here and on Schedule A (Form 1040) . . . | **25** 17,000 | |
| 26. | Add lines 10, 16, 19, and 24. Enter the total here. Carry it forward to Schedule A next year . . . . . . . . . . . . . . . . | **26** | 18,000 |

Tab 76   Page 11
Page 11 of 19

For this year, your deduction is limited to $17,000 ($2,000 + $15,000).

A Filled-In Worksheet for Limit on Deductions in Table 3 on page 11 shows this computation in detail.

**Capital gain property election.** You may choose the 50% limit for gifts of capital gain property to 50% limit organizations instead of the 30% limit that would otherwise apply. If you make this choice, you must reduce the fair market value of the property contributed by the appreciation in value that would have been long-term capital gain if the property had been sold.

This choice applies to all capital gain property contributed to 50% limit organizations during a tax year. It also applies to carryovers of this kind of contribution from an earlier tax year. For details, see Carryover of capital gain property, later.

You must make the choice on your original return or on an amended return filed by the due date for filing the original return.

*Example.* In the previous example, if you choose to have the 50% limit apply to the land (the 30% capital gain property) given to your church, you must reduce the fair market value of the property by the appreciation in value. Therefore, the amount of your charitable contribution for the land would be its basis to you of $22,000. You add this amount to the $2,000 cash contributed to the church. You can now deduct $1,000 of the amount donated to the private foundation because your contributions to 50% limit organizations ($2,000 + $22,000) are $1,000 less than the 50%-of-adjusted-gross-income limit. Your total deduction for the year is $25,000 ($2,000 cash to your church, $22,000 for property donated to your church, and $1,000 cash to the private foundation). You can carry over to later years the part of your contribution to the private foundation that you could not deduct ($4,000).

## Carryovers

You can carry over your contributions that you are not able to deduct in the current year because they exceed your adjusted-gross-income limits. You can deduct the excess in each of the next 5 years until it is used up, but not beyond that time. Your total contributions deduction for the year to which you carry your contributions cannot exceed 50% of your adjusted gross income for that year.

Contributions you carry over are subject to the same percentage limits in the year to which they are carried. For example, contributions subject to the 20% limit in the year in which they are made are 20% limit contributions in the year to which they are carried.

For each category of contributions, you deduct carryover contributions only after deducting all allowable contributions in that category for the current year. If you have carryovers from 2 or more prior years, use the carryover from the earlier year first.

*Note.* A carryover of a contribution to a 50% limit organization must be used before contributions in the current year to organizations other than 50% limit organizations. See Example 2 on this page.

*Example 1.* Last year, you contributed $11,000 to a 50% limit organization, but because of the limit you deducted only $10,000 and carried over $1,000 to this year. This year, your adjusted gross income is $20,000 and you contribute $9,500 to a 50% limit organization. You can deduct $10,000 (50% of $20,000) this year. Consequently, in addition to your contribution of $9,500 for this year, you can deduct $500 of your carryover contribution from last year. You can carry over the $500 balance of your carryover from last year to next year.

*Example 2.* This year, your adjusted gross income is $24,000. You make cash contributions of $6,000 to which the 50% limit applies and $3,000 to which the 30% limit applies. You have a contribution carryover from last year of $5,000 for capital gain property contributed to a 50% limit organization and subject to the special 30% limit for contributions of capital gain property.

Your contribution deduction for this year is limited to $12,000 (50% of $24,000). Your 50% limit cash contributions of $6,000 are fully deductible.

The deduction for your 30% limit contributions of $3,000 is limited to $1,000. This is the lesser of:

1) $7,200 (30% of $24,000), or

2) $1,000 ($12,000 minus $11,000).

(The $12,000 amount is 50% of $24,000, your adjusted gross income. The $11,000 amount is the sum of your current and carryover contributions to 50% limit organizations, $6,000 + $5,000.)

The deduction for your $5,000 carryover subject to the special 30% limit for contributions of capital gain property. This means it is limited to the smaller of:

1) $7,200 (your 30% limit), or

2) $6,000 ($12,000, your 50% limit, minus $6,000, the amount of your cash contributions to 50% limit organizations this year).

Since your $5,000 carryover is less than both $7,200 and $6,000, you can deduct it in full.

Your deduction is $12,000 ($6,000 + $1,000 + $5,000). You carry over the $2,000 balance of your 30% limit contributions for this year to next year.

**Carryover of capital gain property.** If you carry over contributions of capital gain property subject to the special 30% limit and you choose in the next year to use the 50% limit and take appreciation into account, you must refigure the carryover. You reduce the fair market value of the property by the appreciation and reduce that result by the amount actually deducted in the previous year.

*Example.* Last year, your adjusted income was $50,000 and you contributed capital gain property valued at $27,000 to a 50% limit organization and did not choose to use the 50% limit. Your basis in the property was $20,000. Your deduction was limited to $15,000 (30% of $50,000), and you carried over $12,000. This year, your adjusted gross income is $60,000 and you contribute capital gain property valued at $25,000 to a 50% limit organization. Your basis in the property is $24,000 and you choose

to use the 50% limit. You must refigure your carryover as if you had taken appreciation into account last year as well as this year. Because the amount of your contribution last year would have been $24,000 (the property's basis) instead of the $15,000 you actually deducted, your refigured carryover is $5,000 ($20,000 − $15,000). Your total deduction this year is $29,000 (your $24,000 current contribution plus your $5,000 carryover).

**Additional rules for carryovers.** Special rules exist for computing carryovers if you:

- Were married in some years but not others,
- Had different spouses in different years,
- Change from a separate return to a joint return in a later year,
- Change from a joint return to a separate return in a later year,
- Had a net operating loss,
- Claim the standard deduction in a carryover year, or
- Become a widow or widower.

Because of their complexity and the limited number of taxpayers to whom these additional rules apply, they are not discussed in this publication. If you need to compute a carryover and you are in one of these situations, you may want to consult with a tax practitioner.

# Records To Keep

You must keep records to prove the amount of the cash and noncash contributions you make during the year. The kind of records you must keep depends on the amount of your contributions and whether they are cash or noncash contributions.

*Note.* An organization generally must give you a written statement if it receives a payment from you that is more than $75 and is partly a contribution and partly for goods or services. (See Contributions From Which You Benefit under Contributions You Can Deduct, earlier.) Keep the statement for your records. It may satisfy all or part of the recordkeeping requirements explained in the following discussions.

## Cash Contributions

Cash contributions include those paid by cash, check, credit card, or payroll deduction. They also include your out-of-pocket expenses when donating your services.

For a contribution made in cash, the records you must keep depend on whether the contribution is:

1) Less than $250, or

2) $250 or more.

**Amount of contribution.** In figuring whether your contribution is $250 or more, do not combine separate contributions. For example, if you gave your church $25 each week, your weekly

Tab 76
Page 12 of 19

payments do not have to be combined. Each payment is a separate contribution.

