

**DEPARTMENT OF THE TREASURY**
WASHINGTON, D.C. 20220

**LICENSE No. IA-11134a**

**Iranian Transactions Regulations**

**LICENSE**

(Granted under the authority of 50 U.S.C. §§ 1701-06, 50 U.S.C. §§ 1601 *et seq.*, 22 U.S.C. § 2349aa-9, Executive Orders 12957, 12959, and 13059, and 31 C.F.R. Parts 501 and 560.)

**To:**    **Omid Foundation USA (the "Licensee")**
**c/o Kirkland & Ellis LLP**
**655 Fifteenth St. NW**
**Washington, DC 20005**
**Attn: Daniel J. Gerkin, Esq.**

1. Based upon your letters of September 26, 2008 and December 4, 2009, to the Office of Foreign Assets Control, on behalf of your client, Omid Foundation USA (the "Application"), License No. IA-11134 is hereby amended and the transactions and activities delineated herein are hereby authorized.

2. This License is granted upon the statements and representations made in the Application or otherwise filed with or made to the Treasury Department as a supplement to the Application, or is based on information otherwise available to the Treasury Department, and is subject to the condition, among others, that the Licensee will comply in all respects with all regulations, rulings, orders, and instructions issued by the Secretary of the Treasury under the authority of Section 505 of the International Security and Development Cooperation Act of 1985, Section 203 of the International Emergency Economic Powers Act (50 U.S.C. § 1702), the National Emergencies Act (50 U.S.C. §§ 1601 *et seq.*), and the terms of this License.

3. The Licensee shall furnish and make available for inspection any relevant information, records, or reports requested by the Secretary of the Treasury or any other duly authorized officer or agency.

4. This License **expires upon the completion of the authorized transactions, or on January 31, 2012,** whichever comes first, and is not transferable. This License is subject to the provisions of Executive Orders 12957, 12959, and 13059, and any regulations and rulings issued pursuant thereto. It may be revoked or modified at any time at the discretion of the Secretary of the Treasury. If this License was issued as a result of willful misrepresentation on the part of the applicant, it may, at the discretion of the Secretary of the Treasury, be declared void from the date of its issuance or from any other date.

5. This License does not excuse compliance with any law or regulation administered by the Office of Foreign Assets Control or another agency (including reporting requirements) applicable to the transactions herein licensed, nor does it release the Licensee or third parties from civil or criminal liability for violation of any law or regulation.

Issued on behalf of the Secretary of the Treasury:

**OFFICE OF FOREIGN ASSETS CONTROL**

By _Clara David_                                      1/28/10
**Clara Y. David**                                           **Date**
**Acting Assistant Director for Licensing**

Attention is directed to, *inter alia*, 18 U.S.C. § 1001, 50 U.S.C. § 1705, and 31 C.F.R. § 560.701 for provisions relating to penalties.

Tab 45
Page 1 of 5

**LICENSE No. IA- 11134a**                                           **Page 2 of 3**

**SECTION 1 - AUTHORIZATION:** To the extent authorization is required and subject to the conditions and limitations stated herein, Omid Foundation USA (the "Licensee") is hereby authorized to engage in transactions necessary to transfer up to $500,000 annually to Omid Foundation UK for ultimate use solely by Omid-e-Mehr Foundation, an Iranian charity, in order to support Omid-e-Mehr Foundation's mission to fund programs and establish counseling and training centers to assist disadvantaged young Iranian and Afghani women in Iran, as described in the Application.

**SECTION 2 - CONDITIONS:** (a) This License does not authorize the exportation or reexportation to Iran of any goods, technology or software, including any goods, technology or software controlled by the United States Department of Commerce under the Export Administration Regulations (15 C.F.R. Parts 730 *et seq.*), or by the United States Department of State under the International Traffic in Arms Regulations (22 C.F.R. Parts 120 *et seq.*), without separate authorization from the Office of Foreign Assets Control.

(b) Any transfer of funds through the U.S. financial system pursuant to the authorization set forth in **SECTION 1(a)** hereof must be effected in a manner consistent with 31 C.F.R. § 560.516 and may not involve the debiting or crediting of an "Iranian account," as such term is defined in 31 C.F.R. § 560.320.