If contributions are made by payroll deduction, the deduction from each paycheck is treated as a separate contribution.

If you made a payment that is partly for goods and services, as described earlier under *Contributions From Which You Benefit,* your contribution is the amount of the payment that is more than the value of the goods and services.

## Contributions of Less Than $250

For each cash contribution that is less than $250, you must keep one of the following.

1) A canceled check, *or* a legible and readable account statement that shows:

   a) If payment was by check — the check number, amount, date posted, and to whom paid,

   b) If payment was by electronic funds transfer — the amount, date posted, and to whom paid, or

   c) If payment was charged to a credit card — the amount, transaction date, and to whom paid.

2) A receipt (or a letter or other written communication) from the charitable organization showing the name of the organization, the date of the contribution, and the amount of the contribution.

3) Other reliable written records that include the information described in (2). Records may be considered reliable if they were made at or near the time of the contribution, were regularly kept by you, or if, in the case of small donations, you have buttons, emblems, or other tokens, that are regularly given to persons making small cash contributions.

**Car expenses.** If you claim expenses directly related to use of your car in giving services to a qualified organization, you must keep reliable written records of your expenses. Whether your records are considered reliable depends on all the facts and circumstances. Generally, they may be considered reliable if you made them regularly and at or near the time you had the expenses.

Your records must show the name of the organization you were serving and the date each time you used your car for a charitable purpose. If you use the standard mileage rate, your records must show the miles you drove your car for the charitable purpose. If you deduct your actual expenses, your records must show the costs of operating the car that are directly related to a charitable purpose.

See *Car expenses* under *Out-of-Pocket Expenses in Giving Services,* earlier, for the expenses you can deduct.

## Contributions of $250 or More

You can claim a deduction for a contribution of $250 or more only if you have an acknowledgement of your contribution from the qualified organization or certain payroll deduction records.

If you made more than one contribution of $250 or more, you must have either a separate acknowledgement for each or one acknowledgement that shows your total contributions.

**Acknowledgement.** The acknowledgement must meet these tests.

1) It must be written.

2) It must include:

   a) The amount of cash you contributed,

   b) Whether the qualified organization gave you any goods or services as a result of your contribution (other than certain token items and membership benefits), and

   c) A description and good faith estimate of the value of any goods or services described in (b). If the only benefit you received was an intangible religious benefit (such as admission to a religious ceremony) that generally is not sold in a commercial transaction outside the donative context, the acknowledgement must say so and does not need to describe or estimate the value of the benefit.

3) You must get it on or before the earlier of:

   a) The date you file your return for the year you make the contribution, or

   b) The due date, including extensions, for filing the return.

**Payroll deductions.** If you make a contribution by payroll deduction, you do not need an acknowledgement from the qualified organization. But if your employer deducted $250 or more from a single paycheck, you must keep:

1) A pay stub, Form W–2, or other document furnished by your employer that proves the amount withheld, and

2) A pledge card or other document from the qualified organization that states the organization does not provide goods or services in return for any contribution made to it by payroll deduction.

**Out-of-pocket expenses.** If you render services to a qualified organization and have unreimbursed out-of-pocket expenses related to those services, you can satisfy the written acknowledgement requirement just discussed if:

1) You have adequate records to prove the amount of the expenses, and

2) By the required date, you get an acknowledgement from the qualified organization that contains:

   a) A description of the services you provided,

   b) A statement of whether or not the organization provided you any goods or services to reimburse you for the expenses you incurred,

   c) A description and a good faith estimate of the value of any goods or services

(other than intangible religious benefits) provided to reimburse you, and

   d) A statement of any intangible religious benefits provided to you.

## Noncash Contributions

For a contribution not made in cash, the records you must keep depend on whether your deduction for the contribution is:

1) Less than $250,

2) At least $250 but not more than $500,

3) Over $500 but not more than $5,000, or

4) Over $5,000.

**Amount of contribution.** In figuring whether your contribution is $250 or more, do not combine separate contributions. If you got goods or services in return, as described earlier in *Contributions From Which You Benefit,* reduce your contribution by the value of those goods or services. If you figure your deduction by reducing the fair market value of the donated property by its appreciation, as described earlier in *Giving Property That Has Increased in Value,* your contribution is the reduced amount.

## Deductions of Less Than $250

If you make any noncash contribution, you must get and keep a receipt from the charitable organization showing:

1) The name of the charitable organization,

2) The date and location of the charitable contribution, and

3) A reasonably detailed description of the property.

A letter or other written communication from the charitable organization acknowledging receipt of the contribution and containing the information in (1), (2), and (3) will serve as a receipt.

You are not required to have a receipt where it is impractical to get one (for example, if you leave property at a charity's unattended drop site).

**Additional records.** You must also keep reliable written records for each item of donated property. Your written records must include the following information.

1) The name and address of the organization to which you contributed.

2) The date and location of the contribution.

3) A description of the property in detail reasonable under the circumstances. For a security, keep the name of the issuer, the type of security, and whether it is regularly traded on a stock exchange or in an over-the-counter market.

4) The fair market value of the property at the time of the contribution and how you figured the fair market value. If it was determined by appraisal, you should also keep a signed copy of the appraisal.

5) The cost or other basis of the property if you must reduce its fair market value by

Tab 76    Page 13
Page 13 of 19

appreciation. Your records should also include the amount of the reduction and how you figured it. If you choose the 50% limit instead of the special 30% limit on certain capital gain property (discussed under *Capital gain property election*, earlier), you must keep a record showing the years for which you made the choice, contributions for the current year to which the choice applies, and carryovers from preceding years to which the choice applies.

6) The amount you claim as a deduction for the tax year as a result of the contribution, if you contribute less than your entire interest in the property during the tax year. Your records must include the amount you claimed as a deduction in any earlier years for contributions of other interests in this property. They must also include the name and address of each organization to which you contributed the other interests, the place where any such tangible property is located or kept, and the name of any person in possession of the property, other than the organization to which you contributed.

7) The terms of any conditions attached to the gift of property.

## Deductions of At Least $250 But Not More Than $500

If you claim a deduction of at least $250 but not more than $500 for a noncash charitable contribution, you must get and keep an acknowledgement of your contribution from the qualified organization. If you made more than one contribution of $250 or more, you must have either a separate acknowledgement for each or one acknowledgement that shows your total contributions.

The acknowledgement must contain the information in items (1) through (3) listed under *Deductions of Less Than $250*, earlier, and your written records must include the information listed in that discussion under *Additional records*.

The acknowledgement must also meet these tests.

1) It must be written.

2) It must include:

   a) A description (but not necessarily the value) of any property you contributed,

   b) Whether the qualified organization gave you any goods or services as a result of your contribution (other than certain token items and membership benefits), and

   c) A description and good faith estimate of the value of any goods or services described in (b). If the only benefit you received was an intangible religious benefit (such as admission to a religious ceremony) that generally is not sold in a commercial transaction outside the donative context, the acknowledgement must say so and does not need to describe or estimate the value of the benefit.