**SECTION 3 - WARNINGS:** (a) Except as expressly authorized in **SECTION 1** hereof, nothing in this License authorizes transactions prohibited by the Iranian Transactions Regulations, 31 C.F.R. Part 560 (the "ITR"), by Executive Orders 12957, 12959, or 13059, or by any other laws or regulations administered by the Office of Foreign Assets Control.

(b) This License does not authorize the direct or indirect transfer of funds or services to or from the Government of Iran, officials or agents of the Government of Iran, or any individual, entity, person or group whose property or interests in property are blocked pursuant to any Executive Order or statute, or 31 C.F.R. chapter V.

(c) The authorization set forth in this License applies only to laws and regulations administered by the Office of Foreign Assets Control, and should not be interpreted to excuse the Licensee from compliance with other laws, regulations, orders or rulings to which it may be subject.

(d) U.S. persons are generally prohibited from engaging in any transactions directly or indirectly involving Bank Saderat, Bank Sepah, Bank Mellat, Bank Melli, Future Bank B.S.C., or the Export Development Bank of Iran, including transactions that might otherwise be permitted under the ITR. Prohibited transactions include transactions ordinarily incident to the transactions authorized herein.

(e) This License does not authorize any transactions that occurred prior to the date of its issuance.

(f) Any transfer of funds through the U.S. financial system pursuant to the authorization set forth in **SECTION 1** hereof should reference the number of this License to avoid rejection of the transfer.

(g) This License does not authorize the Licensee to raise money or solicit contributions in Iran or to provide funding for any operations in Iran except as authorized by **SECTION 1** above.

**SECTION 4 - RECORDKEEPING AND REPORTING REQUIREMENTS:** (a) The Licensee is subject to the recordkeeping and reporting requirements of, *inter alia*, 31 C.F.R. §§ 501.601 and 501.602, including the requirement to maintain records concerning the transactions undertaken pursuant to this License for a period of five years. Such records shall clearly demonstrate the applicability of the authorization set forth in **SECTION 1** hereof.

Tab 45
Page 2 of 5

LICENSE No. IA- 11134a                                                                        Page 3 of 3

**(b)** The Licensee is required to submit a full report on all activities and funding undertaken pursuant to this License as part of any renewal application. The report shall be sent to ofacreport@do.treas.gov and shall reference License No. IA-11134a.

**SECTION 5 - PRECEDENTIAL EFFECT:** The authorization contained in this License is limited to the transactions specified in the Application.
*******************************************************************************

Tab 45
Page 3 of 5



## DEPARTMENT OF THE TREASURY
### WASHINGTON, D.C. 20220

License No. IA-8437

### IRANIAN TRANSACTIONS REGULATIONS

### LICENSE

(Granted under the authority of 50 U.S.C. §§ 1701-06, 22 U.S.C. § 2349aa-9, Executive Orders 12957, 12959 and 13059, and 31 C.F.R. Parts 501 and 560.)

To: Iranian Children's Rights Society, Inc.
9341 Via Portola
Laguna Niguel, CA 92677

Via: Baker & McKenzie LLP
101 West Broadway, Twelfth Floor
San Diego, CA 92101-3890
Attn: Ali M.M. Mojdehi

1. Based on the letters dated April 18, 2006, from the Law Offices of Baker & McKenzie LLP, submitted on behalf of Iranian Children's Rights Society, Inc., (the "Application"), to the Office of Foreign Assets Control ("OFAC"), and information otherwise available to the Office of Foreign Assets Control, the transactions and activities delineated on the reverse hereof are hereby authorized.

2. This License is granted upon the statements and representations made in the Application, otherwise filed with or made to the Treasury Department as a supplement to the Application, or based on information available to the Treasury Department, and is subject to the condition, among others, that the Licensee(s) comply in all respects with all regulations, rulings, orders, and instructions issued by the Secretary of the Treasury under the authority of Section 505 of the International Security and Development Cooperation Act of 1985, Section 203 of the International Emergency Economic Powers Act (50 U.S.C. § 1702), the National Emergencies Act (50 U.S.C. §§ 1601 et seq.), and the terms of this License.

3. The Licensee(s) shall furnish and make available for inspection any relevant information, records, or reports requested by the Secretary of the Treasury, or any other duly authorized officer or agency.