3) You must get it on or before the earlier of:

   a) The date you file your return for the year you make the contribution, or

   b) The due date, including extensions, for filing the return.

## Deductions Over $500 But Not Over $5,000

If you claim a deduction over $500 but not over $5,000 for a noncash charitable contribution, you must have the acknowledgement and written records described under *Deductions of At Least $250 But Not More Than $500*. Your records must also include:

1) How you got the property, for example, by purchase, gift, bequest, inheritance, or exchange.

2) The approximate date you got the property or, if created, produced, or manufactured by or for you, the approximate date the property was substantially completed.

3) The cost or other basis, and any adjustments to the basis, of property held less than 12 months and, if available, the cost or other basis of property held 12 months or more. This requirement, however, does not apply to publicly traded securities.

If you are not able to provide information on either the date you got the property or the cost basis of the property and you have a reasonable cause for not being able to provide this information, attach a statement of explanation to your return.

## Deductions Over $5,000

If you claim a deduction of over $5,000 for a charitable contribution of one property item or a group of similar property items, you must have the acknowledgement and the written records described under *Deductions Over $500 But Not Over $5,000*. In figuring whether your deduction is over $5,000, combine your claimed deductions for all similar items donated to any charitable organization during the year.

Generally, you must also obtain a qualified written appraisal of the donated property from a qualified appraiser. See *Deductions of More Than $5,000* in Publication 561 for more information.

*Qualified conservation contribution.* If the gift was a "qualified conservation contribution," your records must also include the fair market value of the underlying property before and after the gift and the conservation purpose furthered by the gift. See *Qualified conservation contribution* in Publication 561 for more information.

# How To Report

Report your charitable contributions on Schedule A of Form 1040.

If you made noncash contributions, you may also be required to fill out parts of Form 8283. See *Noncash contributions*, later.

**Reporting expenses for student living with you.** If you claim amounts paid for a student who lives with you, as described earlier under *Expenses Paid for Student Living With You*, you must submit with your return:

1) A copy of your agreement with the organization sponsoring the student placed in your household,

2) A summary of the various items you paid to maintain the student, and

3) A statement that gives:

   a) The date the student became a member of your household,

   b) The dates of his or her full-time attendance at school, and

   c) The name and location of the school.

**Noncash contributions.** If your *total* deduction for all noncash contributions for the year is *over $500*, you must complete Section A of **Form 8283**, and attach it to your Form 1040. However, do not complete Section A for items you must report on Section B. See *Deduction over $5,000 for one item*, next, for the items you must report on Section B.

The Internal Revenue Service can disallow your deduction for noncash charitable contributions if it is more than $500 and you do not submit a required Form 8283 with your return.

*Deduction over $5,000 for one item.* You must complete Section B of Form 8283 for each item or group of items for which you claim a deduction of over $5,000. (However, if you contributed certain publicly traded securities, complete Section A instead.) In figuring whether your deduction is over $5,000, combine the claimed deductions for all similar items donated to any charitable organization during the year. The organization that received the property must complete and sign Part IV of Section B.

**Form 8282.** If an organization, within 2 years after the date of receipt of a contribution of property for which it was required to sign a Form 8283, sells, exchanges, or otherwise disposes of the property, the organization must file an information return with the Internal Revenue Service on Form 8282, *Donee Information Return*, and send you a copy of the form. However, if you have informed the organization that the appraised value of the donated item, or a specific item within a group of similar items, is $500 or less, the organization is not required to make a report on its sale of that item. For this purpose, all shares of nonpublicly traded stock or securities, or items that form a set, are considered to be one item.

# How To Get Tax Help

You can get help with unresolved tax issues, order free publications and forms, ask tax questions, and get more information from the IRS in several ways. By selecting the method that is best for you, you will have quick and easy access to tax help.

**Contacting your Taxpayer Advocate.** If you have attempted to deal with an IRS problem unsuccessfully, you should contact your Taxpayer Advocate.

The Taxpayer Advocate independently represents your interests and concerns within the IRS by protecting your rights and resolving problems that have not been fixed through normal channels. While Taxpayer Advocates cannot change the tax law or make a technical tax decision, they can clear up problems that resulted from previous contacts and ensure that your case is given a complete and impartial review.

To contact your Taxpayer Advocate:

- Call the Taxpayer Advocate toll free at **1–877–777–4778.**

- Call, write, or fax the Taxpayer Advocate office in your area.

- Call **1–800–829–4059** if you are a TTY/TDD user.

- Visit the web site at **www.irs.gov/advocate**.

For more information, see Publication 1546, *The Taxpayer Advocate Service of the IRS.*

**Free tax services.** To find out what services are available, get Publication 910, *Guide to Free Tax Services.* It contains a list of free tax publications and an index of tax topics. It also describes other free tax information services, including tax education and assistance programs and a list of TeleTax topics.

 **Internet.** You can access the IRS web site 24 hours a day, 7 days a week at **www.irs.gov** to:

- *E-file.* Access commercial tax preparation and *e-file* services available for free to eligible taxpayers.

- Check the amount of advance child tax credit payments.

- Check the status of your refund. Click on "Where's My Refund" and then on "Go Get My Refund Status." Be sure to wait at least 6 weeks from the date you filed your return (3 weeks if you filed electronically) and have your tax return available because you will need to know your filing status and the exact whole dollar amount of your refund.

- Download forms, instructions, and publications.

- Order IRS products on-line.

- See answers to frequently asked tax questions.

- Search publications on-line by topic or keyword.

- Figure your withholding allowances using our Form W-4 calculator.

- Send us comments or request help by e-mail.

- Sign up to receive local and national tax news by e-mail.

- Get information on starting and operating a small business.

You can also reach us using File Transfer Protocol at **ftp.irs.gov**.

 **Fax.** You can get over 100 of the most requested forms and instructions 24 hours a day, 7 days a week, by fax. Just call **703–368–9694** from your fax machine. Follow the directions from the prompts. When you order forms, enter the catalog number for the form you need. The items you request will be faxed to you.

For help with transmission problems, call **703–487–4608.**

Long-distance charges may apply.

 **Phone.** Many services are available by phone.

- *Ordering forms, instructions, and publications.* Call **1–800–829–3676** to order current-year forms, instructions, and publications and prior-year forms and instructions. You should receive your order within 10 days.

- *Asking tax questions.* Call the IRS with your tax questions at **1–800–829–1040.**

- *Solving problems.* You can get face-to-face help solving tax problems every business day in IRS Taxpayer Assistance Centers. An employee can explain IRS letters, request adjustments to your account, or help you set up a payment plan. Call your local Taxpayer Assistance Center for an appointment. To find the number, go to **www.irs.gov** or look in the phone book under "United States Government, Internal Revenue Service."

- *TTY/TDD equipment.* If you have access to TTY/TDD equipment, call **1–800–829–4059** to ask tax or account questions or to order forms and publications.