4. This License expires February 29, 2008, is not transferable, and is subject to the provisions of Executive Orders 12957, 12959 and 13059, and any regulations and rulings issued pursuant thereto. This License may be revoked or modified at any time at the discretion of the Secretary of the Treasury. If this License was issued as a result of willful misrepresentation on the part of the applicant or his duly authorized agent, it may, at the discretion of the Secretary of the Treasury, be declared void from the date of its issuance or from any other date.

5. This License does not excuse compliance with any law or regulation administered by the Office of Foreign Assets Control or another agency (including reporting requirements) applicable to the transaction(s) herein licensed, nor does it release Licensee(s) or third parties from civil or criminal liability for violation of any law or regulation.

Issued by direction and on behalf of the Secretary of the Treasury:

### OFFICE OF FOREIGN ASSETS CONTROL

By _____ 2/23/07

Virginia R. Canter
Acting Associate Director
Program Policy and Implementation

Attention is directed to 18 U.S.C. § 1001, 50 U.S.C. § 1705, and 31 C.F.R. § 560.701 for provisions relating to penalties.

Tab 45
Page 4 of 5

License No. IA-8437

Page 2 of 2

**SECTION I - AUTHORIZATION: (a)** Subject to the conditions and limitations stated herein, and with reference to the Application, dated April 18, 2006, Iranian Children's Rights Society, Inc., (the "Licensee"), is hereby authorized to provide services to the Society to Protect the Rights of Children ("SPRC"), Tehran, Iran, by transferring up to one hundred fifty thousand dollars ($150,000) to SPRC in connection with its ongoing projects, outlined in the Application, and benefiting children and women in South Khorasan, Bam (Kerman), Ahwaz (Khuzestan), and Tehran.

**(b)** The transfer of funds authorized by this license must be effected in a manner consistent with 31 C.F.R. § 560.516 and may not involve the debiting or crediting of an account of a person located in Iran or of the Government of Iran maintained on the books of a U.S. depository institution[1]. Any transfers of funds through the U.S. financial system pursuant to the authorization set forth above should reference the number of this license to avoid the rejection of the transfer.

**(c)** This license does not authorize the exportation from the United States or the exportation or the reexportation from a third country to Iran of any goods or technology, the provision of transportation services to or from Iran, or any export, reexport or supply transactions which require the transshipment or transit of goods or technology through Iran to third countries. A separate license from OFAC is required to engage in the transactions described in this SECTION 1(c).

**SECTION II - WARNING: (a)** Except as expressly authorized above, nothing in this license authorizes transactions prohibited by the Iranian Transactions Regulations, 31 C.F.R. Part 560, by Executive Orders 12957, 12959 and 13059, or by any other laws and regulations administered by the Office of Foreign Assets Control.

**(b)** This license does not authorize any transactions by the Licensee that occurred prior to the effective date of this license.

**SECTION III – RECORDKEEPING REQUIREMENT:** As a further condition of this license and in accordance with 31 C.F.R. Part 501, the Licensee is required to keep full and accurate records of all transactions engaged in pursuant to the authorization contained in this license. Such records shall be made available for examination upon demand for at least five years from the date of each transaction. Such records shall clearly demonstrate the applicability of the authorization set forth in Section I hereof.

**SECTION IV – PRECEDENTIAL EFFECT:** The authorization contained in this license is limited to the facts and circumstances specific to the application.
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

---

[1] On September 8, 2006, the Office of Foreign Assets Control issued regulations amending the Iranian Transactions Regulations, 31 C.F.R. part 560, to revoke the authorizations contained in § 560.516 with respect to Bank Saderat and to except Bank Saderat from the scope of § 560.405 and §560.532(b). These amendments effectively prohibit all transactions directly or indirectly involving Bank Saderat. (*See* 71 FR 53569, September 12, 2006.) In addition, please be advised that on January 9, 2007, Bank Sepah was designated under Executive Order 13382 of June 28, 2005 (70 FR 38567, July 1, 2005), "Blocking Property of Weapons of Mass Destruction Proliferators and Their Supporters." This designation blocks all property and interests in property of Bank Sepah and prohibits U.S. persons from engaging in any transaction or dealing with it.