- *TeleTax topics.* Call **1–800–829–4477** to listen to pre-recorded messages covering various tax topics.

- *Refund information.* If you would like to check the status of your refund, call **1–800–829–4477** for automated refund information and follow the recorded instructions or call **1–800–829–1954.** Be sure to wait at least 6 weeks from the date you filed your return (3 weeks if you filed electronically) and have your tax return available because you will need to know your filing status and the exact whole dollar amount of your refund.

***Evaluating the quality of our telephone services.*** To ensure that IRS representatives give accurate, courteous, and professional answers, we use several methods to evaluate the quality

of our telephone services. One method is for a second IRS representative to sometimes listen in on or record telephone calls. Another is to ask some callers to complete a short survey at the end of the call.

 **Walk-in.** Many products and services are available on a walk-in basis.

- *Products.* You can walk in to many post offices, libraries, and IRS offices to pick up certain forms, instructions, and publications. Some IRS offices, libraries, grocery stores, copy centers, city and county government offices, credit unions, and office supply stores have a collection of products available to print from a CD-ROM or photocopy from reproducible proofs. Also, some IRS offices and libraries have the Internal Revenue Code, regulations, Internal Revenue Bulletins, and Cumulative Bulletins available for research purposes.

- *Services.* You can walk in to your local Taxpayer Assistance Center every business day to ask tax questions or get help with a tax problem. An employee can explain IRS letters, request adjustments to your account, or help you set up a payment plan. You can set up an appointment by calling your local Center and, at the prompt, leaving a message requesting Everyday Tax Solutions help. A representative will call you back within 2 business days to schedule an in-person appointment at your convenience. To find the number, go to **www.irs.gov** or look in the phone book under "United States Government, Internal Revenue Service."

 **Mail.** You can send your order for forms, instructions, and publications to the Distribution Center nearest to you and receive a response within 10 workdays after your request is received. Use the address that applies to your part of the country.

- **Western part of U.S.:**
  Western Area Distribution Center
  Rancho Cordova, CA 95743–0001

- **Central part of U.S.:**
  Central Area Distribution Center
  P.O. Box 8903
  Bloomington, IL 61702–8903

- **Eastern part of U.S. and foreign addresses:**
  Eastern Area Distribution Center
  P.O. Box 85074
  Richmond, VA 23261–5074

 **CD-ROM for tax products.** You can order IRS Publication 1796, *Federal Tax Products on CD-ROM,* and obtain:

- Current-year forms, instructions, and publications.

- Prior-year forms and instructions.

- Frequently requested tax forms that may be filled in electronically, printed out for submission, and saved for recordkeeping.

- Internal Revenue Bulletins.

Tab 76    Page 15
Page 15 of 19

Buy the CD-ROM from National Technical Information Service (NTIS) on the Internet at **www.irs.gov/cdorders** for $22 (no handling fee) or call **1−877−233−6767** toll free to buy the CD-ROM for $22 (plus a $5 handling fee). The first release is available in early January and the final release is available in late February.

**CD-ROM for small businesses.** IRS Publication 3207, *Small Business Resource Guide,* is a must for every small business owner or any taxpayer about to start a business. This handy, interactive CD contains all the business tax forms, instructions and publications needed to successfully manage a business. In addition, the CD provides an abundance of other helpful information, such as how to prepare a business plan, finding financing for your business, and much more. The design of the CD makes finding information easy and quick and incorporates file formats and browsers that can be run on virtually any desktop or laptop computer.

It is generally available in April. You can get a free copy by calling **1−800−829−3676** or by visiting the web site at **www.irs.gov/smallbiz.**



**Table 4.    Worksheet for Limit on Deductions**

**Who can use this worksheet.** You can use this worksheet if you made charitable contributions during the year, and one or more of the limits described in this publication under *Limits on Deductions* apply to you. You cannot use this worksheet if you have a carryover of a charitable contribution from an earlier year.

**General instructions:**
- The terms used in this worksheet are explained earlier in this publication.
- If your answer to any line is less than zero, enter zero.
- For contributions of property, enter the property's fair market value unless you elected (or were required) to reduce the fair market value as explained under *Giving Property That Has Increased in Value.* In that case, enter the reduced amount.

**Step 1. List your charitable contributions made during the year.**

| | | |
|---|---|---|
| 1. | Enter your contributions to 50% limit organizations. (Include contributions of capital gain property if you reduced the property's fair market value. Do not include contributions of capital gain property deducted at fair market value.) . . . . . . . . . . . . . . . . . . . . . . . | **1** |
| 2. | Enter your contributions to 50% limit organizations of capital gain property deducted at fair market value | **2** |
| 3. | Enter your contributions (other than of capital gain property) to qualified organizations that are not 50% limit organizations . . . . . . . . . . . . . . . . . . . . . . . . | **3** |
| 4. | Enter your contributions "for the use of" any qualified organization. (But do not enter here any amount that must be entered on line 6.) . . . . . . . . . . . . . . . . . . . . | **4** |
| 5. | Add lines 3 and 4 . . . . . . . . . . . . . . . . . . . . . . . . . . . . | **5** |
| 6. | Enter your contributions of capital gain property to or for the use of any qualified organization. (But do not enter here any amount entered on line 1 or 2.) . . . . . . . . . . . | **6** |

**Step 2. Figure your deduction for the year and your carryover to the next year.**

| | | | Deduct this year | Carryover to next year |
|---|---|---|---|---|
| 7. | Enter your adjusted gross income . . . . . . . . . . . . | **7** | | |
| 8. | Multiply line 7 by 0.5. This is your 50% limit . . . . . . . . . | **8** | | |
| | ***Contributions to 50% limit organizations*** | | | |
| 9. | Enter the smaller of line 1 or line 8 . . . . . . . . | **9** | | |
| 10. | Subtract line 9 from line 1 . . . . . . . . . . | **10** | | |
| 11. | Subtract line 9 from line 8 . . . . . . . . . . | **11** | | |
| | ***Contributions not to 50% limit organizations*** | | | |
| 12. | Add lines 1 and 2 . . . . . . . . . . . . . . . | **12** | | |
| 13. | Multiply line 7 by 0.3. This is your 30% limit . . . . . . . | **13** | | |
| 14. | Subtract line 12 from line 8 . . . . . . . . . | **14** | | |
| 15. | Enter the smallest of line 5, 13, or 14 . . . . . . . | **15** | | |
| 16. | Subtract line 15 from line 5 . . . . . . . . . | **16** | | |
| 17. | Subtract line 15 from line 13 . . . . . . . . | **17** | | |
| | ***Contributions of capital gain property to 50% limit organizations*** | | | |
| 18. | Enter the smallest of line 2, 11, or 13 . . . . . . . | **18** | | |
| 19. | Subtract line 18 from line 2 . . . . . . . . . | **19** | | |
| 20. | Subtract line 15 from line 14 . . . . . . . . | **20** | | |
| 21. | Subtract line 18 from line 13 . . . . . . . . | **21** | | |
| | ***Contributions of capital gain property not to 50% limit organizations*** | | | |
| 22. | Multiply line 7 by 0.2. This is your 20% limit . . . . . . | **22** | | |
| 23. | Enter the smallest of line 6, 17, 20, 21, or 22 . . . . . | **23** | | |
| 24. | Subtract line 23 from line 6 . . . . . . . . . | **24** | | |

**Step 3. Summarize your deductions and carryovers.**

| | | | | |
|---|---|---|---|---|
| 25. | Add lines 9, 15, 18, and 23. Enter the total here and on Schedule A (Form 1040) . . . | **25** | | |
| 26. | Add lines 10, 16, 19, and 24. Enter the total here. Carry it forward to Schedule A next year . . . . . . . . . . . . . . . . . . . . . . . . . . . | **26** | | |

Tab 76    Page 17
Page 17 of 19

## Index

To help us develop a more useful index, please let us know if you have ideas for index entries. See "Comments and Suggestions" in the "Introduction" for the ways you can reach us.

**A**
Acknowledgement . . . . . . . 13
Adoption expenses . . . . . . 6
Appraisal fees . . . . . . . . . . 6
Assistance (*See* Tax help)
Athletic events . . . . . . . . . . 3

**B**
Bar association . . . . . . . . . 6
Bargain sales . . . . . . . . . . 9
Benefits received from
   contribution . . . . . . . . . 3, 6
Blood donated . . . . . . . . . . 6
Boats, fair market value . . . . 7

**C**
Capital gain property . . . . . . 8
Car expenses . . . . . . . . 4, 13
Carryovers . . . . . . . . . . . 12
Cars, fair market value . . . . 7
Cash contributions, records
   to keep . . . . . . . . . . . 12
Charitable contribution,
   defined . . . . . . . . . . . . 1
Charity benefit events . . . . 3
Church deacon . . . . . . . . . 4
Clothing, fair market value
   of . . . . . . . . . . . . . . . . 7
Comments on publication . . . 1
Contributions from which
   you benefit . . . . . . . . . 3, 6
Contributions of property . . 6
Conventions . . . . . . . . . . 4

**D**
Deduction limits . . . . . . . . 9

**F**
Fair market value . . . . . . . 7

**Foreign organizations:**
   Canadian . . . . . . . . . . . 3
   Israeli . . . . . . . . . . . . . 3
   Mexican . . . . . . . . . . . 3
   Other . . . . . . . . . . . . . 6
**Form:**
   8282 . . . . . . . . . . . . . 14
   8283 . . . . . . . . . . . . . 14
Foster parents . . . . . . . . . 4
Free tax services . . . . . . . 15
Future interests in
   property . . . . . . . . . . . 7

**H**
Help (*See* Tax help)
Household goods, fair
   market value of . . . . . . 7
How to report:
   Noncash contributions . . . 14
   Student living with you . . . 14

**I**
Inventory . . . . . . . . . . . . . 7

**L**
Legislation, influencing . . . 6
Limits on deductions . . . . . 9

**M**
Meals . . . . . . . . . . . . . . 6
Membership fees or dues . . . 3
More information (*See* Tax help)

**N**
Noncash contributions:
   How to report . . . . . . . . 14
   Records to keep . . . . . . 13
Nondeductible
   contributions . . . . . . . . 5

Nonqualified
   organizations . . . . . . . . 6

**O**
Ordinary income property . . . 8
Organizations:
   Foreign . . . . . . . . . . . . 6
   Nonqualified . . . . . . . . . 6
   Qualified . . . . . . . . . . . 2
Out-of-pocket expenses . . 4, 9

**P**
Partial interests in
   property . . . . . . . . . . . 7
Penalty, valuation
   overstatement . . . . . . . 9
Property:
   Bargain sales . . . . . . . . 9
   Basis . . . . . . . . . . . . . 8
   Capital gain . . . . . . . . . 8
   Capital gain election . . . . 12
   Contributions of . . . . . . 6
   Decreased in value . . . . . 8
   Fair market value . . . . . . 7
   Future interests . . . . . . . 7
   Increased in value . . . . . 8
   Inventory . . . . . . . . . . 7
   Ordinary income . . . . . . 8
   Partial interests . . . . . . . 7
   Right to use . . . . . . . . . 7
   Subject to debt . . . . . . . 7
   Unrelated use . . . . . . . . 8
Publication 78 . . . . . . . . . 2
Publications (*See* Tax help)

**Q**
Qualified organizations . . . . 2

**R**
Raffle or bingo . . . . . . . . . 6

Records to keep . . . . . . . . 12
Reporting . . . . . . . . . . . . 14
Retirement home . . . . . . . . 6
Right to use property . . . . . 7

**S**
Services, value of . . . . . . . 6
Split-dollar insurance
   arrangements . . . . . . . . 6
Student:
   Exchange program . . . . . 4
   Living with you . . . . . 4, 10
Suggestions for
   publication . . . . . . . . . . 1

**T**
Tax help . . . . . . . . . . . . . 15
Taxpayer Advocate . . . . . . 15
Time, value of . . . . . . . . . 6
Token items . . . . . . . . . . 4
Travel expenses . . . . . . . . 5
TTY/TDD information . . . . . 15
Tuition . . . . . . . . . . . . . . 6

**U**
Underprivileged youths . . . . 4
Uniforms . . . . . . . . . . . . 4
Use of property donated . . . 7

**V**
Volunteers . . . . . . . . . . . 4

**W**
When to deduct . . . . . . . . . 9
■

## Tax Publications for Individual Taxpayers

See *How To Get Tax Help* for a variety of ways to get publications, including by computer, phone, and mail.

### General Guides

| | |
|---|---|
| 1 | Your Rights as a Taxpayer |
| 17 | Your Federal Income Tax (For Individuals) |
| 334 | Tax Guide for Small Business (For Individuals Who Use Schedule C or C-EZ) |
| 509 | Tax Calendars for 2004 |
| 553 | Highlights of 2003 Tax Changes |
| 910 | Guide to Free Tax Services |

### Specialized Publications

| | |
|---|---|
| 3 | Armed Forces' Tax Guide |
| 54 | Tax Guide for U.S. Citizens and Residents Aliens Abroad |
| 225 | Farmer's Tax Guide |
| 378 | Fuel Tax Credits and Refunds |
| 463 | Travel, Entertainment, Gift, and Car Expenses |
| 501 | Exemptions, Standard Deduction, and Filing Information |
| 502 | Medical and Dental Expenses (Including the Health Coverage Tax Credit) |
| 503 | Child and Dependent Care Expenses |
| 504 | Divorced or Separated Individuals |
| 505 | Tax Withholding and Estimated Tax |
| 514 | Foreign Tax Credit for Individuals |
| 516 | U.S. Government Civilian Employees Stationed Abroad |
| 517 | Social Security and Other Information for Members of the Clergy and Religious Workers |
| 519 | U.S. Tax Guide for Aliens |
| 521 | Moving Expenses |
| 523 | Selling Your Home |
| 524 | Credit for the Elderly or the Disabled |
| 525 | Taxable and Nontaxable Income |
| 526 | Charitable Contributions |
| 527 | Residential Rental Property |
| 529 | Miscellaneous Deductions |
| 530 | Tax Information for First-Time Homeowners |

| | |
|---|---|
| 531 | Reporting Tip Income |
| 533 | Self-Employment Tax |
| 536 | Net Operating Losses (NOLs) for Individuals, Estates, and Trusts |
| 537 | Installment Sales |
| 541 | Partnerships |
| 544 | Sales and Other Dispositions of Assets |
| 547 | Casualties, Disasters, and Thefts |
| 550 | Investment Income and Expenses |
| 551 | Basis of Assets |
| 552 | Recordkeeping for Individuals |
| 554 | Older Americans' Tax Guide |
| 555 | Community Property |
| 556 | Examination of Returns, Appeal Rights, and Claims for Refund |
| 559 | Survivors, Executors, and Administrators |
| 561 | Determining the Value of Donated Property |
| 564 | Mutual Fund Distributions |
| 570 | Tax Guide for Individuals With Income From U.S. Possessions |
| 571 | Tax-Sheltered Annuity Plans (403(b) Plans) |
| 575 | Pension and Annuity Income |
| 584 | Casualty, Disaster, and Theft Loss Workbook (Personal-Use Property) |
| 587 | Business Use of Your Home (Including Use by Daycare Providers) |
| 590 | Individual Retirement Arrangements (IRAs) |
| 593 | Tax Highlights for U.S. Citizens and Residents Going Abroad |
| 594 | What You Should Know About the IRS Collection Process |
| 595 | Tax Highlights for Commercial Fishermen |
| 596 | Earned Income Credit (EIC) |
| 721 | Tax Guide to U.S. Civil Service Retirement Benefits |
| 901 | U.S. Tax Treaties |

| | |
|---|---|
| 907 | Tax Highlights for Persons with Disabilities |
| 908 | Bankruptcy Tax Guide |
| 911 | Direct Sellers |
| 915 | Social Security and Equivalent Railroad Retirement Benefits |
| 919 | How Do I Adjust My Tax Withholding? |
| 925 | Passive Activity and At-Risk Rules |
| 926 | Household Employer's Tax Guide |
| 929 | Tax Rules for Children and Dependents |
| 936 | Home Mortgage Interest Deduction |
| 946 | How To Depreciate Property |
| 947 | Practice Before the IRS and Power of Attorney |
| 950 | Introduction to Estate and Gift Taxes |
| 967 | The IRS Will Figure Your Tax |
| 968 | Tax Benefits for Adoption |
| 969 | Medical Savings Accounts (MSAs) |
| 970 | Tax Benefits for Education |
| 971 | Innocent Spouse Relief |
| 972 | Child Tax Credit |
| 1542 | Per Diem Rates |
| 1544 | Reporting Cash Payments of Over $10,000 (Received in a Trade or Business) |
| 1546 | The Taxpayer Advocate Service of the IRS |

### Spanish Language Publications

| | |
|---|---|
| 1SP | Derechos del Contribuyente |
| 579SP | Cómo Preparar la Declaración de Impuesto Federal |
| 594SP | Comprendiendo el Proceso de Cobro |
| 596SP | Crédito por Ingreso del Trabajo |
| 850 | English-Spanish Glossary of Words and Phrases Used in Publications Issued by the Internal Revenue Service |
| 1544SP | Informe de Pagos en Efectivo en Exceso de $10,000 (Recibidos en una Ocupación o Negocio) |

## Commonly Used Tax Forms

See *How To Get Tax Help* for a variety of ways to get forms, including by computer, fax, phone, and mail. For fax orders only, use the catalog number when ordering.

| Form Number and Title | | Catalog Number |
|---|---|---|
| 1040 | U.S. Individual Income Tax Return | 11320 |
| Sch A&B | Itemized Deductions & Interest and Ordinary Dividends | 11330 |
| Sch C | Profit or Loss From Business | 11334 |
| Sch C-EZ | Net Profit From Business | 14374 |
| Sch D | Capital Gains and Losses | 11338 |
| Sch D-1 | Continuation Sheet for Schedule D | 10424 |
| Sch E | Supplemental Income and Loss | 11344 |
| Sch EIC | Earned Income Credit | 13339 |
| Sch F | Profit or Loss From Farming | 11346 |
| Sch H | Household Employment Taxes | 12187 |
| Sch J | Farm Income Averaging | 25513 |
| Sch R | Credit for the Elderly or the Disabled | 11359 |
| Sch SE | Self-Employment Tax | 11358 |
| 1040A | U.S. Individual Income Tax Return | 11327 |
| Sch 1 | Interest and Ordinary Dividends for Form 1040A Filers | 12075 |
| Sch 2 | Child and Dependent Care Expenses for Form 1040A Filers | 10749 |
| Sch 3 | Credit for the Elderly or the Disabled for Form 1040A Filers | 12064 |
| 1040EZ | Income Tax Return for Single and Joint Filers With No Dependents | 11329 |
| 1040-ES | Estimated Tax for Individuals | 11340 |
| 1040X | Amended U.S. Individual Income Tax Return | 11360 |

| Form Number and Title | | Catalog Number |
|---|---|---|
| 2106 | Employee Business Expenses | 11700 |
| 2106-EZ | Unreimbursed Employee Business Expenses | 20604 |
| 2210 | Underpayment of Estimated Tax by Individuals, Estates, and Trusts | 11744 |
| 2441 | Child and Dependent Care Expenses | 11862 |
| 2848 | Power of Attorney and Declaration of Representative | 11980 |
| 3903 | Moving Expenses | 12490 |
| 4562 | Depreciation and Amortization | 12906 |
| 4868 | Application for Automatic Extension of Time To File U.S. Individual Income Tax Return | 13141 |
| 4952 | Investment Interest Expense Deduction | 13177 |
| 5329 | Additional Taxes on Qualified Plans (Including IRAs) and Other Tax-Favored Accounts | 13329 |
| 6251 | Alternative Minimum Tax—Individuals | 13600 |
| 8283 | Noncash Charitable Contributions | 62299 |
| 8582 | Passive Activity Loss Limitations | 63704 |
| 8606 | Nondeductible IRAs | 63966 |
| 8812 | Additional Child Tax Credit | 10644 |
| 8822 | Change of Address | 12081 |
| 8829 | Expenses for Business Use of Your Home | 13232 |
| 8863 | Education Credits | 25379 |
| 9465 | Installment Agreement Request | 14842 |

Tab 76  Page 19
Page 19 of 19



SECRET//NOFORN/ORCON/FISA

# UNITED STATES DEPARTMENT OF JUSTICE
# FEDERAL BUREAU OF INVESTIGATION



*450 Golden Gate Avenue*
*San Francisco, California 94102*

File Number:                          415I-PD-47644

Requesting Official(s) and Office(s):     S. A. Kim, Price          Portland ████████

Task Number(s) and Date Completed:   ████████████        20 July 2011

Name and Office of Linguist(s):      ████████████      ████████████ .

Name and Office of Reviewer(s):

Source Language(s):                     ████████████

████████Language:                      ████████

Source File Information
   Name of Audio File or CD: S20061023160513_5033805646_1389.WAV
   *If Applicable*—Call Number: N/A
              —Date, Time, Duration: 10/23/2006, 16:05:13, 8:26
              —Line████████Numbers: 503-380-5646
              —Direction: Incoming

VERBATIM TRANSLATION



SECRET//NOFORN/ORCON/FISA

Tab 77
Page 1 of 11

CF375198

SECRET//NOFORN/ORCON/FISA

Case No. 415I-PD-47644
Portland Office Job No.

Participants:
Mehrdad, YASREBI:          Yasrebi
Abolghasem, SHARAFI:       Sharafi


Abbreviations:

UI:     Unintelligible
Italic: English
OV:     Overlapping conversation
[ ]:    Translator's Notes
NFI:    No Further Information


[TN: In Iran, using titles, even during informal conversations is very common. Here-below is the transliteration of titles and some Farsi words that are used in this translation:

Agha =      Mr., Sir; Gentleman etc…
Khanoom=    Miss; Mrs.; Lady, etc…
Ja'an=      Dear.]



SECRET//NOFORN/ORCON/FISA

1

Tab 77
Page 2 of 11

CF375199

SECRET//NOFORN/ORCON/FISA

Case No. 415I-PD-47644
Portland Office Job No.

[Phone ringing.]

Yasrebi: Hello?

Sharafi: Greetings, Sir... This is Sharafi.

[Yasrebi and Sharafi simultaneously exchange pleasantries].

Sharafi: I hope I'm not taking your time.

Yasrebi: No... Please go ahead.

Sharafi: You wanted me to call you … that's why …

Yasrebi: Yeah.

Sharafi: … I called.

Yasrebi: Mr. Sharafi, look... As you know, our section [office] in Canada is eliminated [closed].

Sharafi: What did you say Sir?

Yasrebi: Our section in Canada.

Sharafi: Section in Canada... yes...yes...yes.

Yasrebi: The Canadian section is discontinued and the *Switzerland* will be discontinued soon.

Sharafi: Yes.

Yasrebi: Then... with regards to Canada... although it's discontinued... but I'll continue... because we worked too hard for it and I can't just discontinue it.

Sharafi: Yes. I know.

Yasrebi: Yeah... Then Roya Khanoom, it's almost a month that she is doing it... from her home...



SECRET//NOFORN/ORCON/FISA

Tab 77

Page 3 of 11

CF375200

SECRET//NOFORN/ORCON/FISA

Case No. 415I-PD-47644
Portland Office Job No.

Sharafi: Yes.

Yasrebi: ... and or... for instance, she comes on the *weekends*... or she does it from home...

Sharafi: Yes...yes.

Yasrebi: ... she is continuing the work...

[Someone clears his throat.]

Yasrebi: ... then... I wanted to see if you like... I'm looking for someone to give this [job] to.

Sharafi: Yes.

Yasrebi: Because... for a short amount of time... for instance... a few hours a week...

Sharafi: Yes.

Yasrebi: ...we have to continue... If you like... Huh... then... with regards to your salary ... it's Canada... It won't be paid from our office [in Portland]... You will be paid directly from Canada.

Sharafi: Yes...yes.

Yasrebi: So to speak... the *paycheck* will come from *Child Foundation* in Canada.

Sharafi: Yes.

Yasrebi: Now... I thought... if you like... you could continue to do this... so that...

Sharafi: I...

Yasrebi: ...But, its *requirement* is that you must receive extensive *training*... you must... for instance... do *credit card* and everything.

Sharafi: Hum...



SECRET//NOFORN/ORCON/FISA

Tab 77
Page 4 of 11

CF375201

SECRET//NOFORN/ORCON/FISA

Case No. 415I-PD-47644
Portland Office Job No.

Yasrebi: If you like... for instance... during the few months that Roya Khanoom is here... I'll ask her to give you *training*.

Sharafi:  Yes.

Yasrebi:  Then... you also can do it from home ... a few hours... a *weekend*....or however that you prefer... continue this work... then... from Canada, that has nothing to do with here.

Sharafi: Yes... Eh... By God, I don't know... Now... whatever that you think is advisable... but then... that's another issue... and what I wanted to talk about is another issue [chuckles].  [UI]

Yasrebi: Look... giving you a raise... separate from the others... is a little more difficult for me, because at this time, my relations with Dave is not favorable...

Sharafi: Yes, I know... I didn't mention anything to him.

Yasrebi: in fact, we didn't give a raise to anybody... We put a limit of 3% for everybody [UI]...

Sharafi:  Yes.

Yasrebi: Now... if we give you a raise... now... [OV]

Sharafi: [OV]... now, I...

Yasrebi: Please go ahead.

Sharafi: Now... I, from any point of view... I will not hesitate to help for whatever ... Now... if later you found a way to do me the favor... fine, if not, that's not a problem... But then... I also will help regarding to Canada... That's not a problem.

Yasrebi: That's why I'm saying... If you like to do the work that pertains to Canada, I think it... most probably... will be more than the small amount that you mentioned... But then...

Sharafi:  Yes.

Yasrebi: ... of course, you must spend a little more time.



SECRET//NOFORN/ORCON/FISA

CF375202

SECRET//NOFORN/ORCON/FISA

Case No. 415I-PD-47644
Portland Office Job No.

Sharafi: Yes… Yes…. Then… It's not a problem at all… okay.

Yasrebi: Would you like to do this work?

Sharafi: Yes… why not? As a matter of fact, I'm willing to do whatever that is necessary for Bonyad… Actually, so to speak… we're the lower stone in the mill… people come and go… we must…[Chuckles]… in fact…

Yasrebi: Yeah… that's it… [OV].

Sharafi:  [OV]…. I mean…

Yasrebi: They… as a matter of fact… they don't have the thing… any *commitment* to us, Mr. Sharafi.

Sharafi: Yes… I'm at your service, Mr. Yasrebi… Whatever that you deem advisable…

Yasrebi: Then… Mr. Sharafi, do you have a *computer* at home?

Sharafi: Yes… we also have [UI]… yes… [OV].

Yasrebi: Very well.

Sharafi:  If…

Yasrebi: Now… I will [ask] Roya… of course; look… this should remain between us… In fact, don't mention it to Dave at all.

Sharafi: No… no.

Yasrebi: Not at all.

Sharafi: No, I know… Mrs. [NFI] told me.

Yasrebi: Yeah.

Sharafi:  Of course don't say that I told you, but…

SECRET//NOFORN/ORCON/FISA

Tab 77
Page 6 of 11

CF375203

SECRET//NOFORN/ORCON/FISA

Case No. 415I-PD-47644
Portland Office Job No.

Yasrebi: Yeah.

Sharafi: I has a customer  and in order to find an application and things like that, I asked what to do, because I don't have access, he/she told me give it to me and I'll do it... but don't tell anybody  that I did it... Yes.

Yasrebi: Very well... Look... Then, you could... directly, tell Roya Khanoom... privately...

Sharafi: Definitely... definitely.

Yasrebi: ... tell her that you'll *take over* ... when she isn't there...

Sharafi:  Yes.

Yasrebi: ... so that...you could do the thing... for instance several hours... of course, outside of the office...

Sharafi: Yes.

Yasrebi: ... should be...

Sharafi: Yes.

Yasrebi: ... or for instance... a *weekend* that Dave isn't there...

Sharafi:  No... I... precisely ... that's...

Yasrebi: [UI]

Sharafi: ... I either won't go there ... or will go there in the afternoons [evenings], when they're gone... Yes.

Yasrebi: Again... Mr. Sharafi...

Sharafi: Yes, my dear?



SECRET//NOFORN/ORCON/FISA

CF375204

SECRET//NOFORN/ORCON/FISA

Case No. 415I-PD-47644
Portland Office Job No.

Yasrebi: ...You must get extensive *training*, because...

Sharafi:  Yes.

Yasrebi: ... When Roya Khanoom is gone, there's no one else who could help you.

Sharafi: Yes...yes.

Yasrebi: ...Because regarding this *credit card* and things like that; you can't make any mistake at all...

Sharafi: Yes....People are the thing...

Yasrebi: Yeah... you have to learn this *credit card*... then you have to learn *Data entry*...

Sharafi:  Yes.

Yasrebi: ... that I think is actually good opportunity... In my opinion, you should learn all these things...

Sharafi: Yes.

Yasrebi: ... accurately.

Sharafi: Yes.

Yasrebi: ... Then, if you do this...  Mr. Sharafi, in fact I was planning to cut off the *sponsorship* from Canada all together ... this way...

Sharafi:  Yes.

Yasrebi: ... if you learn... we will continue as before.

Sharafi: Yes...yes. Well why not... actually It's such a waste [to cut off]... Then in Canada... there are many who are interested... in fact ... they're *applying*... we even had several phone inquiries...



SECRET//NOFORN/ORCON/FISA

7
Tab 77
Page 8 of 11

CF375205

SECRET//NOFORN/ORCON/FISA

Case No. 415I-PD-47644
Portland Office Job No.

Yasrebi: Yeah... if this is the case... for instance, keep the *applications* from Canada as well... and then... enter them yourself.

Sharafi: Yes... yes.

Yasrebi: ... so that [UI] didn't enter.

Sharafi:  Yes... Okay... definitely... I'll do... But, you should be kind enough and ask Iran to *update* the files... For instance, I always have shortage of children [Chuckles]... For instance...at this time... someone wants a child from Isfahan... He/she said... a little tiny girl from Isfahan... I've been searching since this morning... finally I *e-mailed* Iran to see whether they have... or not... as a matter of fact... [Chuckles]... [OV]... I don't want to bother...

Yasrebi: ... [OV]... yeah... this work...from U. S. [OV]

Sharafi: Okay... Thank you very much.

Yasrebi: Then... Mr. Sharafi, is this acceptable to you [OV]...

Sharafi: [OV]... [UI].

Yasrebi: I mean... you don't have to... Mr. Sharafi. Not at all.

Sharafi:  Yes.

Yasrebi: I wanted to... I thought... perhaps by considering of what you've mentioned, it could be of a little help.

Sharafi: Yes.

Yasrebi: Do it, if you want to; otherwise... not at all... I take God as my witness... in no way... not at all... don't force yourself... if you don't want...

Sharafi: Well... no... please... Well... Whom were you going to give this to? I... [OV]

Yasrebi:  Actually... this one... eliminate it... well... by eliminating it, I mean... I would be changing it.



SECRET//NOFORN/ORCON/FISA

Tab 77
Page 9 of 11

CF375206

SECRET//NOFORN/ORCON/FISA

Case No. 415I-PD-47644
Portland Office Job No.


Sharafi:  [UI]

Yasrebi: Actually, don't worry about it... If you like... if you want to do this... do it... I'm telling you... I don't think ... for instance... it would take two to three hours *maximum* per week...

Sharafi: [UI]

Yasrebi: Now... if you do this... I... for instance... I'll continue it a little more... and will increase it [hours] ... but this is the goal...

Sharafi: Of course, well.... God Willing, it will be increased...  Actually, it's the ...*credit cards* ... it's... the *applications*... even these American... Canadian sponsors they call... have a request... they have problems...

Yasrebi: Yes.

Sharafi: ... they want reports... all of these is exactly like the U. S.

Yasrebi: Yeah.

Sharafi: ... and these works ...should... somehow be *taken care* of indirectly, I mean... [OV]

Yasrebi: [OV] During the...

Sharafi: ...answers should be provided to them

Yasrebi: ... during working hours [OV]...

Sharafi:  [Interrupts] No... for example... if someone calls me during the day, I can't tell them, I'll return your call at night. In fact...

Yasrebi: This..., in a very near future, I'll disconnecting the phones in Canada... I mean within the next day or two...

Sharafi: Yes.



SECRET//NOFORN/ORCON/FISA

Tab 77
Page 10 of 11

CF375207

SECRET//NOFORN/ORCON/FISA

Case No. 415I-PD-47644
Portland Office Job No.

Yasrebi: … I'll disconnect them…

Sharafi: Aha.

Yasrebi: … and then… we'll listen to the calls on the *answering machine*.

Sharafi: Ah…aha.

Yasrebi: During the day… no way… You know, Mr. Sharafi, this Dave … It's not right at all… Per the laws here…

Sharafi: Okay… what…

Yasrebi: [UI]

Sharafi: Whatever that you think is justified, God Willing, I will act accordingly.

Yasrebi: Okay… Then …Mr. Sharafi, I'm asking you again… Do you really want to do this, or do you feel obligated?... Let's talk plainly…

Sharafi:  No…. then let me have a detailed talk with Roya Khanoom,… to see … what she actually does, what's the volume of the work… so that later, problem… we won't face problems later… So that I can give you my final answer…It's better this way.

Yasrebi: Okay… This should remain between you and Roya Khanoom… I mean even Susan Khanoom shouldn't find out about it.

Sharafi: Okay… okay.

Yasrebi: Thank you very much.

Sharafi: You're welcome. Good-bye.

Yasrebi: Good-bye.

[End of recording.]

SECRET//NOFORN/ORCON/FISA

Tab 77
Page 11 of 11

CF375208